UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AVX CORPORATION and )
AVX LIMITED, )
　　　　　　　　　　　　　　　　　)
　　Plaintiffs, )
　　　　　　　　　　　　　　　　　)
　　v. )　　C.A. No. 04-10467-RWZ
　　　　　　　　　　　　　　　　　)
CABOT CORPORATION, )
　　　　　　　　　　　　　　　　　)
　　Defendant. )

## OPPOSITION TO MOTION TO DISMISS

### INTRODUCTION

Ignoring the explicit language of a stipulation of dismissal without prejudice, the provisions of Fed. R. Civ. P. 41, and governing United States Supreme Court precedent, Cabot asks this Court to dismiss on *res judicata* grounds a Complaint based on the Sherman and Clayton Acts. This motion should be denied. Not only is it in direct derogation of a stipulation Cabot signed and filed with this Court, but it fails to recognize that two of the three requirements for the application of *res judicata* are not present. Further, even if the doctrine could theoretically apply, this Court has both the power and the obligation to set it aside and allow this action to proceed.

### FACTUAL BACKGROUND

This dispute was initially crystallized in a Complaint filed in United States District Court in 2002. Schwab Affidavit ¶ 2. It included a count under the Robinson-

Patman Act; the balance of the claims were state law claims. This Court dismissed the federal claim and one other state law claim (tortious interference), ***but the balance of the case continued***. The rest of the case was later dismissed by stipulation ***without prejudice***. Schwab Affidavit ¶ 6.

For reasons known only to it, Cabot then filed a declaratory judgment action in Massachusetts Superior Court. Schwab Affidavit ¶ 7. AVX, the nominal defendant, asserted its state law claims as counterclaims, and discovery proceeded. That case is still pending.

During the course of discovery, AVX determined that it had a reasonable basis to assert claims under the Sherman Act and Clayton Act, 15 U.S.C. §§ 1, 14. Given that the issues were already joined in state court, AVX asserted those claims in a motion to amend its Complaint. Schwab Affidavit ¶ 8. Cabot opposed that motion on jurisdictional grounds, asserting that such claims could only be asserted in federal court, and the Superior Court judge agreed. Schwab Affidavit ¶ 9.

Thus, at the insistence of Cabot, AVX filed this action in this Court. Cabot now seeks to dismiss on the theory of *res judicata*.

## ARGUMENT

### A.  Cabot' Motion Is Inconsistent with The Stipulation of Dismissal "Without Prejudice"

Cabot's motion ignores the specific terms of the stipulation of dismissal. The parties stipulated that the case was dismissed "without prejudice." Under Rule 41, the parties were free to do so, and that language must be given effect. Indeed, in much more dramatic circumstances, the Courts have given effect to such language.

2

> Defendant's plea that the claim for patent infringement is barred under Rule 41(a) (1) is without merit. The facts briefly are these: The patent here in suit has thrice before been the subject matter of a bill of complaint in this court. In the first of these, the plaintiff was American Radiator Company and the defendant was a corporation bearing a name similar to that of the present defendant. The action was dismissed on consent on March 13, 1936. Clearly, that dismissal has no relationship to the present action within the scope of Rule 41(a). On March 17, 1936, another action was commenced by American Radiator Company as plaintiff against the present defendant. That action was dismissed pursuant to a settlement agreement between the parties thereto and the present plaintiff, dated June 18, 1937. On September 23, 1938, American Radiator Company instituted a third suit against the defendant herein. That action was discontinued on April 16, 1940, by a stipulation between the parties to the effect that such discontinuance should be "without prejudice to the bringing of another action based on any of the claims and matters included in the above entitled action".
>
> **Assuming that the present plaintiff was the real party in interest in the American Radiator Company suits and that the previous dismissals were operative against him, the defendant has still failed to bring this suit within the scope of the language of Rule 41(a). That rule distinguishes between dismissals by notice and dismissals by stipulation. A notice or a stipulation of dismissal which is silent on the question of prejudice is made to operate without prejudice. After one dismissal by plaintiff the Rule provides that only a dismissal by notice shall operate as an adjudication. There is nothing in the Rule to indicate the parties may not, in such event, expressly stipulate that the dismissal shall be without prejudice. This view of the Rule makes it unnecessary to determine at this stage whether in fact the plaintiff herein was the real party in interest in the prior actions.**

*Cornell v. Chase Brass & Copper Co.*, 48 F. Supp. 979, 981 (S.D.N.Y. 1943), *aff'd*, 142 F.2d 157 (2nd Cir. 1944).

