UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>          Plaintiffs,<br>   v.<br>CABOT CORPORATION,<br><br>          Defendant. | CIVIL ACTION No. 04-10467 (RGS) |

**DEFENDANT CABOT CORPORATION'S
REPLY MEMORANDUM
<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Defendant Cabot Corporation, through its Performance Materials Division ("Cabot"), submits this Reply Memorandum in support of its Motion to Dismiss plaintiffs AVX Corporation and AVX Limited's (collectively "AVX") Complaint in this action. The doctrine of *res judicata* bars the antitrust claim asserted in this case because AVX could have, and should have, asserted that claim in a prior action between the parties to this case. AVX alleged, *inter alia*, in *AVX Corporation and AVX Ltd. v. Cabot Corporation*, Civil Action No. 02-11524 (RGS) (the "Prior Federal Action") that Cabot pressured AVX into signing a contract whose terms violated the Robinson-Patman Act, 15 U.S.C. § 13. AVX now alleges that the same conduct by Cabot pressured AVX into signing the same contract, whose terms (AVX now says) violated the Sherman and Clayton Acts 15 U.S.C. §§ 1 and 14.

The arguments in AVX's Opposition to Cabot's Motion to Dismiss (hereinafter the "Opposition") are unavailing. The claims in the two cases arise from the "same operative nucleus of fact." The parties are the same. And, as the First Circuit's decision in *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161 (1991) establishes, the dismissal of the Prior Federal Action operated as a final judgment on the merits. The fact that certain claims in the Prior Federal Action were dismissed without prejudice did not relieve AVX of the obligation to assert all of its available claims in that case, including, in particular, its present federal antitrust claims. *Kale*, 924 F.2d at 1167. Further, AVX has not demonstrated "exceptional circumstances justifying extraordinary relief," under Fed. R. Civ. P. 60(b), relieving AVX from the final judgment entered in the Prior Federal Action; and AVX does not qualify for an *ad hoc* "equitable exception" to the doctrine of *res judicata*. Cabot's Motion to Dismiss should be allowed.

I.  **CABOT'S MOTION TO DISMISS SHOULD BE ALLOWED BECAUSE AVX HAD THE OBLIGATION TO ASSERT ALL OF ITS CLAIMS AND THEORIES AGAINST CABOT ARISING FROM THE SAME OPERATIVE NUCLEUS OF FACT IN THE PRIOR FEDERAL ACTION.**

Reduced to their essentials, the facts alleged in the Complaints in the Prior Federal Action and in this case are (1) that AVX has purchased tantalum products from Cabot for many years; (2) that in 2000, tantalum was in short supply; (3) that, in 2000, Cabot pressured AVX into signing the 2001 Supply Agreement, and (4) that the 2001 Supply Agreement contains provisions that violate federal law. In the Prior Federal Action, certain terms of the 2001 Supply Agreement were alleged to violate the Robinson-Patman Act. In the case at bar, other terms of that contract are said to constitute "tie-in sales," in violation of the Sherman and Clayton Acts.

It is undisputed that the two cases arise from the "same set of operative facts" or the "same transaction or series of connected transactions." Indeed, *both* parties have represented to the Court in this case that "the [Prior Federal Action] and the instant action 'involve the same

property, transaction or event.'" *See* Joint Motion to Transfer Related Case Pursuant to Local Rule 40.1(I), dated March 16, 2004 (Docket Entry No. 3), ¶ 5. AVX was fully able to allege in the Prior Federal Action the antitrust claim that it advances in this case.[1] AVX's failure to do so bars AVX from asserting that claim in this second federal court action. As the First Circuit said in *Kale*, *supra*,

> [a] single cause of action can manifest itself in an outpouring of different claims, based variously on federal statutes, state statutes, and the common law . . . [A]s long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical for *res judicata* purposes.
>
> *******
>
> It necessarily follows that a particular legal theory not pressed in the original suit will nonetheless be precluded in the subsequent one if it prescinds from the same set of operative facts . . . . In this way, *the law prevents a litigant from claim-splitting, requiring that he 'assert all his various legal theories and factually related allegations the first time he brings suit.'*

924 F.2d at 1166 (quoting *Rose v. Town of Harwich*, 778 F.2d 77, 79 (1st Cir. 1985)) (emphasis added).

This case is indistinguishable from *Kale*. In *Kale*, as here, the plaintiff brought successive lawsuits. In *Kale*, as here, one claim in the first case had been dismissed on a Rule 12(b)(6) motion, and the remaining claims were dismissed "without prejudice." In *Kale*, as here, the plaintiff asserted claims in the second case that could have been asserted in the first case. In *Kale*, those claims were state law claims over which the federal court had diversity jurisdiction. In the case at bar, the new claim is a federal law claim over which this Court had federal question jurisdiction. In *Kale*, as here, the plaintiff argued that, because the dismissal of the first action

---

[1] The present case does not involve recently-discovered facts. The conduct at issue occurred before the filing of the Prior Federal Action. Cabot could not have pressured/coerced AVX into signing a contract with AVX without AVX being aware that pressure/coercion was being applied. Moreover, the terms of the 2001 Supply Agreement, which AVX executed, were certainly known to AVX before the Prior Federal Action was commenced.

had been without prejudice, the second action was not precluded. The First Circuit rejected that argument. In *Kale*, it held that claim preclusion would have been avoided only if "the Court in the first action expressly reserved the plaintiff's right to bring the second action." 924 F.2d at 1167. No such express reservation was made in *Kale*; and none was made in this case.

