1          UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

2

\* \* \* \* \* \* \* \* \* \* \* \* \* \*
3  AVX, CORPORATION                \*
              Plaintiff,           \*

4                                  \*
              vs.                  \*        CIVIL ACTION

5                                  \*        No. 02-11524-RGS
   CABOT CORPORATION and           \*
6  CABOT PERFORMANCE               \*
   MATERIALS, INC.                 \*
7          Defendants.             \*
   \* \* \* \* \* \* \* \* \* \* \* \* \* \*

8

          BEFORE THE HONORABLE RICHARD G. STEARNS
9               UNITED STATES DISTRICT JUDGE
                **MOTION TO DISMISS HEARING**

10

A P P E A R A N C E S
11

          LAW OFFICES OF EVAN SLAVITT
12        46 Sprague Street
          Malden, Massachusetts 02148
13        for the plaintiff
          By:  Evan Slavitt, Esq.

14

15        CHOATE, HALL & STEWART
          53 State Street, Exchange Place
16        Boston, Massachusetts 02109
          for the defendants
17        By:  Robert S. Frank, Jr., Esq.
               Terrence M. Schwab, Esq.

18

19
                              Courtroom No. 21
20                            John J. Moakley Courthouse
                              1 Courthouse Way
21                            Boston, Massachusetts 02210
                              February 5, 2003
22                            2:35 p.m.

23

          CAROL LYNN SCOTT, CSR, RMR
24          Official Court Reporter
          One Courthouse Way, Suite 7204
25        Boston, Massachusetts 02210
                (617) 330-1377

1    complaint and, B, it's inconsistent with the facts.

2              THE COURT:  Well, you both have given me some

3    interesting background information.

4              Have I issued a discovery order in this case or

5    were you waiting for this --

6              MR. SLAVITT:  We have a pretrial but the

7    reality, Your Honor, is that it didn't seem appropriate at

8    least to me to fight about whether or not I would try to get

9    discovery and they would tell me to stick it in my ear until

10   we find out whether the case was going forward.

11             THE COURT:  But I have issued and order?

12             MR. SLAVITT:  You have, a pretrial.

13             MR. FRANK:  You have, yes.

14             THE COURT:  All right.  Then let me just, I

15   want to move the case along.  Let me start with the easy

16   issue which is Count 3, the Robinson-Patman issue.

17             This count fails to plead a viable claim,

18   principally for this reason:

19             I think as pled the count confuses primary line and

20   secondary line violations.  If you read the count carefully,

21   Paragraphs 59 and 60 are inherently contradictory.  The

22   weakness of the count is that if it means to allege a

23   primary line violation, AVX is not contending that it is a

24   competitor which would be a necessary prerequisite of a

25   primary line claim.

1          Whether it is a primary line or a secondary line

2    claim, the count does not allege injury to competition.  It

3    only alleges the possibility of injury to competition.

4          If it is a secondary line claim, it fails to plead

5    a pair of interstate sales which is the necessary predicate

6    of a prima facie case of a secondary line injury under

7    Robinson-Patman.  And that is in addition to what

8    Mr. Slavitt candidly concedes is a weakness in Paragraph 35

9    of the factual origins of the complaint.  So Count 3 I don't

10   think is viable.

11         Obviously counsel focused on, and correctly, Counts

12   1, 2, 4 and 5.  If this were a patent case, in patent speak

13   Count 1 would be the independent claim and Counts 2, 4 and 5

14   are independent claims that read on Count 1.

15         As counsel have pointed out, Count 1, which is the

16   critical count, asserts that the document the parties

17   characterize as a letter of intent is, in fact, a binding

18   contract.  And quite frankly upon its face it appears to me

19   to have all the indicia of a binding contract, that is,

20   references to terms, prices, quantities, so on.

21         Cabot's first line, although not the strongest line

22   of argument, is the argument that AVX did not treat the

23   letter of intent as a binding contract but rather

24   inconsistently reserved its own purchasing commitments.

25   Whether there was a binding contract between the two parties

1    is obviously an issue of fact that cannot be resolved on a

2    motion to dismiss.

3         I think the more powerful argument is the release

4    argument, that is, the release in the superseding contract

5    extinguished any claim that is premised on Count 1.  That,

6    of course, would then require the dismissal of Count 1 and

7    then the counts that I characterized as the independent

8    claims.

9         AVX's position obviously is that the release was

10   extracted under duress.  It's clear under Massachusetts law,

11   which is the controlling law here, that a release signed

12   under duress is not binding and is not enforceable.  And

13   that, of course, is the International Water case as both

14   counsel have discussed.

15        That the doctrine is established in Massachusetts I

16   don't think anyone disputes.  Ismert is one case, more

17   recently Judge Brassard in Connors versus General Electric

18   also ruled on the principles of International Water.

19        If I think outside of the parameters of the

20   complaint and if I factor in the facts that counsel have

21   insinuated into the argument, not improperly, the facts that

22   deserve to be known, I would be inclined to think that Cabot

23   could pretty much prove its case.  I think the delay before

24   complaint, and I think that's put in the context of

25   fluctuations of world price of tantalum, I think that's a

1    pretty powerful argument that what AVX may be trying to do

2    is accomplish in court what they failed to accomplish at the

3    bargaining table.

4         But Mr. Slavitt's point is correct, every one of

5    the cases I have been able to find that have dealt with this

6    argument have always done so in the summary judgment

7    context, at least with the ones I think are relevant and

8    most similar to the claims being made here.

9         Count 6 I'll wait to learn whether, in fact, will

10   be resolved by the parties without any intercession by the

11   Court.

12        Count 7 is an interesting count because it really

13   is a count that is dependent on Count 6 of the complaint.

14   This is the tortious interference claim.  As I see the count

15   now as pled, it does not plead a cause of action and for

16   this reason:

17        What the count pleads is a negligent failure on the

18   part of Cabot to provide the quality of tantalum that AVX

19   required and that this failure, this negligent failure, had

20   a corresponding collateral impact on AVX's clients who did

21   not get a product of the value that they deserved.  The

22   inference is that AVX suffered, at least in its reputation,

23   if not directly in economic damages, because of the clients'

24   dissatisfaction.

25        I think what the count as pled completely overlooks

1    is the fact that this is an intentional tort that is being

2    pled.  And nowhere in the collection of facts in the

3    complaint do I find anything that suggests that Cabot was

4    motivated by an intention to harm AVX's relationship with

5    its own customers.

6         Rather, the allegation is that Cabot was seeking to

7    extract an economic advantage, which as I understand it, is

8    not unrelated to its own legitimate corporate interest as

9    opposed to some improper motive or purpose to harm AVX's

10   relationships with its own clients.

11        So I am going to dismiss Count 3 and Count 7,

12   understanding, Mr. Slavitt, that you have not moved to amend

13   the complaint previously.  Who knows, you might decide that

14   you want to amend and you may be able to amend the complaint

15   in a way that is satisfactory.

16        I will rule, however, that AVX Limited is a

17   necessary party and that any amendment of the complaint

18   should be so made.  I know it sounds like a technicality but

19   the law doesn't treat it as a technicality.  As a signatory,

20   the signatory to the contract, I think the case law is clear

21   that AVX Limited is a necessary party.  I recognize that

22   they're a wholly owned subsidiary but the law, particularly

23   in Massachusetts respects the institutional independence of

24   the subsidiary from its parent.

25        I will deny the motion to dismiss Counts 1, 2, 4,