UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVX CORPORATION and AVX LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-10467-RGS |
| CABOT CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

## ANSWER OF
## DEFENDANT CABOT CORPORATION

Pursuant to Fed. R. Civ. P. 8 and 12, defendant Cabot Corporation ("Cabot"), hereby answers the Complaint and Jury Demand ("Complaint") of plaintiffs AVX Corporation and AVX Limited (collectively, "AVX") as follows:

### Introduction

1.    The allegations contained in Paragraph 1 of the Complaint merely characterize this action, and therefore a response is neither appropriate nor required. To the extent a response is deemed necessary, Cabot denies the allegations contained in Paragraph 1 of the Complaint.

### Parties

2.    Cabot admits the allegations contained in Paragraph 2 of the Complaint.

3.    Cabot admits the allegations contained in Paragraph 3 of the Complaint.

4.    Cabot admits the allegations contained in Paragraph 4 of the Complaint.

## Jurisdiction and Venue

5.    The allegations contained in Paragraph 5 of the Complaint consist of legal conclusions to which no response by Cabot is necessary, and therefore they are denied.

6.    The allegations contained in Paragraph 6 of the Complaint consist of legal conclusions to which no response by Cabot is necessary, and therefore they are denied.

## Facts

7.    Cabot admits the allegations contained in Paragraph 7 of the Complaint.

8.    Cabot admits that tantalum is a naturally occurring elemental metal that is available in various forms, including wire and several grades of powder, and that tantalum is used by AVX and other component manufacturers to create, *inter alia*, capacitors, which are devices that can store electric charges. Cabot further admits that tantalum, under certain conditions, forms a dense, stable, tightly adhering, electrically insulating oxide. Cabot otherwise denies the allegations contained in the Paragraph 8 of the Complaint.

9.    Cabot admits the AVX has purchased tantalum from Cabot in various forms, including wire, flake powder, nodular powder, and semi-processed ore known as "KTaF," and that different grades of tantalum powder sometimes are used to make different kinds of capacitors. Cabot further admits that AVX has, on occasion, provided Cabot with proposed specifications for the tantalum products that AVX wishes to purchase from Cabot, although Cabot denies that the parties always have agreed on those specifications or on the proper means of determining compliance with those specifications. Cabot otherwise denies the allegations contained in Paragraph 9 of the Complaint.

10.    Cabot admits that AVX has or has had numerous customers for its tantalum capacitors, including original electronic equipment manufacturers, medical device companies, and military contractors. Cabot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11.    Cabot admits that commercially mined tantalum ore containing the mineral tantalite is one of the world's main sources of tantalum, and that the recycling and scrap material markets also are significant sources of tantalum. Cabot further admits that Australia currently produces the much of the world's commercially mined tantalum ore, and that the countries of Thailand, Nigeria, the Congo, Canada, Brazil and Malaysia also possess, or may possess, significant deposits of tantalum ore. Cabot otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12.    Cabot admits that it processes tantalum for sale worldwide to electronic component manufacturers such as AVX, and that there are various other tantalum processing companies, including H.C. Starck, Inc., Ningxia Non-ferrous Metals, and Cabot's wholly-owned subsidiary, Cabot Supermetals K.K., which previously was owned and operated as a joint venture between Cabot and Showa Denko K.K. Cabot otherwise denies the allegations contained in Paragraph 12 of the Complaint.

13.    Cabot admits that it holds a minority ownership interest in the Sons of Gwalia, and that it owns and operates an independent tantalum mining facility in Lac du Bonnet, Manitoba, Canada. Cabot otherwise denies the allegations contained in Paragraph 13 of the Complaint.

14.    Cabot admits the allegations contained in Paragraph 14 of the Complaint.

15.    Cabot admits that manufacturers of electronic and telecommunications devices are prominent users of electrical components containing tantalum, and that a rising demand for electronic devices has, at times, led to increased demand for tantalum products. Cabot further admits that tantalum has certain applications in the aerospace industry, but Cabot currently is without information or knowledge sufficient to form a belief as to the truth of the allegation that tantalum alloys have been used in the International Space Station  Cabot otherwise denies that allegations contained in Paragraph 15 of the Complaint.

16.    Cabot admits that, historically, the market for tantalum has been highly volatile in that periods of high demand, intermittent supply shortages, inventory hoarding, and sharply-rising prices have been followed by recurring episodes of reduced demand, over-production, large customer inventories and rapidly-falling prices. Cabot further admits that, consistent with historical trends, prices for tantalum products have fluctuated dramatically over the last five years. Cabot otherwise denies that allegations contained in Paragraph 16 of the Complaint.

