UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION and<br>AVX LIMITED,<br><br>   Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-10467-RGS<br>)<br>)<br>)<br>)<br>) |

FILED IN
OPEN COURT
12-7-05

## JOINT STATEMENT OF PROPOSED PRE-TRIAL SCHEDULE

In accordance with Fed. R. Civ. P. 16(b) and L.R. 16.1(D), the parties respectfully submit the following proposed pre-trial schedule.

**I.**   **Claims for Relief**

 A.   Plaintiffs' Statement of Claims

Plaintiffs AVX Corporation and AVX limited (collectively "AVX") bring this action against defendant Cabot Corporation ("Cabot") for violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 14.

AVX manufactures capacitors. In doing so, it makes use of tantalum, a naturally occurring element. Cabot is one of the world's largest suppliers of refined tantalum. In order to make its capacitors, AVX relies heavily on Cabot's tantalum as that tantalum is more appropriately refined for AVX's needs. Because of the long-standing relationship between the parties and the grade of certain of Cabot's tantalum products AVX relies on Cabot's tantalum to complete the supplies it must deliver to its customers. Cabot manufactures a variety of tantalum

products, including powder, wire, and a semi-refined tantalum ore ["$K_2TaF_7$"] (collectively, "Tantalum Products"). Cabot manufactures a particular grade of powder designated C-255 and C-275, which is also commonly referred to as "flake" powder.

On or around January 1, 2001, AVX and Cabot executed a multi-year contract for the sale of Tantalum Products, entitled the 2001 Supply Agreement (the "Agreement" or "2001 Supply Agreement"). Pursuant to the terms and conditions of the Agreement, AVX is obligated to buy, and Cabot is obligated to sell, more than 1,500,000 pounds of both "flake" and non-flake Tantalum Products over a five-year period at the prices set forth in the Agreement.

AVX alleges that Cabot conditioned its sale of "flake" powders to AVX on the purchase other, non-flake tantalum products. AVX alleges that at the time Cabot and AVX entered into the 2001 Supply Agreement, Cabot had the requisite market power sufficient to restrain free competition in the market for Tantalum Products. AVX alleges that Cabot's conduct substantially lessened competition in violation of 15 U.S.C. §§ 1 and 14.

B. Defendant's Statement of Claims

Cabot is a manufacturer of tantalum. Cabot sells tantalum to AVX for use in the production of electronic capacitors. Cabot and AVX have had, and continue to have, a long-standing business relationship. For many years prior to 2001, AVX purchased substantial quantities of tantalum powder and tantalum wire (collectively, with semi-refined tantalum ore ["KTaF"], "Tantalum Products" or "Products") from Cabot for use in the manufacture of tantalum capacitors.

Historically, AVX purchased Tantalum Products from Cabot under non-binding Letters of Intent. For many years prior to 2000, Cabot endeavored to convince AVX to enter into binding, long-term contracts for the supply of Tantalum Products. AVX resisted those efforts because AVX wished to remain free to place the onus of any adverse fluctuations in market

-3-

conditions on Cabot. In 2000, Cabot renewed its efforts to negotiate a binding, long-term contract with AVX. AVX, in turn, expressed a strong interest in securing a reliable, long-term supply of Tantalum Products in multiple forms, including nodular, flake and KTaF. Those negotiations culminated in the voluntary execution of a written, binding, five-year "Supply Agreement" between Cabot and the AVX that took effect on or around January 1, 2001 (the "2001 Supply Agreement" or "Agreement"). Pursuant to the terms and conditions of the Agreement, AVX agreed to buy, and Cabot agreed to supply, more than 1,500,000 pounds of Tantalum Products over a five-year period at the prices set forth in the Agreement. Since entering into the 2001 Supply Agreement, AVX has purchased, and continue to purchase, substantial quantities of Tantalum Products from Cabot in accordance with the terms and conditions of that Agreement.

AVX now brings this action against Cabot alleging violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 14 by "tying" the sale of its flake powder on the purchase of other, non-flake tantalum products. AVX further alleges that Cabot had market power sufficient to restrain free competition in the market for Tantalum Products, and that Cabot's conduct substantially lessened competition. Cabot denies AVX allegations.

