UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION and AVX LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 04-10467-RGS |

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents, materials and other information of the parties or other entities subject to discovery, disclosure or use in this action may be claimed to constitute or contain confidential, trade secret, or proprietary commercial information; and

WHEREAS, the interests of the parties to this action, and the proprietary activities in which they are engaged, would be jeopardized if non-public scientific, product development, marketing, strategic, planning, financial and other confidential, competitively sensitive materials and information that is produced or used in this action were disclosed; and

WHEREAS, the parties wish to ensure that any and all proprietary or confidential commercial information that is produced or used in this action is not disseminated beyond the confines of this action and any related litigation;

NOW, THEREFORE, the parties to this action hereby stipulate and agree, pursuant to Fed. R. Civ. P. 26(c)(7), and this Court hereby orders as follows:

1. This Stipulated Protective Order (the "Stipulated Order") shall govern the handling and treatment in this action of all confidential, trade secret, or proprietary documents, materials and other information, including deposition testimony and deposition transcripts, that have been or will be produced, provided or used in the course of pre-trial discovery and preparation for trial herein and in any related litigation, including without limitation the court actions titled <u>Cabot Corporation v. AVX Corporation and AVX Limited</u>, Massachusetts Superior Court for Suffolk County Civil Action No. 03-1235-BLS (currently on appeal before the Massachusetts Appeals Court, Appeal No. 05-P-1688), and <u>AVX Corporation and AVX Limited v. Cabot Corporation</u>, Massachusetts Superior Court for Suffolk County Civil Action No. 05-3816-BLS (which other actions hereinafter are referred to as the "Related Litigation" or, collectively with this action, the "Litigation").

2. Documents produced and testimony given in the Litigation designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the provisions of this Stipulated Order (or under any similar order entered in the Related Litigation) shall be used solely for purposes of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose, including without limitation any commercial or business purpose, absent the prior written consent of the "Producing Party" (as hereinafter defined) or leave of the Court.

3. For purposes of this Stipulated Order, the term "Producing Party" shall mean any party to the Litigation who produces or discloses information or materials in the Litigation or whose witnesses gives deposition testimony. The term "Producing Party" also shall include any non-party who agrees, in writing, to be bound by this Stipulated Order pursuant to Paragraph 10, *infra*, and produces or discloses confidential or proprietary information in the Litigation. The term "Receiving Party" shall mean any person to whom information or materials are produced or disclosed in the Litigation or who elicits deposition testimony from a Producing Party.

4.  For purposes of this Stipulated Order the words "document" and "documents" shall mean all written or electronic documents, data, materials, videotapes, and other tangible items, and all information contained therein or that can be derived therefrom.

5.  Any party may designate as "CONFIDENTIAL" any document or information (including discovery responses or portions thereof), not known to the general public, which that party, in good faith, deems to incorporate or embody confidential, trade secret, or proprietary commercial information. Such designation shall be made at the time of delivery of a copy of the document or information to the Receiving Party. The designation "Confidential" shall be made by stamping or writing the words "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the face of the copy of the document or information delivered to the Receiving Party.

6.  Notwithstanding the provisions of Paragraph 5, *supra*, any party may designate as "HIGHLY CONFIDENTIAL" any document or information (including discovery responses or portions thereof), not known to the general public, if that party, in good faith, deems the information contained therein to be particularly sensitive (*e.g.*, highly confidential scientific research, business plans or strategies, or other competitive information), such that its disclosure to one party could cause the loss of a significant competitive advantage to another party or its customers. Such designation shall be made at the time of delivery of a copy of the document or information to the Receiving Party. The designation "Highly Confidential" shall be made by stamping or writing the words "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the face of the copy of the document or information delivered to the Receiving Party.

7.  Documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Stipulated Order hereinafter are referred

to as "CONFIDENTIAL MATERIAL." All CONFIDENTIAL MATERIAL not reduced to documentary or tangible form or which cannot conveniently be designated in the manner set forth in Paragraphs 5 and 6, *supra*, shall be designated by the Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by informing the Receiving Party of such designation in writing contemporaneous with the production of the CONFIDENTIAL MATERIAL and by labeling the container for such CONFIDENTIAL MATERIAL with the appropriate legend.

