# Exhibit D



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                                                SUPERIOR COURT

| | |
|---|---|
| CABOT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-1235-BLS |
| ) | (Judge van Gestel) |
| AVX CORPORATION ) | |
| and AVX LIMITED, ) | |
| ) | |
| Defendants. ) | |

### STIPULATION OF DISMISSAL OF UNRESOLVED CLAIMS WITHOUT PREJUDICE AND REQUEST FOR ENTRY OF FINAL JUDGMENT

Plaintiff Cabot Corporation ("Cabot") and defendants AVX Corporation and AVX Limited (collectively, "AVX"), constituting all of the parties to this proceeding, hereby stipulate, pursuant to Mass. R. Civ. P. 41(a)(1)(ii) and the Tolling Agreement between Cabot and AVX having an effective date of June 12, 2005, that Count VI of Cabot's Complaint and Count V of AVX's Answer, Counter-Claim and Jury Demand, being the only unresolved claims remaining in this action, are hereby dismissed without prejudice and without costs or attorney's fees to any party.

JUDGMENT ENTERED ON DOCKET AUG 4 2005 AS amended
PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS. R. CIV. P. 77(d) AS FOLLOWS

The parties further request that, in light of the dismissal of the foregoing claims and counterclaims, final judgment enter in this action in accordance with the Court's "Memorandum and Order on Cabot Corporation's Motion for Partial Summary Judgment," dated June 18, 2004, and amended June 22, 2004, with all costs waived and all rights of appeal reserved. A proposed form of Final Judgment is appended to this motion as Exhibit A.

| CABOT CORPORATION | AVX CORPORATION AND AVX LTD. |
|---|---|
| By its attorneys, | By their attorneys, |
| /s/ Robert S. Frank, Jr. | /s/ Evan M. Slavitt |
| Robert S. Frank, Jr. (BBO No. 130950) | Evan M. Slavitt (BBO No. 466510) |
| Brian A. Davis (BBO No. 546462) | Joni Moody (BBO No. 661684) |
| CHOATE, HALL & STEWART LLP | BODOFF & SLAVITT LLP |
| Exchange Place | 225 Friend Street – 7th Floor |
| 53 State Street | Boston, Massachusetts 02114-1812 |
| Boston, Massachusetts 02109 | Tele: 617-742-7300 |
| Tele: 617-248-5000 | |

Date: June 27, 2005

3940841.1

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON.
7/28/05

# Exhibit A

N.B. FOR CLERK'S USE ONLY
JUDGMENT ENTERED ON DOCKET _____, 2005
PURSUANT TO MASS. R. CIV. P. 58(a) AND NOTICE SENT
TO PARTIES PURSUANT TO MASS. R. CIV. P. 77(d)
AS FOLLOWS:

**************************************************************

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                        SUPERIOR COURT
                                                    CIVIL ACTION
                                                    NO. 03-1235-BLS
                                                    (Judge van Gestel)

CABOT CORPORATION

vs.

AVX CORPORATION & another.[1]

FINAL JUDGMENT
(SUMMARY)
(PURSUANT TO MASS. R. CIV. P. 56)

    THIS ACTION CAME ON FOR HEARING BEFORE THE COURT Allan van Gestel J., PRESIDING, UPON THE MOTION OF THE PLAINTIFF Cabot Corporation FOR PARTIAL SUMMARY JUDGMENT ON (a) COUNTS I, II, III, IV AND V OF THE COMPLAINT, AND (b) COUNTS I, II, III AND IV OF THE COUNTERCLAIM OF THE DEFENDANTS AVX Corporation and AVX Limited. THE COURT HAS CONSIDERED THE PLEADINGS, DEPOSITIONS, ANSWERS TO INTERROGATORIES, MEMORANDA AND AFFIDAVITS. THE PARTIES ALSO HAVE STIPULATED TO THE DISMISSAL WITHOUT PREJUDICE OF (a) COUNT VI OF THE COMPLAINT OF PLAINTIFF Cabot Corporation, AND (b) COUNT V OF THE COUNTERCLAIM OF DEFENDANTS AVX Corporation and AVX Limited AND TO A WAIVER OF COSTS. ACCORDINGLY, THE COURT FINDS THAT THERE ARE NO GENUINE ISSUES AS TO MATERIAL FACT AND THAT THE PLAINTIFF Cabot Corporation IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

---

[1] AVX Limited.


IT IS ORDERED AND ADJUDGED THAT:

JUDGMENT BE ENTERED ON COUNTS I, II, III, IV AND V OF THE COMPLAINT OF PLAINTIFF Cabot Corporation AND COUNTS I, II, III AND IV OF THE COUNTERCLAIM OF DEFENDANTS AVX Corporation and AVX Limited IN FAVOR OF PLAINTIFF Cabot Corporation AS SET FORTH IN THE FOLLOWING DECLARATION.

IT IS FURTHER ORDERED AND ADJUDGED AS FOLLOWS:

(1) The 2000 Letter of Intent was not a valid and binding contract between Plaintiff Cabot Corporation and Defendants AVX Corporation or AVX Limited, but rather was a non-binding, good faith estimate of the Defendants' anticipated needs; (2) Plaintiff did not breach any obligations that it had, or may have had, to Defendants under the 2000 Letter of Intent, including any obligation imposed by the implied covenant of good faith and fair dealing; (3) the 2001 Supply Agreement was not induced by undue economic duress, but rather was voluntarily entered into by the Plaintiff and the Defendants; (4) the 2001 Supply Agreement is valid and binding upon the Plaintiff and the Defendants; (5) Defendants repeatedly have ratified the terms of the 2001 Supply Agreement through their subsequent conduct; (6) pursuant to the terms of the 2001 Supply Agreement, the Defendants released any claims or other contractual rights that they had, or may have had, against the Plaintiff as of the date on which that Agreement was executed; and (7) Plaintiff did not engage in any unfair or deceptive acts or practices (willful, knowing, or otherwise) that violate M.G.L. c. 93A in its business dealings with the Defendants leading up to, and including, the execution of the 2001 Supply Agreement.

DATED AT BOSTON, MASSACHUSETTS, THIS ___ DAY OF _____, 2005.

MICHAEL JOSEPH DONOVAN,
CLERK OF COURT

By: _____
ASSISTANT CLERK

FORM OF JUDGMENT APPROVED:

_____
JUSTICE OF THE SUPERIOR COURT