# Exhibit E



N.B. FOR CLERK'S USE ONLY
JUDGMENT ENTERED ON DOCKET ___10/6/05___, 2005
PURSUANT TO MASS. R. CIV. P. 58(a) AND NOTICE SENT
TO PARTIES PURSUANT TO MASS. R. CIV. P. 77(d)
AS FOLLOWS:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                                            SUPERIOR COURT
                                                                                         CIVIL ACTION
                                                                                         NO. 03-1235 BLS
                                                                                         (Judge van Gestel)

CABOT CORPORATION

vs.

AVX CORPORATION & another.[1]

CORRECTED FINAL JUDGMENT
(SUMMARY)
(PURSUANT TO MASS.R.CIV.P. 56)

THIS ACTION CAME ON FOR HEARING BEFORE THE COURT Allan van Gestel J., PRESIDING, UPON THE MOTION OF THE PLAINTIFF, Cabot Corporation, FOR PARTIAL SUMMARY JUDGMENT ON (a) Counts I, II, III, IV and V of the Complaint, and (b) Counts I, II, III and IV of the Counterclaim of the Defendants AVX Corporation and AVX Limited – AND THE COURT HAVING CONSIDERED THE PARTIES' ARGUMENTS – PLEADINGS – MEMORANDA – AND AFFIDAVITS, FINDS THAT THERE ARE NO GENUINE ISSUES AS TO MATERIAL FACT AND THAT THE PLAINTIFF, Cabot Corporation, IS ENTITLED TO A JUDGMENT THEREON AS A MATTER OF LAW.

FURTHER, THE PARTIES HAVE STIPULATED TO THE DISMISSAL, WITHOUT PREJUDICE, OF (a) Count VI of the Complaint of the plaintiff, Cabot Corporation, and Count V of the Counterclaim of the defendants AVX Corporation and AVX Limited.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:

JUDGMENT BE ENTERED ON COUNTS I, II, III, IV AND V OF THE COMPLAINT OF PLAINTIFF Cabot Corporation AND COUNTS I, II, III AND IV OF THE

---

[1] AVX Limited.

COUNTERCLAIM OF THE DEFENDANTS <u>AVX Corporation and AVX Limited</u> IN FAVOR OF THE PLAINTIFF <u>Cabot Corporation</u>, AS SET FORTH IN THE FOLLOWING DECLARATION:

<u>(1) The 2000 Letter of Intent was not a valid and binding contract between Plaintiff, Cabot Corporation, and Defendants AVX Corporation or AVX Limited, but rather was a non-binding, good faith estimate of the Defendants' anticipated needs; (2) Plaintiff did not breach any obligations that it had, or may have had, to Defendants under the 2000 Letter of Intent, including any obligation imposed by the implied covenant of good faith and fair dealing; (3) the 2001 Supply Agreement was not induced by undue economic duress, but rather was voluntarily entered into by the Plaintiff and the Defendants; (4) the 2001 Supply Agreement is valid and binding upon the Plaintiff and the Defendants; (5) Defendants repeatedly have ratified the terms of the 2001 Supply Agreement through their subsequent conduct; (6) pursuant to the terms of the 2001 Supply Agreement, the Defendants released any claims or other contractual rights that they had, or may have had, against Plaintiff as of the date on which that Agreement was executed; and (7) Plaintiff did not engage in any unfair or deceptive acts or practices (willful, knowing, or otherwise) that violate G.L. c. 93A in its business dealings with the Defendants leading up to, and including, the execution of the 2001 Supply Agreement.</u>

DATED AT BOSTON, MASSACHUSETTS, THIS 28th DAY OF July, 2005.

MICHAEL JOSEPH DONOVAN,
CLERK OF COURT

By: _____
ASSISTANT CLERK

FORM OF JUDGMENT APPROVED:

_____
JUSTICE OF THE SUPERIOR COURT

2