UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVX CORPORATION and AVX LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 04-10467-RGS |
| v. | ) ) ) | |
| CABOT CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION FOR EXTENSION OF TIME**

After the passage of more than a year since the plaintiffs, AVX Corporation and AVX Limited (together, "AVX") served the defendant, Cabot Corporation ("Cabot") with written discovery, Cabot has still not fully responded to the discovery, has failed to produce any documents whatsoever and has raised numerous meritless objections. Rather than respond to AVX's motion to compel, Cabot seeks further delay by insisting that its response be tied to a potential discovery dispute concerning written discovery served by Cabot on AVX long after Cabot's responses to AVX were due.

**I.     BACKGROUND**

1.     In December 2005 the Court initially set a schedule for the case. On January 10, 2006 AVX served Cabot with a set of interrogatories and a document request. By agreement of the parties responses to that discovery were not due until after the Court decided Cabot's Motion for Judgment on the Pleadings. On July 21, 2006 the Court denied the motion.

1

2. Despite the passage of more than two months after the Court entered an Order denying Cabot's Motion for Judgment on the Pleadings Cabot still had not responded to the discovery requests. Cabot asked AVX for additional time to respond and in connection therewith, on October 5, 2006, the parties jointly moved to extend the deadlines including discovery to December 31, 2006. The Court granted the extension.

3. Still Cabot did not respond to the January 2006 discovery requests and after AVX consented to two further requests for additional time, on December 20, 2006 Cabot served its responses to the interrogatories and document requests. However Cabot made numerous objections and did not produce, and still has not produced, a single document.

4. On December 30, 2006 Cabot served its first discovery requests.

5. On January 30th, at AVX's request, the parties conferred about Cabot's objections to AVX's January 2006 discovery requests and Cabot's failure to produce documents. Again at Cabot's request, on January 30, 2007 the parties jointly moved to extend the deadlines. The Court granted the motion and extended each of the deadlines essentially by another 90 days.

6. In February 2007, AVX served additional discovery requests and two additional conferences failed to resolve AVX's concerns about Cabot failure to produce discovery required under the January 2006 requests.

7. On February 28th AVX served its responses to Cabot's discovery requests. As of that date, Cabot still had not produced a single document.

8. On March 1, 2007 AVX filed its motion to compel discovery required under the January 2006 requests. On March 8th, the Court granted AVX leave to file a

memorandum in excess of the page limit. On March 9th, Cabot requested AVX's consent for an extension until March 28th to file its opposition to AVX's motion to compel. AVX agreed to the requested extension on the express condition that there be no tie to any motion that Cabot might bring to compel discovery.

9.     On March 16th, Cabot served its responses to AVX's February 2007 discovery requests and raised numerous objections. AVX cannot know the extent of the issues arising from Cabot's March 2007 responses because Cabot has yet to produce a single document in response to either the January 2006 requests or the February 2007 requests. Accordingly, AVX has not requested a L.R. 37.1 conference concerning the discovery it requested in February 2007.

10.    On March 15th, AVX produced its documents to Cabot. On March 22nd, the parties conferred about AVX's responses to Cabot's initial discovery requests. In that discussion, Cabot's counsel argued that AVX's objection to certain discovery requests were based on AVX's counsel's mistake as to the relevant facts, which in turn required that AVX's counsel discuss with his client the fact argument made by Cabot's counsel. Contrary to Cabot's representation (¶ 3 of Cabot's motion) AVX's counsel informed Cabot's counsel that he would confer with AVX personnel both in South Carolina and in Britain and strive to get back to Cabot's counsel as soon as reasonably possible and in all events by Friday March 30th.

## II.     DISCUSSION

Cabot concedes that its stated predicate for further time may not come to pass. Cabot speculates "that it ultimately may be required to file a motion to compel" for further responses to its recent initial discovery requests. After AVX's counsel confers

with AVX management, they will confer again with Cabot's counsel seeking to work out the issues concerning Cabot's discovery requests without court intervention.

Cabot surely does not need additional time to respond to the discrete issues raised by AVX's motion to compel. Cabot was served with AVX's motion on March 1st and AVX agreed to an extension of time for Cabot to respond to March 28th. Cabot does not state any basis for needing more time other than it may or may not have to file its own motion to compel.

The issues raised by AVX should not be tied to anything other than AVX's request that Cabot comply with the rules of civil procedure.

Contrary to Cabot's wishful thinking, "all discovery disputes between the parties" cannot be brought to the Court's attention at this time. First, it is not a foregone conclusion that any requests of Cabot cannot be resolved. Moreover, the full extent of AVX's issues with Cabot's responses to AVX's February 2007 cannot be known at this time, and therefore any motion by AVX relating to those requests cannot be made until some period after Cabot finally produces its documents responsive to AVX's January 2006 requests.

### III.    CONCLUSION

Cabot has delayed beyond any reasonable measure in submitting its responses and, even so, has failed even to produce the documents it has said it would produce. It should not be allowed to come to this Court to complain about AVX's discovery

responses, which are still not yet ripe for decision, when it has failed to be responsive to AVX's requests. The court should require Cabot to respond to the Motion now.[1]

                AVX CORPORATION
                and AVX LIMITED ,

                By their attorneys,

                */s/ Richard A. Goren*
                Joseph S.U. Bodoff  (BBO No. 549116)
                Richard A. Goren  (BBO No. 203700)
                Ryan D. Sullivan  (BBO No. 660696)
                Bodoff & Associates
                225 Friend Street
                Boston, MA 02114
                617/742-7300

Dated:  March 23, 2007

**CERTIFICATE OF SERVICE**

    I, Richard Goren, hereby certify that on this 23rd day of March 2007, I caused a copy of the foregoing to be served on all counsel of record via the Electronic Court Filing System or regular first-class mail.

Dated:  March 23, 2007                */s/ Richard A. Goren*
                                                Richard A. Goren

---

[1] Of course, this Court is free to decide when to schedule a hearing on any of the discovery motions.