# TAB 5

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 04-10467-RGS<br>)<br>)<br>)<br>)<br>) |

## RESPONSES TO CABOT CORPORATION'S
## FIRST SET OF INTERROGATORIES

Plaintiffs respond to the Defendant's First Set of Interrogatories as follows.

## General Objections

1.　　Plaintiffs object to any definition or instruction that seeks to impose obligations different from, more expansive than, or inconsistent with the applicable rules.

## Responses To Interrogatories

1.　　Please describe in as much detail as reasonably possible what AVX contends is the relevant market for flake tantalum powder for purposes of Count I of the Complaint.

Response:　　Plaintiffs object because the interrogatory seeks to obtain the mental impressions of counsel and attorney work product. Notwithstanding, Plaintiffs state that the response to this Interrogatory will be contained in one or more reports of their experts.

2.    Please describe in as much detail as reasonably possible what AVX contends is the relevant market for nodular tantalum powder for purposes of Count I of the Complaint.

Response:    Plaintiffs object because the interrogatory seeks to obtain the mental impressions of counsel and attorney work product. Notwithstanding, Plaintiffs state that the response to this Interrogatory will be contained in one or more reports of their experts.

3.    Please describe in as much detail as reasonably possible each and every characteristic or property that AVX contends makes flake tantalum powder "unique in the industry" as referenced in Paragraph 14 of the Complaint.

Response:    Plaintiffs object because the interrogatory seeks to obtain the mental impressions of counsel and attorney work product. Notwithstanding, Plaintiffs state that, among other things, flake tantalum powder is unique in the industry because of the following unique characteristics:  Superior Cv/gm, Cv/cc, surge performance, breakdown voltage, ESR, capacitance and frequency response.

4.    Please identify all of AVX's Flake-Based Products, including in your answer, but not limiting your answer to, the complete case dimensions, technical specifications, capacitance and rated voltage (Vr) range, ratings and part reference numbers of each such product.

Response:    Plaintiffs refer Defendant to the documents it is producing in response to Requests Nos. 3, 4 and 5 contained in Response to Cabot Corporations First Request for Production of Documents and Things.

5.    Please identify all of AVX's Nodular-Based Products, including in your answer, but not limiting your answer to, the complete case dimensions, technical specifications, capacitance and rated voltage (Vr) range, ratings and part reference numbers of each such product.

Response:    Plaintiffs refer Defendant to the documents it is producing in response to Requests Nos. 3, 4 and 5 contained in Response to Cabot Corporations First Request for Production of Documents and Things.

6.    Please identify all of AVX's Niobium-Based Products, including in your answer, but not limiting your answer to, the complete case dimensions, technical specifications, capacitance and rated voltage (Vr) range, ratings and part reference numbers of each such product.

Response:    Plaintiffs object to this Interrogatory on the ground that the information requested is irrelevant and unlikely to lead to admissible evidence. By way of further response, Niobium-Based Products did not exist at the time of the inception of the contract.

7.    Please identify all Passive Electronic Component products manufactured by persons other than AVX that AVX understands compete with, or have competed with, AVX's Flake-Based Products, including in your answer, but not limiting your answer to, the manufacturer, complete case dimensions, technical specifications, capacitance and rated voltage (Vr) range, ratings and part reference numbers of each such competing product.

Response:    Plaintiffs object to this Interrogatory on the ground that the Interrogatory is unduly burdensome and the information requested is irrelevant and unlikely to lead to admissible evidence.

8.    Does AVX contend that nodular tantalum powder never can be used as a substitute for flake tantalum powder in the production of Passive Electronic Components?

Response:    Plaintiffs object to this Interrogatory on the ground that the word "substitute" is vague and the information requested is irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs answer that only certain products, identified in response to Interrogatory No. 4, can be made with flake.

9.    If your answer to Interrogatory No. 8, supra, is anything other than an unqualified affirmative, please describe in as much detail as reasonably possible the specific conditions or circumstances under which nodular tantalum powder can be used as a substitute for flake tantalum powder in the production of Passive Electronic Components.

