UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION and AVX LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 04-10467-RGS<br><br>(ORAL ARGUMENT REQUESTED) |

## DEFENDANT CABOT CORPORATION'S
## MOTION TO COMPEL DISCOVERY

Defendant Cabot Corporation ("Cabot") hereby moves, pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37.1, for an order compelling plaintiffs AVX Corporation and AVX Limited's (collectively, "AVX") to respond fully and substantively to certain interrogatories and document requests served in this action. AVX's Complaint alleges that Cabot wrongfully forced AVX to sign a supply agreement for tantalum products in January 2001 (the "2001 Supply Agreement") containing an unlawful "tying" arrangement, whereby Cabot "conditioned AVX's purchase of flake [tantalum] powders on its purchase of non-flake [tantalum] powders." AVX Complaint, Docket No. 1, ¶ 1. AVX claims that it "had no choice" but to commit to purchase Cabot's non-flake powders because Cabot "was the only source of the 'flake' high voltage tantalum powders that AVX used," and AVX purportedly "could not fulfill its customers' needs without Cabot's 'flake' form of tantalum...." Id., ¶¶ 24, 28. AVX further alleges that "Cabot has sufficient market power in the market for flake powder ... to restrain free competition in the market for non-flake powder," and that the "effect of Cabot's actions

was to substantially lessen competition" in that market in violation of the Sherman Antitrust Act. *Id.*, ¶ 39.

Notwithstanding these allegations, AVX refuses to provide Cabot with substantive responses to various discovery requests seeking the basis and support for its tying claim. For example, AVX refuses to identify what it contends is the "relevant market" for purposes of its tying claim; refuses to identify products that it understands can be substituted for Cabot's purportedly "unique" flake tantalum powders; refuses to disclose the products or volume of products that it actually wished to purchase from Cabot at the time that it entered into the 2001 Supply Agreement; and refuses to produce documents concerning its efforts to replace or develop substitutes for Cabot's flake powders, including *any* e-mail or other internal or external communications whatsoever.

The numerous glaring deficiencies in AVX's discovery responses were highlighted during a Local Rule 37.1(A) conference between counsel on March 22, 2007. After previously representing to Cabot and, later, this Court that AVX would "get back to Cabot's counsel" regarding those deficiencies "in all events by Friday March 30th", AVX has gone completely silent and done nothing to address Cabot's concerns. *See* Plaintiff's Response to Defendant's Motion for Extension of Time, dated March 23, 2007 (Docket No. 53) at 3. AVX cannot simply run and hide from its discovery obligations. Cabot is entitled to know the basis for AVX's claim in this action, and to extract from AVX any relevant information in AVX's possession, custody or control that helps to illuminate or demonstrate the falsity of that claim.

For these reasons and others, which are addressed more fully in Cabot's accompanying Memorandum in Support, Cabot requests an order compelling AVX to provide full,

substantive responses to Cabot Interrogatory Nos. 1-2, 7-13, 15-18 and 20, and Request for Production Nos. 1, 2, and 6-21.

### Request for Oral Argument

Cabot respectfully requests oral argument on this Motion.

CABOT CORPORATION

By its attorneys,

/s/ Brian A. Davis
Robert S. Frank, Jr. (BBO No. 130950)
Brian A. Davis (BBO No. 546462)
Julie C. Rising (BBO No. 666950)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:  April 13, 2007

### LOCAL RULE 7.1(A)92) and 37.1(B) CERTIFICATIONS

I hereby certify that counsel for defendant Cabot Corporation has complied with all the provisions of Local Rule 37.1 through its Motion and accompanying Memorandum of Law. I further certify that counsel for defendant Cabot Corporation has conferred with counsel for plaintiffs, AVX Corporation and AVX Limited, in a good-faith effort to resolve or narrow the issues presented by the Cabot Corporation's Motion to Compel Discovery without success.

/s/ Julie C. Rising
Julie C. Rising

4195996.1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on April 13, 2007.

/s/ Julie C. Rising
Julie C. Rising

4195996.1