

**Bodoff & Associates**
ATTORNEYS AT LAW

225 Friend Street
Boston, MA 02114-1812

617.742.7300
617.742.9969 *fax*
www.bodofflaw.com

September 12, 2007

The Hon. Marianne B. Bowler
United States Magistrate Judge
United States District Court, District of Massachusetts
1 Courthouse Way
Boston MA 02210

      Re:   AVX Inc. and AVX Ltd. v. Cabot Corporation;
              Civil Action No. 04-10467-RGS

Dear Judge Bowler:

      I represent plaintiffs AVX Corporation and AVX Ltd. (collectively, "AVX"). I write on behalf of both AVX and defendant Cabot Corporation ("Cabot"). The parties last appeared before you on Friday, May 25, 2007, concerning their respective motions to compel discovery. You indicated at that time that the parties should further discuss their disagreements, make the additional document productions that they had promised, and then return to the extent that there remained open issues.

      Having done what Your Honor ordered, I must report that the parties still have various disputes regarding fact discovery, which are listed below. They respectfully request that Your Honor hear and resolve these remaining issues in light of Judge Stearns' not-to-be-extended October 31, 2007 cut-off date for the completion of fact discovery. After conferring with Mr. Marc Duffy, and subject to your approval, we hope to appear before Your Honor on Friday, September 21, 2007, at 2:00 p.m. Assuming that date is acceptable to the Court, the parties will file any additional briefing materials by the afternoon of Wednesday, September 19th. While the parties list below their respective discovery issues as of this date, counsel continues to work together to eliminate or prune each of these issues.

### I. AVX'S ISSUES

1. Completeness and adequacy of Cabot's production of all sales of tantalum to AVX and others.

2. Completeness and adequacy of Cabot's production of its cost accounting records.


The Hon. Marianne B. Bowler
Page 2 of 3
September 12, 2007

3. Cabot's production of its technical specifications for its flake and non-flake products which were actually marketed to all customers (and not just AVX) and those products under development but not marketed to extent considered a potential substitute for flake (including but not limited to primary particle size, aggregate size, rated voltage, capacitance, surface area, raw Scott, raw flow, raw crust strength, sintering time and temperature, oxygen minimum and maximum, nitrogen maximum, wet DCL, BDV).

4. Completeness and adequacy of Cabot's production of surveys of end-users/purchasers of tantalum capacitors.

5. The contention interrogatories including to identify the 30(b)(6) witnesses knowledgeable about (i) the differences or similarities of flake and nodular and/or (ii) the basis or bases for contending that they are not separate products under the Sherman Act and/or (iii) the basis or bases for contending that Cabot does not have market power for flake.

6. Cabot's refusal to produce mining agreements and documents concerning its ability to restrict or impact the tantalum raw material supply.

7. Cabot's production of its dealings with third parties concerning sales of flake and non-flake tantalum.

8. Cabot's refusal to identify and/or produce documents supporting its contentions that flake and nodular are not separate products and that it does not have market power in the market for flake.

9. Cabot's refusal to produce flake and non-flake sales, cost accounting, dealings of Showa Cabot for the period 1996 to February 2002 and of Cabot Showa for period from February 2002 through 2006.

10. An independent third party audit of Cabot's records.

AVX also takes issue with Cabot's objection on page two of this letter. Both parties have herein identified all open discovery issues as of this date. To the extent they are unable to resolve their differences the parties will brief and then argue the substantive issues. Given the parties' recent dealings it would elevate form over substance to require each party to file a new motion for the one or more discrete issues listed herein which were not directly addressed in their initial respective motions to compel.

The Hon. Marianne B. Bowler
Page 3 of 3
September 12, 2007

## II. CABOT'S ISSUES

1. AVX's continued refusal to provide Cabot with a definition of the "relevant markets" for both flake powder and nodular powder as referenced in Paragraph 39 of AVX's Complaint and as narrowed during the May 25, 2007 motion hearing.

2. AVX's refusal to provide information regarding actual or potential substitutes for Cabot's flake powder or AVX's Flake-Based Products.

3. AVX's refusal to provide information regarding its purchases, and the tolling of its purchases, of semi-refined tantalum ore (*i.e.*, KTaF), including a description of the specific products into which that semi-refined ore was tolled.

4. AVX's failure to search any of its electronic sales and marketing records (including, without limitation, the TM1 database) or written sales and marketing records, or any files of its various sales and marketing personnel, for documents responsive to Cabot's requests for production.

5. AVX's unwillingness to allow Cabot to commission an independent, third-party audit of AVX's files and records.

Cabot also objects to AVX's attempt to compel, at this late date, the production of documents and information not previously requested by AVX in discovery and not previously raised in the parties' Motions to Compel, including without limitation, AVX Issue Nos. 2, 4 and 6, above.

Thank you for your consideration.

Very truly yours,

Richard A. Goren

cc:   Brian A. Davis, Esq.
      Julie C. Rising, Esq.