The distinction between a "with prejudice" dismissal and a "dismissal without prejudice goes to the heart of Cabot's error. As the First Circuit has made clear,

> a voluntary dismissal *with prejudice* is ordinarily deemed a final judgment that satisfies the *res judicata* criterion. *See Lawlor v. Nation Screen Serv. Corp.*, 349 U.S. 322, 327, 99 L. Ed. 1122, 75 S. Ct. 865 (1955) (judgment dismissing "the previous suit 'with prejudice' bars a later suit on the same cause of action"); *Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995) ("A judgment that is entered with prejudice . . . by stipulated dismissal . . . bars

3

a second suit on the same claim or cause of action."); *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991)

*United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998) (emphasis added). In contrast, "The effect of a voluntary dismissal without prejudice is to render the [dismissed] proceedings a nullity and leave the parties as if the action had never been brought." *Sandstrom v. Chemlawn Corp.*, 904 F.2d 83, 86 (1st Cir. 1990) (quoting *In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213 (8th Cir. 1977)). As Judge Selya expressed it in his unique way, "once an action has been voluntarily discontinued, all markings are erased and the page is once again pristine." *Sandstrom, supra.* See, *Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 47 (1st Cir. 1990) ("since the voluntary dismissal in the [Superior Court of Puerto Rico] . . . was 'without prejudice' it does not produce a preclusive effect, and thus, the present action is not barred by *res judicata*.").

> The Eighth Circuit agrees.
>
> Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed. *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995) ("The effect of a voluntary dismissal without prejudice . . . 'is to render the proceedings a nullity and leave the parties as if the action had never been brought'") (quoting *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977)).

*Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995). So does the Seventh Circuit.

> The case was dismissed without prejudice, and such a dismissal has no *res judicata* effect. *Sypert v. Miner*, 266 F.2d 196, 198 (7th Cir. 1959), *certiorari denied*, 361 U.S. 832, 4 L. Ed. 2d 74, 80 S. Ct. 82.

*In re Hallahan*, 936 F.2d 1496, 1499 (7th Cir. 1991). As the Sixth Circuit noted, "as the court's decision to dismiss the pendent claims was without prejudice, this judgment has

4

no *res judicata* effect even in a subsequent suit filed in federal court. *Management Investors v. United Mine Workers*, 610 F.2d 384, 395 (6th Cir. 1979).

Indeed, this distinction is definitional. Black's Law Dictionary (7th ed. 1999) defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim," *id.*, at 482, and defines "dismissal without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period," *id.* It follows, as the night does the day, that a dismissal without prejudice is not a final judgment and does not satisfy the *res judicata* criterion.

### B. Rule 41 Confirms That Res Judicata Does Not Apply

The fact that there has been no final judgment on the merits for purposes of *res judicata* is confirmed by Fed. R. Civ. P. 41:

> 41. Dismissal of Actions
>
> (a) Voluntary Dismissal: Effect Thereof.
>
> (1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. ***Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.***
>
> \* \* \* \* \*
>
> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

5

> ***Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.***

Fed. R. Civ. P. 41 (emphasis added). There is no dispute that this case was dismissed by stipulation without prejudice. Thus, by the explicit terms of Rule 41(a), it is not an adjudication on the merits. Indeed, even if the case had been dismissed involuntarily, because it would have been a dismissal for lack of subject matter jurisdiction, Rule 41(b) would have mandated that such action would not be deemed an adjudication on the merits.