The holding in *Kale* is dispositive of this case. The transcript of this Court's February 5, 2003 hearing in the Prior Federal Action makes it clear that the Court *allowed* Cabot's Motion to Dismiss with respect to AVX's Robinson-Patman Act and state law tortious interference claims. *See* February 5, 2003 hearing transcript at pp. 27-31, a true copy of which is appended hereto at Tab A ("So I am going to dismiss Count 3 [Robinson-Patman Act] and Count 7 [tortious interference] . . . Let me start with the easy issue which is Count 3, the Robinson-Patman issue. This count fails to plead a viable claim . . ." "As I see the [tortious interference] count now as pled, it does not plead a cause of action" principally because AVX failed to allege "that Cabot was motivated by an intention to harm AVX's relationships with its clients").

AVX did not appeal from that determination. The fact that the Court left AVX's other pendent state law claims intact -- only to see them voluntarily dismissed by agreement of the parties for lack of subject matter jurisdiction later on -- does not alter the *res judicata* effect of the Court's ruling. Cabot and AVX's Stipulation of Dismissal Without Prejudice with respect to those state law claims did not give AVX a license to return to federal court in a new action to pursue federal law claims against Cabot that allegedly arose from the same events and transaction as were alleged in the Prior Federal Action and that could have been asserted in that case. As the First Circuit held in *Kale*, the dismissal, as a matter of law, of the plaintiff's sole federal law claim in the Prior Federal Action is a "suitable springboard for the deployment of *res judicata*" which extinguishes "all claims that are 'part of the same cause of action' . . . whether or not actually asserted in the original action." 924 F.2d at 1164 (citations omitted).

-4-

AVX's reliance on *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) is misplaced. *Semtek* stands for the unremarkable proposition that when a federal court is asked to give claim preclusive effect to a state court judgment, the federal court must determine the preclusive nature of that state court judgment in accordance with the law of the state that rendered the judgment. 531 U.S. at 1028; *see also Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1207-1208 (10th Cir. 2001) (explaining *Semtek*).[2] The *Semtek* decision does not alter -- indeed, does not address -- the First Circuit's holding in *Kale* that plaintiffs must "cluster [its] theories of recovery" in a single proceeding "or forever hold [its] peace." 924 F.2d at 1166. The continued vitality of the holding in *Kale* is demonstrated by the string of cases decided after *Semtek* in which *Kale* is cited. *See, e.g., Carvalho v. Federal Nat'l. Mortgage Ass'n.*, 335 F.3d 45, 49 (1st Cir. 2003); *Savard v. Rhode Island*, 338 F.3d 23, 26 (1st Cir. 2003); *Havercombe v. Dept. of Edu. of the Comm. of P. R.*, 250 F.3d 1, 3 (1st Cir. 2001) *Hart v. Verizon Communication, Inc.*, Civ. A. No. 03-11811-RWZ, 2004 WL 438786, at *2-3 (D. Mass. March 9, 2004); *Andrews-Clarke v. Lucent Technologies, Inc.*, 157 F. Supp.2d 93, 99-100 (D. Mass. 2001)  The holding in *Kale* remains valid. It is controlling here.

## II. CABOT'S MOTION TO DISMISS SHOULD BE ALLOWED BECAUSE AVX HAS NOT SATISFIED THE CRITERIA NECESSARY TO OBTAIN RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(B).

AVX requests relief under Fed. R. Civ. P. 60(b) from the dismissal of the Prior Federal Action. Its request should be denied. Rule 60(b) states:

---

[2] In *Semtek*, the plaintiff's claims in a first case had been dismissed by the district court on procedural grounds (*i.e.*, expiration of the applicable two year statute of limitations). 531 U.S. at 499. The Supreme Court reversed the dismissal of the plaintiff's later-filed action in Maryland, which has a longer statute of limitations, because "the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim preclusive effect in other jurisdictions with longer, unexpired limitations periods." *Id.* at 504. This holding is similarly irrelevant to this case.

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

AVX does not identify the subpart of Rule 60(b) under which it seeks relief. This omission is not the result of oversight. AVX's argument is either (1) that the dismissal of the Prior Federal Action is the result of "mistake, . . . or excusable neglect" (Rule 60(b)(1)) (*see* AVX's Opposition at pp. 19-20, stating that AVX "intended that the dismissal of the Prior Federal Action would not have preclusive effect"), or (2) that AVX has obtained "newly discovered evidence" (Rule 60(b)(2)); (*see* AVX Opposition at pp. 2, 18, referencing facts allegedly learned during discovery in AVX's pending state court action, but *see* n.1*, supra).* These theories arise under Rules 60(b)(1) and (2), respectively. They are precluded by the one-year time limit set forth in Rule 60(b).