17.    Cabot denies the allegations contained in Paragraph 17 of the Complaint.

18.    Cabot admits that Cabot and AVX have had, and continue to have, a long-standing business relationship. Cabot further admits that AVX has, on occasion, purchased a significant portion of its consumption of tantalum products from Cabot. Cabot otherwise denies that allegations contained in Paragraph 18 of the Complaint.

19.    Cabot admits that the parties engaged in discussions in late 1999 regarding a potential binding, multi-year contract for the sale of tantalum products. To the extent that Paragraph 19 of the Complaint contains additional allegations of fact, Cabot denies those

-4-

allegations. To the extent that Paragraph 19 states conclusions of law, no response by Cabot is required.

20. Cabot admits that the document attached to the Complaint as Exhibit A is a true copy of a Letter of Intent executed by authorized representatives of Cabot and AVX Limited. Cabot otherwise denies the allegations contained in Paragraph 20 of the Complaint.

21. Cabot admits that, in 2000, AVX purchased tantalum products from Cabot on terms consistent with the provisions of Exhibit A to the Complaint. Cabot otherwise denies the allegations contained in Paragraph 21 of the Complaint.

22. To the extent that the allegations contained in Paragraph 22 of the Complaint purport to characterize the terms of Exhibit A to the Complaint, Cabot states that the document speaks for itself. Cabot otherwise denies the allegations contained in Paragraph 22 of the Complaint.

23. Cabot admits that there was a worldwide shortage of tantalum in late 2000. Cabot otherwise denies the allegations contained in Paragraph 23 of the Complaint.

24. Cabot denies the allegations contained in Paragraph 24 of the Complaint.

25. Cabot admits the allegations contained in Paragraph 25 of the Complaint.

26. Cabot admits that the quoted language constitutes one part of the text of the letter that is attached to the Complaint as Exhibit B. Cabot otherwise denies the allegations contained in Paragraph 26 of the Complaint.

27. Cabot denies the allegations contained in Paragraph 27 of the Complaint.

28. Cabot admits that the parties engaged in discussions in 2000 regarding a potential binding, multi-year contract for the sale of tantalum products, and that AVX

expressed dissatisfaction regarding the contract terms proposed by Cabot.  Cabot otherwise denies the allegations contained in Paragraph 28 of the Complaint.

29.     Cabot admits that the document attached to the Complaint as Exhibit C is a true copy of a binding, multi-year contract for the sale of tantalum products that Cabot and AVX executed in late 2000, and which became effective on January 1, 2001.  To the extent that allegations contained in Paragraph 29 of the Complaint purport to characterize the terms of Exhibit C, Cabot states that the document speaks for itself.  Cabot otherwise denies the allegations contained in Paragraph 29 of the Complaint.

30.     Cabot denies the allegations contained in Paragraph 30 of the Complaint.

31.     Cabot admits that it has expressed, both publicly and privately, a willingness to work with its existing customers, including AVX, in an effort to help them ameliorate the effects of any significant economic downturn in their businesses.  Cabot otherwise denies the allegations contained in Paragraph 31 of the Complaint

32.     Cabot denies the allegations contained in Paragraph 32 of the Complaint.

### Causes of Action

### COUNT I

33.     Cabot hereby repeats and incorporates by reference its responses to Paragraphs 1 through 32 of the Complaint, *supra*.

34.     Cabot admits the allegations contained in Paragraph 34 of the Complaint.

35.     Cabot denies the allegations contained in Paragraph 35 of the Complaint.

36.     Cabot denies the allegations contained in Paragraph 36 of the Complaint.

37.     To the extent that Paragraph 37 of the Complaint contains additional allegations

of fact, Cabot denies those allegations. To the extent that Paragraph 37 states conclusions of law, no response by Cabot is required.

38.     Cabot denies the allegations contained in Paragraph 38 of the Complaint.

39.     To the extent that Paragraph 39 of the Complaint contains allegations of fact, Cabot denies those allegations. To the extent that Paragraph 39 states conclusions of law, no response by Cabot is required.

40.     Cabot denies the allegations contained in Paragraph 40 of the Complaint.

41.     Cabot denies the allegations contained in Paragraph 41 of the Complaint.

## Request for Relief

The allegations contained in this section of the Complaint, numbered 1-3, are a mere recitation of AVX's request for relief to which a response by Cabot is neither appropriate nor required. To the extent a response is deemed necessary, Cabot denies the allegations contained in this section of the Complaint.