II. **Summary of Items**

   A. **Settlement Discussions**

The parties engaged in settlement discussions prior to formal service of the Complaint. Those discussions were unsuccessful, but the parties remain open to a possible out-of-court resolution.

   B. **Proposed Discovery Schedule**

   1. *Initial Discovery under Fed. R. Civ. P. 26 and Local Rule 26.2(A)*

   (a) The parties will exchange the required initial disclosure information by December 31, 2005.

   2. *Pleadings*

December 31, 2005 is the latest date on which the parties may amend their pleadings.

   3. *Document Discovery*

   (a) The parties may propound written discovery anytime after December 31, 2005.

   (b) The parties agree to be bound by Fed. R. Civ. P. 26 and Local Rule 34.1(E) regarding any document or thing claimed to be privileged.

   4. *Interrogatories*

Each party shall have a total of twenty-five (25) interrogatories that can be used at any time during fact discovery.

   5. *Requests for Production*

Each party shall be bound by the discovery event limitations imposed by Local Rule 26.1(C).

   6. *Depositions*

Each party shall be bound by the discovery limitations imposed by Local Rule 26.1(C).

   7. *Completion of Discovery*

All fact discovery (excluding expert discovery) shall be completed by August 31, 2006.

   8. *Expert Discovery*

-4-

Expert witnesses and related information shall be disclosed as specified in Fed. R. Civ. P. 26(a)(2) except that:

(a) All final reports of experts under Fed. R. Civ. P. 26(a)(2)(B) shall be provided to the other party within 14 days of receipt, but no later than October 1, 2006 for the Plaintiffs, and no later than November 1, 2006 for the Defendant.

(b) All responsive reports from the Plaintiff's experts are due by November 15, 2006.

The parties agree that they will have the right to cross-depose expert witnesses.

9. *General Stipulations Regarding Discovery*

(a) All discovery, including expert discovery, shall be complete by December 15, 2006.

(b) Each party is required to supplement its answers to interrogatories and document requests as required by the Federal Rules.

(c) The parties believe that it will be necessary for the Court to enter a protective order in this action governing the production and treatment of confidential business information. The parties intend to negotiate a draft protective order and submit to the Court for its review and approval before December 31, 2005.

(d) In a good faith effort by either party to avoid additional costs, either party may request a further case management conference or alteration of the schedule should any pending dispositive motions cause delay in discovery events.

10. *Dispositive Motions*

All dispositive motions shall be filed by January 5, 2007. The parties agree that oppositions to dispositive motions shall be filed within four weeks of receiving the underlying dispositive motion.

11. *Final Pre-Trial Conference*

A final pre-trial conference shall be held as the Court determines.

12. *Trial*

The case shall be ready for trial by the end of February 2007.

13. *Alternative Dispute Resolution*

The parties agree to re-explore the possibility of alternative dispute resolution at the close of all discovery.

C. Magistrate Judge

The parties do not consent to trial by magistrate judge in this case.

D. Local Rule 16.1(D)(3) Certifications

The parties attach hereto the certifications from counsel and authorized representatives of each party that they have conferred on the matters set forth in Local Rule 16.1(D)(3).

| AVX CORPORATION and AVX LIMITED | CABOT CORPORATION |
|---|---|
| By their attorneys, | By its attorneys, |
| Evan Slavitt (BBO No. 446510) <br> Tish L. Berard (BBO No. 662935) <br> Bodoff & Slavitt LLP <br> 225 Friend Street <br> Boston, MA 02114-1812 <br> Tele: (617) 742-7300 | Robert S. Frank, Jr. (BBO No.177240) <br> Brian A. Davis (BBO No.546462) <br> Terrence M. Schwab (BBO No. 650793) <br> Choate Hall & Stewart LLP <br> Two International Place <br> Boston, MA 02110 <br> Tele: (617) 248-5000 |

Date: December 7, 2005

4018762.1