8.   If a Producing Party elects to produce original files and records for inspection and the inspecting party desires to inspect those files, no confidentiality designations need be made by the Producing Party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain protected subject matter with the appropriate designation at the time the copies are produced to the inspecting party.

9.   Documents and information produced prior to the commencement of this action that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Producing Party, including without limitation documents and information produced in the Related Litigation, shall be accorded the same designations and shall be treated in all appropriate respects as CONFIDENTIAL MATERIAL for purposes of this action.

10.  Third-parties to the Litigation may accept and agree to be bound by the terms of this Stipulation, *provided that* any such third-party first shall execute an acknowledgment, in the form attached hereto as Exhibit A, and provide a copy of the executed Exhibit A to all current parties. Any third-party to the Litigation that thereby agrees to be bound by the terms of this Stipulated Order may designate any discoverable documents or information not known to the general public which the third-party, in good faith, deems to be confidential, trade secret, or

proprietary in nature, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by means of the procedures described in Paragraphs 5 and 6, *supra*. All documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a third-party in accordance with the terms of this Stipulated Order shall be treated by the parties as CONFIDENTIAL MATERIAL.

11.   Notwithstanding the foregoing, a Producing Party or third-party's inadvertent failure to designate a document or information as CONFIDENTIAL MATERIAL as set forth in Paragraphs 5 and 6, *supra*, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Stipulated Order. Promptly upon learning of an inadvertent failure to designate a document or information as CONFIDENTIAL MATERIAL, the Producing Party or third-party may so designate a document or information as CONFIDENTIAL MATERIAL, with the effect that the designated document or information thereafter shall be subject to the protections of this Stipulated Order. In the event that a belated designation is made, each Receiving Party promptly shall take all reasonable steps to retrieve the relevant material to the extent it has been disclosed to persons who would not be authorized to view it under Paragraphs 13 and 14, *infra*, and shall return any unmarked copies of the relevant material that are recovered to the Producing Party or third-party within thirty (30) days of the receipt of properly marked, substitute copies from the Producing Party.

12.   Any party or participating third-party may designate any deposition transcript or portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so stating on the record or by giving notice in writing to the other parties and participating third-parties within thirty (30) calendar days of receipt of the deposition transcript, prior to which time all deposition transcripts shall be treated by the parties as CONFIDENTIAL MATERIAL in their entirety. Whenever CONFIDENTIAL MATERIAL is expected to be disclosed in a deposition, the Producing Party or third-party shall have the right to exclude from attendance at the deposition

every person except the deponent, the stenographer, and those individuals authorized under Paragraphs 13 and 14 of this Stipulated Order, *infra*, to receive the CONFIDENTIAL MATERIAL. All designations of confidentiality shall be made reasonably and in good faith. Those portions of a transcript constituting CONFIDENTIAL MATERIAL shall be separately bound and marked by the stenographer or court reporter.

13. All documents designated as "CONFIDENTIAL" and any information obtained from such documents shall be retained by outside counsel, shall be used for the purposes of the Litigation only, and for no other purpose, and shall not be disclosed to any other person; *provided, however, that* documents designated as "CONFIDENTIAL" may be disclosed to the following:

(a) outside counsel and members, associates and employees of the firms of which outside counsel are members. For purposes of this Stipulated Order, "outside counsel" shall mean the firm of Bodoff & Slavitt LLP for plaintiffs AVX Corporation and AVX Limited, and the firm of Choate, Hall & Stewart LLP for defendant Cabot Corporation;

(b) present in-house counsel and employees of each party who are given access to the documents by outside counsel for said party as is necessary for the purposes of the Litigation and for no other purpose;

(c) former employees of each party who are given access to the documents by outside counsel for said party as is necessary for the purposes of the Litigation and for no other purpose, *provided that* each such former employee first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;

(d) the Court, as provided in Paragraph 16, *infra*;

(e) stenographic personnel and court reporters providing services in the Litigation;

(f) outside experts or consultants retained by a party for purposes of the Litigation, *provided that* each such expert or consultant first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;

- (g) any witness or deponent who may or actually does give testimony in the Litigation, *provided that*: (i) such witness or deponent is listed on the face of the CONFIDENTIAL MATERIAL, is the originator, author, or an identified recipient of such CONFIDENTIAL MATERIAL, has personal knowledge concerning such CONFIDENTIAL MATERIAL, or has personal knowledge regarding the subject matter of the CONFIDENTIAL MATERIAL; (ii) such witness or deponent is an officer, director, or employee of the Producing Party; (iii) the Producing Party consents in writing to the disclosure of the CONFIDENTIAL MATERIAL to such witness or deponent; or (iv) the Court orders such disclosure; and

- (h) any other person to whom the Producing Party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made.