Response:    Plaintiffs object to this Interrogatory on the ground that the word "substitute" is vague and the information requested is irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs answer that one cannot use nodular where the unique characteristics of flake tantalum powder set forth in response to Interrogatory No. 3 are required..

10.    Does AVX contend that Passive Electronic Components manufactured from nodular tantalum powder never can be used as a substitute for Passive Electronic Components manufactured from flake tantalum powder?

Response:    Plaintiffs object to this Interrogatory on the ground that the word "substitute" is vague and the information requested is irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs answer that the components it makes with nodular cannot be substituted for the components it makes with flake.

11.    If your answer to Interrogatory No. 10, supra, is anything other than an unqualified affirmative, please describe in as much detail as reasonably possible the specific conditions or circumstances in which Passive Electronic Components manufactured from nodular tantalum powder can be used as a substitute for Passive Electronic Components manufactured from flake tantalum powder.

Response:    Plaintiffs object to this Interrogatory on the ground that the word "substitute" is vague and the information requested is irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs answer that the nodular tantalum powder cannot be used as a substitute for flake tantalum powder whenever any of the unique characteristics of flake tantalum powder set forth in response to Interrogatory No. 3 are required.

12.    Does AVX contend that Passive Electronic Components manufactured from materials other than tantalum powder, including but not limited to niobium or niobium oxide, never can be used as a substitute for Passive Electronic Components manufactured from flake tantalum powder?

Response:     Plaintiffs object to this Interrogatory on the ground that the word "substitute" is vague and the information requested is irrelevant and unlikely to lead to admissible evidence.

13.     If your answer to Interrogatory No. 12, supra, is anything other than an unqualified affirmative, please describe in as much detail as reasonably possible the specific conditions or circumstances in which Passive Electronic Components manufactured from materials other than tantalum powder, including but not limited to niobium or niobium oxide, can be used as a substitute for Passive Electronic Components manufactured from flake tantalum powder.

Response:     Plaintiffs object to this Interrogatory on the ground that the word "substitute" is vague and the information requested is irrelevant and unlikely to lead to admissible evidence.

14.     Does AVX contend that it had no desire to purchase any nodular tantalum powder from Cabot during the period from January 1, 2001 through December 31, 2005 at the time that AVX entered into the Agreement?

Response:     No.

15.     If your answer to Interrogatory No. 14, supra, is anything other than an unqualified affirmative, please identify the specific nodular tantalum powder products that AVX desired to purchase from Cabot during the period from January 1, 2001 through December 31, 2005 at the time that AVX entered into the Agreement, including in your answer, but not limiting your answer to, the quantity(ies) of each type of nodular tantalum powder that AVX desired to purchase from Cabot during the period.

Response:    Plaintiffs object to this Interrogatory on the ground that there is no point of reference as to when the Plaintiffs desired the specified products during the period specified. Notwithstanding, Plaintiffs respond that the amount they desired for 2001 is reflected in the short-term supply agreement for that year.

16.    Did AVX intend, as of the time it entered into the Agreement, to have some or all of the $K_2TaF_7$ that it agreed to purchase in the Agreement tolled or converted into Tantalum Products?

Response:    Plaintiffs object to this Interrogatory on the ground that the information requested is irrelevant and unlikely to lead to admissible evidence.

17.    If your answer to Interrogatory No. 16, supra, is anything other than an unqualified negative, please identify the specific Tantalum Products (e.g., tantalum powder, tantalum wire, etc.) and types of Tantalum Products (e.g., flake tantalum powder, nodular tantalum powder, etc.) into which AVX intended to have the $K_2TaF_7$ that it agreed to purchase in the Agreement tolled or converted.

Response:    Plaintiffs object to this Interrogatory on the ground that the information requested is irrelevant and unlikely to lead to admissible evidence.

18.    Please identify the specific Tantalum Products (e.g., tantalum powder, tantalum wire, etc.), types of Tantalum Products (e.g., flake tantalum powder, nodular tantalum powder, etc.), and grades of Tantalum Products (by product number or designation) into which AVX actually had the $K_2TaF_7$ that it agreed to purchase in the Agreement tolled or converted, including in your answer, but not limiting your answer to, the quantity(ies) of each type of Tantalum Product produced as a result.