> The cases confirm that a voluntary dismissal cannot be the basis for *res judicata.*
>
> The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought. *See Hill v. W. Bruns & Co.*, 498 F.2d 565, 567 n.2 (2d Cir. 1974), *citing A.B. Dick & Co. v. Marr*, 197 F.2d 498, 502 (2d Cir.), *cert. denied*, 344 U.S. 878, 97 L. Ed. 680, 73 S. Ct. 169 (1952); *Bomer v. Ribicoff*, 304 F.2d 427, 428 (6th Cir. 1962); *Bryan v. Smith*, 174 F.2d 212, 214 (7th Cir. 1949); *Stout v. Mason*, 17 F.R.D. 93 (E.D. Pa. 1954); Annot., 11 A.L.R.2d 1407. "It carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim." 27 C.J.S. Dismissal and Nonsuit, § 39 (1959). ***Neither res judicata nor collateral estoppel is traditionally applicable to a voluntary dismissal.*** *See* Restatement (Second) of Judgments, Tent. Draft No. 1, § 48.1(1)(b) (March 28, 1973).

*In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 219 (8th Cir. 1977) (emphasis added).

Another way of using the Rule 41 analysis, is to begin with the fact that the earlier case was dismissed voluntarily. There has been no second dismissal of any federal case – or indeed any other case. Rule 41 sets forth a "two-dismissal" rule for preclusive effect. That rule clearly is inapplicable when there has been only one voluntary dismissal.

> Such a dismissal "leaves the situation as if the action never had been filed." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2367, at 321 (2d ed. 1995); *see also id.* at 321 n. 8 (collecting cases). This means that "any future lawsuit based on the same claim [is] an entirely new lawsuit unrelated to the earlier (dismissed) action." *Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86 (1st Cir. 1990), quoted in 9 Wright & Miller § 2367 at 321 n.8.

*City of S. Pasadena v. Mineta*, 2002 U.S. App. LEXIS 9525 (9th Cir. 2002). Or, as the Third Circuit made clear, "the dismissal was a voluntary dismissal under Rule 41(a). Because the order did not otherwise specify, the dismissal is without prejudice. Consequently it can have no *res judicata* effect." *Plumberman, Inc. v. Urban Systems Development Corp.*, 605 F.2d 161, 162 (U.S. App. , 1979). Indeed, the Second Circuit has used the distinction to instruct its own district courts. "We also strongly suggest to the district courts that they use the terms 'with prejudice' or 'without prejudice' only when making a determination as to the *res judicata* effect of a dismissal." *Elfenbein v. Gulf & Western Industries, Inc.*, 590 F.2d 445, 449 (2nd Cir. 1978).

What Cabot now wishes to argue would fly directly in the face of the "two-dismissal" rule of Rule 41, and would, in effect, convert it into a "one-dismissal rule." The Court should resist any attempt to engage in such a fundamental revision of the Rules by invocation of any doctrine, *res judicata* or otherwise. The Ninth Circuit has made its feelings clear.

> We have adhered slavishly to this interpretation of Rule 41(a). *See, e.g., Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("it is beyond debate that [under] a dismissal under Rule 41(a)(1) . . . the parties are left as though no action had been brought"); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("Such a dismissal leaves the parties as though no action had been brought.") (citation omitted); *Concha v. London*, 62 F.3d 1493, 1506-07 (9th Cir. 1995) [*9] (same); *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959) ("[A] suit dismissed without prejudice pursuant to Rule

7

41(a)(2) leaves the situation the same as if the suit had never been brought in the first place.") (citations and footnote omitted). n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 Although *Humphreys* discussed Rule 41(a)(2), which governs voluntary dismissal by order of the court, rather than Rule 41(a)(1), which permits such dismissal without the court's approval, the reasoning applies with equal force to both provisions. See *Concha*, 62 F.3d at 1506-07 ("a voluntary dismissal without prejudice under Rule 41(a)(1) has the same effect as a voluntary dismissal without prejudice under Rule 41(a)(2)") (citing 5 Moore's Federal Practice P 41.02[5] & [6]) (1993)) (emphasis removed).