The Prior Federal Action was dismissed on April 1, 2003. AVX's Opposition to Cabot's Motion To Dismiss in this case was not filed until May 17, 2004. AVX has yet to file a motion for relief under Rule 60(b). Even if AVX's Opposition were treated as if it were a motion, it would have been filed outside of the time period permitted by Rule 60(b), and, therefore, be barred. The Rule 60(b) time limit "is an absolute bar to relief from judgment." *Gonzalez v. Walgreens Co.*, 918 F.2d 303, 305 (1st Cir. 1990).

Rules 60(b)(4) and (5) are indisputably inapplicable to AVX's request. Only Rule 60(b)(6) remains. However, Rule 60(b)(6) may not be used if Rules 60(b)(1)-(3) would, but for the one-year time limitation, apply to a party's request for relief from judgment.

> One rationale of this rule is obvious and relevant here: were Rule 60(b)(6) to allow a second out-of-time bite at the same apple, the stringent, finality enforcing limitation period of 60(b)(1)-(3) would be eviscerated. This rule, however, does have a small escape hatch, in the event of 'extraordinary circumstances.'

*Simon v. Navon*, 116 F.3d 1, 5 (1st Cir. 1997).

Moreover, the First Circuit has "identified certain criteria to determine whether relief from judgment is appropriate under Rule 60(b): (1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the opposing party." *United States v. Kayser-Roth Corp.*, 272 F.3d 89, 95 (1st Cir. 2001). AVX does not meet any of these criteria. First, AVX's request for relief is, for the reasons stated above, untimely.

Second, AVX has failed to identify the existence of *any* "exceptional circumstance" justifying the extraordinary relief it seeks. This case presents a routine application of *res judicata* principles. AVX brought a federal court action. It was dismissed on the merits. Thereafter, AVX's lawyers thought up a new theory of liability based upon facts alleged in the prior action. AVX now wishes to pursue that new theory. *Res judicata* is designed to prevent just such conduct.

Third, Cabot will be prejudiced if this action proceeds. This is AVX's third bite at the apple. The Prior Federal Action was AVX's first, AVX's counterclaims in a separate action now pending in Massachusetts state court was AVX's second, and this case is AVX's third effort to obtain relief with respect to the same conduct and transaction. Moreover, the instant case was commenced only after Cabot's Motion for Summary Judgment in the state court action (which

remains under advisement) was filed, briefed and argued. Three separate actions asserting different legal theories arising from the same facts are two cases too many. This case should be dismissed.

### III. CABOT'S MOTION TO DISMISS SHOULD BE ALLOWED BECAUSE AVX IS NOT ENTITLED TO AN *AD HOC* "EQUITABLE EXCEPTION" TO THE DOCTRINE OF *RES JUDICATA*.

In a last-ditch effort to keep its claims alive, AVX argues that even if its antitrust claims are precluded, this Court should make an "equitable exception" to the doctrine of *res judicata* because AVX misunderstood the law when the Prior Federal Action was dismissed. This argument is without merit. The only case cited by AVX states:

> If, as the *Restatement* suggests, there may nonetheless be an occasional exception to prevent unusual hardship, this case does not fall within it. This is not a case in which the plaintiff has 'clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason . . . .' *Restatement (Second) of Judgments,* §26(1)(f).

*Rose v. Town of Harwich*, 778 F.2d 77, 81-82 (1st Cir. 1985)(Breyer, J.).

AVX is not entitled to an *ad hoc* exception to the principles of *res judicata*. AVX had a full and fair opportunity to litigate any and all theories of liability against Cabot in the Prior Federal Action. AVX could have asserted the federal antitrust claim alleged in this case in its original Complaint in the Prior Federal Action *and* it could have asserted that claim by amendment even after its Robinson-Patman Act claim was dismissed. Indeed, on February 20, 2003, AVX *did* amend its Complaint in the Prior Federal Action; it simply failed to assert the federal law claims -- claims over which this Court had subject matter jurisdiction -- that it now advances. *See* Affidavit of Terrence M. Schwab,[3] Exhibit D.

---

[3] The Affidavit of Terrence M. Schwab ("Schwab Affidavit") was previously filed with this Court on May 7, 2004 in conjunction with Cabot's Motion to Dismiss.

The policies underlying the doctrine of claim preclusion are designed to require that all legal theories that are alleged to apply to a set of related facts be asserted in a single action. That policy is fully applicable here. This is not a case in which the policies underlying the doctrine of claim preclusion are overcome. It is, instead, a case that is governed by squarely applicable First Circuit precedent. It should be dismissed.

## CONCLUSION

For the foregoing reasons, as well as for the reasons stated in its original Memorandum of Law, Cabot respectfully requests that this Court dismiss AVX's claims in this action in their entirety.

CABOT CORPORATION

By its attorneys,

/s/_____
Robert S. Frank, Jr. (BBO No. 130950)
Brian A. Davis (BBO No. 546462)
Terrence M. Schwab (BBO No. 650793)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tele: 617-248-5000
Fax: 617-248-4000

Dated: June 15, 2004

3707551v1