## Affirmative Defenses

Discovery and investigation may reveal that any one or more of the following defenses should be available to Cabot in this matter. Cabot therefore asserts said defenses in order to preserve the right to assert them. Upon the completion of discovery, and if the facts warrant, Cabot may withdraw any of these defenses as may be appropriate. Further, Cabot expressly reserves the right to amend this Answer to assert additional defenses and/or claims as discovery proceeds. Further answering and by way of defense, Cabot states as follows:

## First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

AVX's claims against Cabot, if any, are barred by the doctrine of accord and satisfaction.

### Third Affirmative Defense

AVX's claims against Cabot, if any, are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

AVX'S claims against Cabot, if any, are barred by the doctrine of waiver.

### Fifth Affirmative Defense

AVX's claims against Cabot, if any, are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

AVX's claims against Cabot, if any, are barred by the applicable statutes of limitations.

### Seventh Affirmative Defense

AVX's claims against Cabot, if any, are barred by the applicable statute of frauds.

### Eighth Affirmative Defense

AVX's claims against Cabot, if any, are barred by the doctrine of laches.

### Ninth Affirmative Defense

AVX's recovery from Cabot, if any, should be reduced or eliminated to the extent that AVX has failed to take action reasonably necessary to mitigate its damages.

### Tenth Affirmative Defense

AVX is barred from recovering some or all of its alleged damages by the terms of the parties' agreement.

### Eleventh Affirmative Defense

Any and all actions taken by Cabot were in accordance with, and thus were authorized under, the parties' 2001 Supply Agreement.

### Twelfth Affirmative Defense

AVX's claims against Cabot, if any, are barred because there was no concerted action.

### Thirteenth Affirmative Defense

AVX's claims against Cabot, if any, are barred because AVX has not properly defined the relevant products or market.

### Fourteenth Affirmative Defense

AVX's claims against Cabot, if any, are barred because no antitrust injury has been suffered on account of the conduct alleged in the Complaint.

### Fifteenth Affirmative Defense

AVX's claims against Cabot, if any, are barred because AVX cannot prove any antitrust injury on account of the conduct alleged in the Complaint.

### Sixteenth Affirmative Defense

AVX's claims against Cabot, if any, are barred because AVX cannot prove any harm to competition on account of the conduct alleged in the Complaint.

### Seventeenth Affirmative Defense

AVX's claims against Cabot, if any, are barred because the losses complained of, if any, were caused by AVX's own conduct or by the conduct of others for whom Cabot is not responsible.

### Eighteenth Affirmative Defense

AVX's claims against Cabot, if any, are barred as a result of the collateral effect of prior judicial findings and determinations involving the parties.

### Nineteenth Affirmative Defense

AVX's claims against Cabot, if any, are barred by AVX's knowing and voluntary agreement to the terms complained of in the Complaint.

WHEREFORE, Cabot denies that AVX is entitled to the relief demanded in the Complaint or any other relief.  Accordingly, Cabot respectfully requests that this Court enter judgment on each count of the Complaint in favor of Cabot, award Cabot its costs, attorney's fees, and expenses incurred in this action, and grant such other and further relief that this Court deems just and appropriate in the circumstances.

### Jury Demand

Cabot demands a trial by jury of all claims so triable.


CABOT CORPORATION

By its attorneys,


/s/ Brian A. Davis
Robert S. Frank, Jr. (BBO No. 177240)
Brian A. Davis (BBO No. 546462)
Terrence M. Schwab (BBO No. 650793)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: 617-248-5000
Facsimile: 617-248-5000

Date:  December 6, 2005

4018621 1

-10-

## CERTIFICATE OF SERVICE

I, Brian A. Davis, hereby certify that on this 6th day of December, 2005, I caused to be served a true and correct copy of the Answer of Defendant Cabot Corporation on counsel of record for AVX Corporation and AVX Limited at the address, and in the manner, indicated below:

Evan M. Slavitt, Esq.                    [ ] U.S. Mail
Bodoff & Slavitt LLP                     [ ] Facsimile
225 Friend Street                        [X] Overnight Delivery
Boston, MA 02114-1812                    [ ] Hand Delivery


                                         /s/ Brian A. Davis
                                         Brian A. Davis (BBO No. 546462)