14. All documents designated as "HIGHLY CONFIDENTIAL" and any information obtained from such documents shall be retained by outside counsel, shall be used for the purposes of the Litigation only and for no other purpose, and shall not be disclosed to any other person; *provided, however, that* documents designated as "HIGHLY CONFIDENTIAL" may be disclosed to the following:

- (a) outside counsel and members, associates and employees of the firms of which outside counsel are members;

- (b) a total of no more than two (2) in-house attorneys on a need-to-know basis;

- (c) the Court, as provided for in Paragraph 16, *infra*;

- (d) stenographic personnel and court reporters providing services in the Litigation; and

- (e) a group of not more than four (4) outside experts or consultants, *provided that* each such expert or consultant first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order; and

- (f) a single outside member of each party's board of directors *provided that* the Receiving Party first identify said director and obtain the Producing Party's prior written approval, and *provided that* the single outside director identified by the Receiving Party first execute an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order.

-7-

15. Counsel of record for the parties shall employ reasonable protective measures to ensure that the information and documents governed by this Stipulated Order are used only for the purposes specified herein, and disclosed only to authorized persons. All CONFIDENTIAL MATERIAL from a Producing Party shall be kept secure by those who are authorized to have access to such material as set forth in Paragraphs 13 and 14, supra.

16. All CONFIDENTIAL MATERIAL presented to the Court through argument, memoranda, pleadings or otherwise shall be submitted pursuant to the rules for impoundment set forth in Local Rule 7.2. All CONFIDENTIAL MATERIAL that a party is granted leave to file with the Court shall be submitted under seal by filing the document(s) in a sealed envelope or container bearing a statement substantially in the following form:

> CONFIDENTIAL INFORMATION -- SUBJECT TO PROTECTIVE
> ORDER ENTERED BY THE COURT
>
> This envelope (or container) containing the above-identified papers filed by (name of Party), is not to be opened nor the contents thereof displayed or revealed except by further Order of the Court or by agreement of the parties.

The contents of such filings shall be kept under seal by the Court and treated in accordance with the provisions of this Stipulated Order.

17. If any party that has received CONFIDENTIAL MATERIAL covered by this Stipulated Order: (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a party to the Litigation, for the purpose of obtaining the disclosure of such CONFIDENTIAL MATERIAL, the Receiving Party shall give prompt written notice of its receipt of such subpoena, demand or legal process to the appropriate Producing Party so as to allow the Producing Party at least ten (10) days, or such lesser time as such subpoena, demand or legal process specifies for production, to intercede and protect its rights. Provided that such notice is

given, nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulated Order to challenge or appeal any order requiring production of any CONFIDENTIAL MATERIAL, or to subject itself to any penalties for non-compliance with any subpoena, demand or legal process, or to seek any related relief from this Court.

18. The parties may make use of any CONFIDENTIAL MATERIAL in any way produced or obtained through discovery for any purpose in the Litigation. Nothing in this Stipulated Order, however, is intended to determine or affect, in any way, the admissibility of such CONFIDENTIAL MATERIAL. Furthermore, nothing herein shall be deemed to restrict in any manner any party's dissemination or use of its own CONFIDENTIAL MATERIAL.

19. In the event that any CONFIDENTIAL MATERIAL is, either intentionally or inadvertently, disclosed to someone not authorized to receive such material under this Stipulated Order, or if a person so authorized breaches any of his or her obligations under this Stipulated Order, counsel of record for the party involved immediately shall disclose the unauthorized disclosure or breach to the Producing Party's counsel of record, and also shall use his or her best efforts to obtain the return of all copies of the CONFIDENTIAL MATERIAL and to prevent any further disclosures of the same.