Response:    Plaintiffs object to this Interrogatory on the ground that the information requested is irrelevant and unlikely to lead to admissible evidence.

19.    Please state all facts upon which AVX relies in support of the allegation in Paragraph 38 of the Complaint that Cabot "conditioned AVX's purchase of flake powders on its purchase of non-flake powders," including in your answer, but not limiting your answer to, a complete description of the specific manner or means by which Cabot "conditioned AVX's purchase of flake powders on its purchase of non-flake powders."

Response:    Cabot refused to sell to AVX unless AVX entered into the 2001 Supply Agreement.

20.    Please state all of the damages that AVX claims to have sustained as a result of the "actions of Cabot" referenced in Paragraph 41 of the Complaint, including in your answer, but not limiting your answer to, the types or elements of damages sustained by AVX, the amount of damages sustained by AVX, and the precise method by which AVX calculates its damages.

Response:    AVX has not yet calculated its damages.

As to objections:

Joseph S. U. Bodoff (BBO #549116)
Richard A. Goren (BBO #203700)
Bodoff & Associates
225 Friend Street
Boston, MA  02114-1812
(617) 742-7300

Dated: February 28, 2007

{00020453.2}

## Verification

I, Kurt Cummings, state under the penalties of perjury that: I am Vice President, Chief Financial Officer, Treasurer and Secretary of AVX Corporation and AVX Limited; I have read the foregoing Responses to Cabot Corporation's First Set of Interrogatories and know the contents thereof; that said responses were prepared with the assistance and advice of counsel; the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, collected and thus far discovered in the course of preparation of these responses; that I reserve the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that, subject to the limitations set forth herein, these responses are true to the best of my knowledge, information and belief.

Signed under the penalties of perjury on this _28_ day of February, 2007.

_____
Kurt Cummings

## CERTIFICATE OF SERVICE

I hereby certify that on ~~the foregoing date~~ _March 2, 2007_ the foregoing was served on counsel of record by hand, courier, or first-class mail.

_____

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVX CORPORATION and AVX LIMITED,      Plaintiffs, <br><br> v. <br><br> CABOT CORPORATION,      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 04-10467-RGS |

## RESPONSE TO CABOT CORPORATION'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiffs, AVX Corporation and AVX Limited (referred to herein as "AVX " or the "Plaintiffs "), by their attorneys, respond to the Defendant's First Request for Production of Documents and Things as follows:

### GENERAL OBJECTIONS

1.    AVX objects to the instructions and definitions as set forth in Defendant's First Request for Production of Documents to the extent that such instructions and definitions attempt to impose obligations upon AVX which are not mandated by the Federal Rules of Civil Procedure, or which change the ordinary and customary meaning of terms and phrases.  AVX further objects to these instructions and definitions to the extent that compliance with any or all of these instructions or definitions would render the proposed discovery unduly burdensome, harassing, and oppressive.

2.    AVX objects to these requests to the extent that they seek information and/or the identification of documents which may be protected by the attorney/client privilege, the attorney work product doctrine, or any other applicable privilege or

protection. Any disclosure of privileged documents by AVX will be inadvertent and AVX reserves the right to and will seek the return of such documents.

3.    The answers and objections to specific requests are based upon the present knowledge of AVX. Much of the information requested by the Defendant calls for the recounting of events, transactions, or communications that may have occurred many years ago, and AVX may discover information after responding to these requests that renders portions of the responses incomplete or invalid. AVX reserves the right to subsequently alter, amend, modify, and/or supplement these discovery responses as provided for in the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.    Documents sufficient to identify what AVX contends is the relevant market for flake tantalum powder for purposes of Count I of the Complaint.

Response:    Plaintiffs object to this Request on the ground that it calls for the mental impressions of counsel and attorney work-product. Notwithstanding, Plaintiffs will produce such documents identified by Plaintiffs' experts at such time as the expert produces its report.

2.    Documents sufficient to identify what AVX contends is the relevant market for nodular tantalum powder for purposes of Count I of the Complaint.