*City of S. Pasadena v. Mineta*, *supra* at 8-9.

### C. Cabot' Argument That The Rule 12(b)(6) Dismissal Was On the Merits Is Inadequate

The most glaring error in Cabot's argument concerning the effect of the Rule 12(b)(6) dismissal is that it mis-states and misunderstands the procedural history of this case. The only counts that were dismissed under Rule 12(b)(6) were the Robinson-Patman Act claim and one claim for tortious interference. **The rest of this case continued**. It was only dismissed without prejudice later. Thus, it makes no sense to try to apply the focused ruling to the case as a whole.

Second, Cabot relies on case law that is no longer current. It asserts that a dismissal under 12(b)(6) is "on the merits" and thereby immediately draws the conclusion that this aspect of the *res judicata* analysis is satisfied. While it is true that a dismissal under Rule 12(b)(6) is "on the merits," that does not justify the conclusion that *res judicata* applies.

> Implicit in this reasoning is the unstated minor premise that all judgments denominated "on the merits" are entitled to claim-preclusive effect. That premise is not necessarily valid. The original connotation of an "on the

8

merits" adjudication is one that actually "passes directly on the substance of [a particular] claim" before the court. Restatement § 19, Comment a, at 161. That connotation remains common to every jurisdiction of which we are aware. *See ibid.* ("The prototypical [judgment on the merits is] one in which the merits of [a party's] claim are in fact adjudicated [for or] against the [party] after trial of the substantive issues"). And it is, we think, the meaning intended in those many statements to the effect that a judgment "on the merits" triggers the doctrine of *res judicata* or claim preclusion. *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979) ("Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action"); *Goddard v. Security Title Ins. & Guarantee Co.*, 14 Cal.2d 47, 51, 92 P.2d 804, 806 (1939) ("[A] final judgment, rendered upon the merits by a court having jurisdiction of the cause . . . is a complete bar to a new suit between [the parties or their privies] on the same cause of action" (internal quotation marks and citations omitted)).

But over the years the meaning of the term "judgment on the merits" "has gradually undergone change," R. Marcus, M. Redish, & E. Sherman, Civil Procedure: A Modern Approach 1140-1141 (3d ed. 2000), and it has come to be applied to some judgments (such as the one involved here) that do not pass upon the substantive merits of a claim and hence do not (in many jurisdictions) entail claim-preclusive effect. *Compare, e.g., Western Coal & Mining Co. v. Jones*, 27 Cal.2d 819, 826, 167 P.2d 719, 724 (1946), and *Koch v. Rodlin Enterprises, Inc.*, 223 Cal. App. 3d 1591, 1596, 273 Cal.Rptr. 438, 441 (1990), *with Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228, 131 L. Ed. 2d 328, 115 S. Ct. 1447 (1995) (statute of limitations); *Goddard, supra*, at 50-51, 92 P. 2d, at 806-807, and *Allston v. Incorporated Village of Rockville Centre*, 25 App. Div. 2d 545, 546, 267 N. Y. S. 2d 564, 565-566 (1966), *with Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399, n. 3, 69 L. Ed. 2d 103, 101 S. Ct. 2424 (1981) (demurrer or failure to state a claim). *See also* Restatement § 19, Comment a and Reporter's Note; 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4439, pp. 355-358 (1981) (hereinafter Wright & Miller). That is why the Restatement of Judgments has abandoned the use of the term – "because of its possibly misleading connotations," Restatement § 19, Comment a, at 161.

***In short, it is no longer true that a judgment "on the merits" is necessarily a judgment entitled to claim-preclusive effect; and there are a number of reasons for believing that the phrase "adjudication upon the merits" does not bear that meaning in Rule 41(b).***

*Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-502 (2001). Rather than proceeding to the next step of the analysis, however, Cabot simply closes its argument. Thus, Cabot's analysis falls woefully short. This is, perhaps, understandable because any further analysis would make pellucid that there is no basis to assert claims preclusion in this case.