20. The restrictions concerning CONFIDENTIAL MATERIAL set forth in this Stipulated Order shall not apply to any document or information which, as can be demonstrated from written documents, deposition testimony or other tangible evidence:

(a) was, is or becomes public knowledge, not in violation of the provisions of this Stipulated Order;

(b) was or is acquired in good faith from a person not a Producing Party or third-party, related to a Producing Party or third-party, or a former or present employee of a Producing Party or third-party, having the right to disclose such information; or

(c) was or is discovered or created independently by the Receiving Party.

21. If any party objects to the designation by a party or third-party of any document or information as CONFIDENTIAL MATERIAL, the party shall state the objection by letter to counsel of record for the Producing Party, or by letter to the third-party directly if no counsel has appeared on their behalf, and copy all counsel of record in this action. After providing this notice of objection, the parties shall confer within seven (7) calendar days in an attempt to resolve the dispute regarding the designation of the documents or information. If the parties are unable to resolve the dispute, the objecting party may petition the Court to remove the CONFIDENTIAL designation. Until the Court rules on such motion, the documents or information at issue shall continue to be treated as CONFIDENTIAL MATERIAL.

22. Nothing herein shall preclude any party or third-party from seeking an order from the Court that any portion of the evidence be taken in camera, with all related testimony and CONFIDENTIAL MATERIAL sealed and withheld from the general public.

23. Upon final termination of this action, and exhaustion of all avenues of appeal, any party or other person subject to the terms of this Stipulated Order shall assemble and return to the originating source, or destroy, if such source so requests, all CONFIDENTIAL MATERIAL, and all copies thereof, *provided, however, that* outside counsel of record for each party may retain one copy of each said document solely for reference in the event of, and only in the event of, a dispute over the use or dissemination of information subject to the terms hereof, unless otherwise ordered by this Court.

24. Nothing herein shall prevent the parties or a party from seeking to amend, modify or change the terms of this Stipulated Order, either by means of a signed written agreement between the parties (and relevant third-parties, to the extent that their interests are affected) that is submitted to the Court, or by moving for relief from the Court. Furthermore, nothing in this

Stipulated Order shall be deemed to affect or govern the disclosure, dissemination, production, admissibility or use of documents or information claimed to be protected by the attorney-client privilege, the work product doctrine or any other privilege, immunity or protection.

25. This Stipulated Order shall be binding upon the parties hereto, upon their counsel of record, and upon their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents and independent contractors.

26. In the event anyone shall violate or threaten to violate the terms of this Stipulated Order, the aggrieved party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Order, and in the event that the aggrieved party does so, the responding party, subject to the provisions of this Stipulated Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.

27. This Stipulation is effective immediately and shall survive the conclusion of the Litigation. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulated Order.

AGREED TO BY THE PARTIES,

| CABOT CORPORATION | AVX CORPORATION and AVX LIMITED |
|---|---|
| By its attorneys, | By their attorneys, |
| /s/ Brian A. Davis<br>Robert S. Frank, Jr. (BBO No. 177240)<br>Brian A. Davis (BBO No. 546462)<br>CHOATE HALL & STEWART LLP<br>Two International Place<br>Boston, MA 02110<br>Tele: (617) 248-5000 | /s/ Evan Slavitt<br>Evan Slavitt (BBO No. 466510)<br>Tish L. Berard (BBO No. 662935)<br>BODOFF & SLAVITT LLP<br>225 Friend Street<br>Boston, MA 02114-1812<br>Tele: (617) 742-7300 |

Dated: January 3, 2006

SO ORDERED this 5th day of January, 2006

_____
The Honorable Richard G. Stearns
United States District Judge

4024595v1

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 04-10467-RGS<br>)<br>)<br>)<br>)<br>) |

**ACKNOWLEDGMENT OF COMPLIANCE
WITH STIPULATED PROTECTIVE ORDER**

The undersigned, on oath, deposes and states as follows:

I, _____, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of "Confidential Material" produced by the parties or third parties in the above-referenced action (the "Stipulated Order").

I have read, and I understand, the provisions of the Stipulated Order, and I hereby represent and warrant that I am bound by it and agree to abide by it. I further acknowledge that I may be held responsible for any failure on my part to comply with all provisions of the Stipulated Order, and agree to submit myself to the jurisdiction of this Court for purposes of enforcing the Stipulated Order.

Signed under the pains and penalties of perjury in _____(city, state).

Date:_____, 200\_\_\_\_    Signature:_____