Response:    Plaintiffs object to this Request on the ground that it calls for the mental impressions of counsel and attorney work-product. Notwithstanding, Plaintiffs will produce such documents identified by Plaintiffs' experts at such time as the expert produces its report.

3.    Documents sufficient to identify all of AVX's Flake-Based Products, including, but not limited to, documents sufficient to identify the complete case dimensions, technical specifications, capacitance and rated voltage (Vr) range, ratings and part reference numbers of each such product.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

4.    Documents sufficient to identify all of AVX's Nodular-Based Products, including, but not limited to, documents sufficient to identify the complete case dimensions, technical specifications, capacitance and rated voltage (Vr) range, ratings and part reference numbers of each such product.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

5.    Documents sufficient to identify all of AVX's Niobium-Based Products, including, but not limited to, documents sufficient to identify the complete case dimensions, technical specifications, capacitance and rated voltage (Vr) range, ratings and part reference numbers of each such product.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence.

6.      All documents concerning the performance of, or potential uses for, any of AVX's Flake-Based Products, including, but not limited to, all specifications, technical articles, marketing plans, marketing studies, product brochures, sales proposals and sales presentations.

Response:      Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

7.      All documents concerning the performance of, or potential uses for, any of AVX's Niobium-Based Products, including, but not limited to, all specifications, technical articles, marketing plans, marketing studies, product brochures, sales proposals and sales presentations.

Response:      Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence.

8.      All documents concerning the marketing of AVX's Flake-Based Products, including, but not limited to, all market descriptions, marketing plans, marketing studies, market analyses, competitive analyses, product brochures, sales proposals and sales presentations.

Response:      Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

9.    All documents concerning the marketing of AVX's Niobium-Based Products, including, but not limited to, all market descriptions, marketing plans, marketing studies, market analyses, competitive analyses, product brochures, sales proposals and sales presentations.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence.

10.    All documents concerning any comparison of any of AVX's Flake-Based Products to any of AVX's Nodular-Based Products, including, but not limited to, all specifications, technical articles, product brochures, sales proposals and sales presentations.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

11.    All documents concerning any comparison of any of AVX's Flake-Based Products to any of AVX's Niobium-Based Products, including, but not limited to, all specifications, technical articles, product brochures, sales proposals and sales presentations.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

12.    Documents sufficient to identify all Passive Electronic Component products manufactured by persons other than AVX that AVX understands compete with, or have competed with, AVX's Flake-Based Products, including, but not limited to, documents sufficient to identify the manufacturer, complete case dimensions, technical specifications, capacitance and rated voltage (Vr) range, ratings and part reference numbers of each such competing product.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

13.    All documents concerning any actual or proposed attempt or effort by AVX to substitute or replace flake tantalum powder with nodular tantalum powder in any of AVX's Flake-Based Products, including, but not limited to, all proposals, feasibility studies, specifications, test protocols, test results or production reports.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

14.    All documents concerning any actual or proposed attempt or effort by AVX to develop, market or sell any Passive Electronic Component that does not use or incorporate flake tantalum powder as an alternative or substitute for any of AVX's Flake-Based Products, including, but not limited to, all proposals, feasibility studies, technical articles, agreements, specifications, test protocols, test results or production reports.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

15.    All documents concerning any communication or agreement between or among AVX and any other person concerning any actual or proposed attempt or effort to develop, market or sell any Passive Electronic Component that does not use or incorporate flake tantalum powder as an alternative or substitute for any of AVX's Flake-Based Products, including, but not limited to, all proposals, feasibility studies, technical articles, agreements, specifications, test protocols, test results or production reports.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

16.    All documents concerning any communication or agreement between or among AVX and any other person concerning any actual or proposed attempt or effort to develop, market or sell any Tantalum Product that could be used by AVX as an alternative or substitute for flake tantalum powder in any AVX Passive Electronic Component product, including, but not limited to, all proposals, feasibility studies, technical articles, specifications, agreements, test protocols, test results or production reports.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to

admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

17.    All documents concerning any communication or agreement between or among AVX and any other person concerning any actual or proposed attempt or effort to develop, market or sell any material other than a Tantalum Product that could be used by AVX as an alternative or substitute for flake tantalum powder in any AVX Passive Electronic Component product, including, but not limited to, all proposals, feasibility studies, technical articles, agreements, specifications, test protocols, test results or production reports.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

18.    All documents concerning any communication between or among AVX and any other person concerning any actual or proposed alternatives to, or substitutes for, any of AVX's Flake-Based Products, including, but not limited to, all correspondence, proposals, feasibility studies, agreements, specifications, technical articles, test protocols, test results or production reports.