### D.    Cabot Has Failed to Meet Two of the Three Criteria for Application of the Doctrine of Res Judicata

> Under a federal-law standard, the essential elements of claim preclusion are (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits. *See In re Air Crash at Dallas/Fort Worth Airport*, 861 F.2d 814, 816 (5th Cir. 1988); *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984); *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir. 1982).

*Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1165 (1st Cir. 1991). Neither the first nor the second criteria are met here.

#### 1.    There Is No Final Judgment On The Merits That Would Include the Antitrust Claims

An essential element of claim preclusion is a final judgment on the merits in an earlier action. There is no such final judgment here. All of the state claims are still in litigation. The only reason that amendment was denied in state court is that the federal courts have exclusive jurisdiction over Sherman and Clayton Act claims.

Cabot argues that the dismissal by the Court of the Robinson-Patman case constitutes a final judgment on the merits sufficient to apply the *res judicata* bar. This is error in two ways. First, it mis-perceives the difference between a decision "on the merits" of the Robinson-Patman claim itself, and a decision on the merits of the dispute

taken as a whole. Second, Cabot fails to take into account the recent Supreme Court analysis of the relationship between the notion of a decision "on the merits" and one that is sufficient for application of *res judicata*.

As to the first point, the Court only passed on one federal claim – the Robinson-Patman claim. It did not pass on the dispute as a whole. Thus, the most that could be precluded even under Cabot's analysis would be a renewed Robinson-Patman claim, a situation not before the Court. There is no case that asserts that the dismissal of one count of a larger dispute precludes all other counts in an ongoing litigation. This scenario was considered by the Eighth Circuit.

> Medtronic first argues that *res judicata* requires Kulinski to plead all bases for jurisdiction in his original pleading. This argument is inconsistent with our precedent. In *McCarney v. Ford Motor Co.*, 657 F.2d 230 (8th Cir. 1981), we held that a dismissal based on subject matter jurisdiction:
>
>> should preclude relitigation of the same [jurisdiction] issue but not a second suit on the same claim even if arising out of the identical set of facts. . . . Where the second suit presents new theories of relief, admittedly based upon the same operative facts as alleged in the first action, it is not precluded because the first decision was not on the merits of the substantive claim.
>
> *Id.* at 233-34 (citations omitted); *cf. Oglala Sioux Tribe v. Homestake Mining Co.*, 722 F.2d 1407, 1411 (8th Cir. 1984) (holding second action barred by *res judicata* because plaintiff "asserted identical claims and jurisdictional grounds" as the first action). Kulinski based his first action on federal ERISA law and his second action on state contract law. Thus, the dismissal of Kulinski's first action precludes another ERISA claim, but not the same claim under a different theory and jurisdictional basis. n4
>
> -------------- Footnotes ----------------
>
> n4 Medtronic's attempt to persuade us to ignore our precedent is unconvincing. Medtronic cites to two cases for support. *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161 (1st Cir. 1991); *Shaver v. F.W.*

11

>   *Woolworth Co.*, 840 F.2d 1361, 1367 n.2 (7th Cir. 1988). These cases differ significantly from the case at bar because in both *Kale* and *Shaver* the original cause of action was dismissed on the merits and with prejudice. Here, of course, Kulinski's initial claim was dismissed for lack of subject matter jurisdiction and was not on the merits. *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 148 (8th Cir. 1981) ("When a dismissal is for 'lack of jurisdiction,' the effect is not an adjudication on the merits, and therefore the *res judicata* bar does not arise.").

*Kulinski v. Medtronic Bio-Medicus*, 112 F.3d 368, 373 (8th Cir. 1997).

As to the second, as noted above, the Supreme Court has established that invocation of the phrase "on the merits" is necessary, but not sufficient for application of *res judicata*. A review of the procedural and substantive history of this case reveals that no claim preclusion applies to the Sherman or Clayton Act causes of action.

### 2. The Sherman and Clayton Act Claims Do Not Arise Out of the Same Operative Nucleus of Fact As Any Previous Claim

The third criterion for application of *res judicata* is that the claim must seek redress for essentially the same basic wrong.