Response:    Plaintiffs object to this Request on the ground that the request is unduly burdensome and the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

19.    All documents concerning any communication between or among AVX and any other person concerning any actual or proposed alternatives to, or substitutes for, flake tantalum powder in any of AVX's Flake-Based Products, including, but not limited to, all correspondence, proposals, feasibility studies, technical articles, agreements, specifications, test protocols, test results or production reports.

Response:    Plaintiffs object to this Request on the ground that the requested documents are irrelevant and unlikely to lead to admissible evidence. Notwithstanding, Plaintiffs will produce one or more documents responsive to this Request.

20.    All documents concerning the conversion or tolling of any K2TaF7 that AVX purchased from Cabot under the Agreement into any Tantalum Product, including, but not limited to, all correspondence, proposals, feasibility studies, agreements, specifications, test protocols, test results, invoices, shipping records, inventory records, and records of payment.

Response:    Plaintiffs object to this Request on the ground that the requested documents are irrelevant and unlikely to lead to admissible evidence.

21.    All documents concerning the specific types of Tantalum Products into which any $K_2TaF_7$ that AVX purchased from Cabot under the Agreement has been converted or tolled, including, but not limited to, all correspondence, agreements, specifications, test protocols, test results, invoices, shipping records, inventory records, and records of payment.

Response:    Plaintiffs object to this Request on the ground that the requested documents are irrelevant and unlikely to lead to admissible evidence.

22.    All documents concerning the "actions of Cabot" referenced in Paragraph 41 of the Complaint, including, but not limited to, all notes, correspondence, memoranda or reports.

Response:    All documents responsive to this Request were produced in the matter of *Cabot Corporation v. AVX Corporation, et al.* pending in the Suffolk County Superior Court, per docket no. 03-1235-BLS.

23.    All documents concerning or that AVX relies upon in support of the allegation that "[t]he effect of Cabot's actions was to substantially lessen competition" as referenced in Paragraph 40 of the Complaint.

Response:    Documents responsive to this Request were produced in the matter of *Cabot Corporation v. AVX Corporation, et al.* pending in the Suffolk County Superior Court, per docket no. 03-1235-BLS.

24.    All documents concerning or utilized by AVX for the purpose of calculating any damages that AVX claims to have sustained as a result of the "actions of Cabot" referenced in Paragraph 41 of the Complaint, including, but not limited to, all notes, correspondence, spreadsheets, memoranda or reports.

Response:    Documents responsive to this Request consist of the 2001 Supply Agreement and the so-called letters of intent, which were produced in the matter of *Cabot Corporation v. AVX Corporation, et al.* pending in the Suffolk County Superior Court, per docket no. 03-1235-BLS. In addition, Plaintiffs will produce such other documents as may be identified by Plaintiffs' experts if and when such experts identify any such additional documents.

25.    All documents concerning or constituting any AVX document retention or destruction policies or procedures in effect at any time from January 1, 1996 to the present, including without limitation all policies or procedures concerning the retention or destruction of electronic documents or information.

Response:    All documents responsive to this Request were produced in the matter of *Cabot Corporation v. AVX Corporation, et al.* pending in the Suffolk County Superior Court, per docket no. 03-1235-BLS.

                              AVX CORPORATION and
                              AVX LIMITED

                              By their attorneys,

                              Joseph S.U. Bodoff (BBO #549116)
                              Richard A. Goren (BBO #203700)
                              Bodoff & Associates
                              225 Friend Street
                              Boston, MA  02114
                              (617) 742-7300

Dated: February 28, 2007

### CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007 the foregoing was served on counsel of record by hand, courier, or first-class mail.