>   So long as different theories of recovery, howsoever prolific, derive from the same cause of action, the requisite identity is achieved if, and to the extent that, all such theories concern "the same operative nucleus of fact." In other words, as long as the "new complaint grows out of the same 'transaction or series of connected transactions' as the old complaint," the causes of action are considered to be identical for *res judicata* purposes. Thus, if the claims asserted in *Kale I* and *Kale II*, respectively, were sufficiently related, that is, if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong, the two suits advanced the same cause of action notwithstanding any differences in remedies sought or theories of recovery pleaded. A fortiori, our focus must not be the theoretical raiment in which the claims are robed, but "whether the underlying facts of both transactions were the same or substantially similar."

*Kale, supra* at 1166 (citations omitted). In the instant case, although there is certainly some relationship between the matters complained of in the existing suit, the claims now

before the Court do not rise from the same nucleus of operative facts either of the Robinson-Patman federal claim or the pending state law claims.

The essence of the Sherman and Clayton claims are efforts by Cabot to restrain trade by means of "tying" behavior.

> [W]hen the market for tantalum went from relatively stable to extremely volatile, defendant, one of the largest companies in the market, took advantage of both its strong position in the market and its patents on some forms of tantalum essential to plaintiffs' business to force plaintiffs into executing a new, highly unfavorable set of terms for the supply of the tantalum that defendant had already contracted to supply. Specifically, knowing that plaintiff made certain products that could only be manufactured with the "flake" form of tantalum made by defendant, designated as C275 and C255, defendant conditioned plaintiff's purchase of flake powders on its purchase of non-flake powders. At the time defendant engaged in this conduct, it had sufficient market power in the market for flake powder - in fact, it had monopolistic power as a result of patents held by it - to restrain free competition in the market for non-flake powder. In fact, defendant's actions substantially lessened competition in the market for non-flake powder.

Complaint ¶ 1. Thus, this case is about the way Cabot obtained market power and abused it. It will involve proof of (i) Cabot's market power, (ii) the distinction in the product lines, (iii) the act of tying, and (iv) antitrust injury.

In contrast, the Robinson-Patman claims were about the prices at which Cabot sold its goods. That claim alleged a price differential that was illegal. Such claim would have involve proof of two relatively contemporaneous sales of the same or substantially similar product at two different prices. The focus would not have been Cabot's accession and misuse of market power, but instead its pricing policies.

Put another way, the Sherman/Clayton claims redress a fundamentally different type of wrong. A defendant need not breach any agreement to violate those laws. Indeed, a breach *vel non* is entirely irrelevant to this antitrust claim. Were AVX to seek

to prove at trial the sordid tale of Cabot's breaches of agreement, this Court would correctly rule that evidence inadmissible. Obversely, if in the state court AVX goes into an excursus on tying, the Superior Court will rule that evidence inadmissible. There can be no better test of a common nucleus of operative fact if the core facts are mutually inadmissible in the separate trials. It is settled "that where the witnesses or proof needed in the second action overlap substantially with those used in the first action, the second action should ordinarily be precluded." *Porn v. National Grange Mut. Ins. Co.*, 93 F.3d 31, 36 (1st Cir. 1996). Thus, it is equally settled that when the proof does not overlap substantially, the second action should not be precluded.

The same result is obtained by applying the factors set forth in *Apparel Art Int'l v. Amertex Enters.*, 48 F.3d 576, 584 (1st Cir. 1995) "This Court has enumerated several factors which are useful in determining whether a party has advanced claims in multiple litigations which derive from the same nucleus of operative facts. These factors include: 1) whether the facts are related in time, space, origin or motivation; 2) whether the facts form a convenient trial unit; and 3) whether treating the facts as a unit conforms to the parties' expectations. Additionally, when defining the contours of the common nucleus of operative facts, it is often helpful to consider the nature of the injury for which the litigant seeks to recover." *Id.* Using those factors, while the facts are related temporally, they are different in origin and motivation – one set relates to contractual issues, the other relate to market participation. The two sets of facts do not really form a convenient trial unit; there would be little savings of time to try them all at once and the relevant facts do not substantially overlap. The third factor is cannot be usefully applied in this context.

Finally the nature of injury is significantly different. Antitrust injury and contract damages are two separate species.

### E. Kale *Does Not Support Cabot's Position*

Cabot places heavy reliance on *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161 (1st Cir. 1991). That reliance is misplaced. First, the *Kale* Court faced a fundamentally different problem. In *Kale*, the federal court had faced a complaint pleading one federal law count and a series of state law questions. Having dismissed the federal count, it then dismissed the state law counts because, it asserted, it no longer had federal question jurisdiction. ***Critical to that case, however, is the fact that the federal court did have diversity jurisdiction over the state law claims***. Thus, the case posed a unique question. As set forth by Judge Selya:

> [T]his appeal, stripped to bare essentials, presents the following question: when a state-law claim, originally brought pendent to a federal claim, is dismissed without prejudice for want of subject matter jurisdiction following rejection of the joined federal claim on the merits, under circumstances where the plaintiff could have asserted an alternative jurisdictional basis but did not, and the plaintiff thereafter brings a new suit against the same defendant which includes the pendent state-law claim as well as other state-law claims which could have been pleaded in the initial suit; *quaere*: are the state-law claims in the second suit precluded by the original adjudication? Put another way, should the judgment in *Kale I* be accorded preclusive effect with respect to the claims asserted in *Kale II*, inasmuch as those claims could have been prosecuted in Kale I had the plaintiff elected to plead an available alternative basis for jurisdiction?

*Kale, supra* at 1165. Answering in the affirmative, it found that regardless of the district court's language, the dismissal of the state law claims were, in fact, with prejudice and on the merits. Thus, those claims were barred from being asserted in subsequent litigation.

Here, of course, there is no doubt that the state law claims were, ***by stipulation***, dismissed without prejudice. There were reasserted in a timely fashion, and are still *sub*

15

*judice*. Thus, the only question before this Court – and very different from *Kale* – is whether the Rule 12(b)(6) dismissal of a Robinson-Patman count precludes the later filing of a federal action based on other law.

### F. *The Other Cases Cited by Cabot Do Not Support Its Argument*

Other than *Kale*, Cabot cites a number of other cases. None of them support its position. As to the cases that are of any significance in Cabot's argument, the reasons are as follows:

*Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981) – As noted above, the United States Supreme Court has issued more recent decisions – which Cabot neither discusses nor even cites – that clarify and, to some extent modify, this case. Indeed, in that opinion, this case is specifically mentioned.

*Hart v. Verizon Communications, Inc.*, 2004 U.S. Dist. LEXIS 3699 (U.S. Dist., 2004) – Not only was this case one in which some claims were dismissed and the balance went to trial, but the Court found absolute identity in the facts underlying the causes of action. ("First, a final judgment has been rendered in plaintiff's earlier lawsuit: this Court dismissed all of the counts except for that alleging sexual harassment, which went to trial. Second, both complaints arise from the same hostile encounters during plaintiff's two years of employment with defendant.")

*Havercombe v. Dep't of Education*, 250 F.3d. 1 (1st Cir. 2001) – This case involved a complete dismissal of plaintiff's claims and a clear finding that the new complaint entirely overlapped the preceding complaint.

*Isaac*[1] *v. Schwartz*, 706 F.2d 15 (1st Cir. 1983) – This case is irrelevant because the dismissal applied to the case as a whole rather than only a part of the case. Further, the Court went out of its way to make clear that amendment of the Complaint was offered to the plaintiff. ("here appellant was given a full opportunity to amend his state court complaint, *see* Mass. R. Civ. P. 15(a), and he might have set forth any additional claims – a circumstance that in Massachusetts has traditionally led the courts to consider a subsequent dismissal for failure to state a claim to be a final dismissal on the merits.")

*Mass. School of Law, Inc. v. American Bar Ass'n*, 142 F.3d 26 (1st Cir. 1998) – This case, cited for the proposition that the first criterion is satisfied if claims arise from the same transaction or series of transactions, does not help Cabot because the general principle fails in its application to the instant case. Cabot fails to show the Court that the issues are the same, most likely because it cannot do so. In any event, this case would apply only if there were a final action on the entire case rather than two counts.

*Shaver v. F.W. Woolworth*, 840 F.2d 1361 (7th Cir.), *cert. denied*, 488 U.S. 856 (1988) – As noted above, *Shaver* is not applicable in the instant circumstances.

---

[1] Cabot inadvertently names the plaintiff as "Issac."

*United States ex rel. Karvelas v. Melrose-Wakefield Healthcare Corp.*, 360 F.3d 220 (1st Cir. 2004) -- This case turned on the fact that the plaintiff had never sought to amend his complaint, thereby precluding him from pressing new claims when his entire case was dismissed. In the instant case, of course, only two counts were dismissed. No amendment was possible on the balance of the case which was dismissed on subject matter jurisdictional grounds.

### G.  The Court Has Power Under Rule 60 to Give Relief From Any Preclusive Effect and Should Do So

Even if the Court determined that, as a technical matter, the original dismissal could preclude this action, it should exercise its power under Fed. R. Civ. P. 60 to give AVX relief from the effect of that order.

The Court has the power under Rule 60 to vacate any preclusive effect of the earlier dismissal. "Rule 60(b) allows a court to relieve a party from a "final judgment" for any reason justifying relief. Because the voluntary dismissal in this case operated as an adjudication on the merits, it was a "final judgment" under Rule 60(b). And nothing in the language of Rule 41(a)(1)(i) exempts voluntary dismissals from the scope of judicial authority under Rule 60(b). We therefore conclude that the district court had power to vacate this voluntary dismissal under Rule 60(b) if the requisite justification existed. *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D. C. Cir. 1987). Thus, either by vacating the preclusive effect of that earlier stipulation, or indeed by vacating the dismissal itself, the Court can avoid injustice.

Had the federal case still been in existence, the standard for adding the Sherman and Clayton Act claims would have been the extremely lenient standard set forth in Fed.

R. Civ. P. 15. The only reason that the initial case is not still pending is that the dismissal of the federal question count robbed this Court of subject matter jurisdiction. The only reason that the Sherman and Clayton Act claims were not subjected to the same lenient standards of the Massachusetts Rules of Federal Procedure is that the state court lacked jurisdiction over these claims.

It would be anomalous and unfair for AVX to lose the benefit of the lenient amendment rules simply because of vagaries of subject matter jurisdiction. Normally, when causes of action are discerned through discovery, there is no real issue in adding them to the pending case. It would be inconsistent with fairness and justice to preclude that in this case. Rule 60(b) "was intended to preserve the 'delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts." *Good Luck Nursing Home v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

This is particularly true given that it is Cabot that insisted that the Sherman and Clayton Act claims be started as new litigation. While it is within its rights to insist that the claims be decided in a federal forum, it does not then have the right to insist that they be precluded from determination on the merits.

### G. *This Court Has the Inherent Power to Refuse to Apply Claim Preclusion and Should Do So*

It is beyond dispute that this Court has the power to make an exception to the general rule of claim preclusion. *Rose v. Town of Harwich*, 778 F.2d 77, 82 (1st Cir. 1985). The test is one of "undue hardship." In the instant case, AVX clearly dismissed its claims in the first action intending that such dismissal be without prejudice so as to

have no preclusive effect. Cabot concurred. The parties then engaged in good-faith discovery. It would be an undue hardship on AVX to require forfeiture of a claim that it could normally amend back into a federal cause of action only because it relied on the "without prejudice" language of the dismissal.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be denied.

AVX CORPORATION
AVX LIMITED

By their attorneys,


Evan Slavitt (466510)
Richard P. O'Neil (645214)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA 02114-1812
617/742-7300

Dated: May 17, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have, on the foregoing date, caused this document to be delivered to all counsel of record by first class mail, by courier, or by hand.