# EXHIBIT

# C

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>                    Plaintiffs,<br>v.<br><br>CABOT CORPORATION,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 04-10467-RGS<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT CABOT CORPORATION'S
## OBJECTIONS AND RESPONSES TO PLAINTIFFS'
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Cabot Corporation ("Cabot"), by and through its counsel, hereby responds to Plaintiffs AVX Corporation and AVX Limited's (collectively, "AVX") Third Request for Production of Documents (each a "Request," and, collectively, the "AVX Requests") pursuant to Fed. R. Civ. P. 26 and 34.

### General Objections

1.     Cabot generally objects to the AVX Requests to the extent that they seek the disclosure of any documents or materials that are protected from disclosure by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege, protection or immunity. Cabot relies upon and hereby expressly asserts and insists on any such privilege, protection or immunity. To the extent that the AVX Requests seek such documents or materials, they are excluded from Cabot's responses.

2.     Cabot generally objects to the scope of the AVX Requests to the extent that they do not contain reasonable date restrictions.

3.     Cabot generally objects to the AVX Requests to the extent that they seek the production of documents or materials containing confidential or proprietary information. In particular, but without limitation, Cabot objects to the production of documents or materials containing confidential or proprietary information concerning Cabot's business dealings with AVX's competitors. Cabot will produce documents or materials containing confidential or proprietary information, to the extent that their disclosure would not unduly harm Cabot's business interests or the interests of Cabot's other customers, pursuant to the Stipulated

Protective Order entered in this action.

4.    Cabot generally objects to the "Definitions" set forth in the Requests to the extent that those "Definitions" are overly broad, unduly burdensome, vague or ambiguous, and will give the terms used in the Requests their usual and normal meanings.

5.    Cabot generally objects to the Requests to the extent that they seek to impose obligations on Cabot different from, or beyond those imposed by, the Federal Rules of Civil Procedure. Cabot will, and herein does, comply with its obligations under the Federal Rules of Civil Procedure and/or any other applicable rule, regulation and/or law.

6.    Cabot objects to the AVX Requests to the extent they seek documents that are not within the possession, custody or control of Cabot, and that are unreasonably cumulative and/or duplicative. Cabot also objects to the AVX Requests to the extent they seek documents that already are within the possession of AVX or its counsel or other representatives.

7.    Cabot objects to the AVX Requests to the extent they impose or purport to impose upon Cabot the duties, liabilities or obligations of third parties for which Cabot is not legally or otherwise responsible.

8.    Cabot expressly reserves the right to redact material from any document or thing produced in response to the AVX Requests that is beyond the scope of permissible discovery in this matter. Documents that have been redacted by Cabot will be stamped with the word "Redacted."

9.    By producing documents in response to the AVX Requests, Cabot does not waive, and hereby expressly reserves, all objections as to the relevancy, materiality or admissibility of the documents produced and the subject matter thereof.

10.    Cabot hereby asserts that the provision of a specific response to any Request does not waive any General Objection made herein.

11.    Any statement herein that Cabot will produce documents in response to the AVX Requests does not constitute a representation by Cabot that any such documents in fact exist or are within Cabot's possession, custody or control.

12.    Cabot states that its objections and responses to the AVX Requests are based upon information and documentation presently available and specifically known to Cabot. Cabot therefore expressly reserves the right to amend, supplement or otherwise modify its objections and responses to the AVX Requests as it believes to be necessary and appropriate in light of additional information, documents or materials that are discovered or disclosed in the course of these proceedings.

## Specific Responses And Objections

Subject to the foregoing General Objections, each of which is hereby incorporated by reference into each of the following responses, Cabot responds to the specific AVX Requests as follows:

Request No. 1:

All documents concerning written policies, procedures and guidelines concerning Cabot's computers, computer systems, electronic data and electronic media, paper media and paper files, including but not limited to the following:

    a)    Backup tape rotation schedules;

    b)    Electronic and non-electronic data retention, preservation and destruction schedules and policies including all document retention policies;

    c)    Employee use policies of company computers, data, and other technology;

    d)    File naming conventions and standards, and paper file systems;

    e)    Diskette, CD, DVD, flash memory devices, and other removable media standards;

    g)    Email storage conventions such as limitations on mailbox sizes, storage locations, schedule and logs for storage; and

    h)    Organization of charts for all Information Technology or Information Service Departments.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and things sought are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that are reasonably responsive to this Request.

Request No. 2:

All documents concerning the market for flake tantalum.

Response:

     Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 3:

     All documents concerning potential or actual substitutes for flake tantalum.

Response:

     Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 4:

     All documents concerning market surveys, market analysis, market definition, or marketing plans for or concerning the market for flake tantalum.

Response:

     Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 5:

     All patents for or concerning flake tantalum and all documents concerning such patents.

Response:

     Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-

privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.


Request No. 6:

All documents concerning any other company, entity, or source for flake tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.


Request No. 7:

All documents concerning any other company, entity, or source for any product that is or could be a substitute for flake tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.


Request No. 8:

All documents concerning the actual or potential uses for flake tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 9:

All competitive or antitrust analyses of:

a)      Flake tantalum;

b)      The market for flake tantalum;

c)      Actual or potential substitutes for flake tantalum;

d)      Actual or potential suppliers for flake tantalum;

e)      The relationship between flake and nodular tantalum;

f)      Cabot sales techniques for flake and nodular tantalum; or

g)      Any linkage or relationship between Cabot's sales or efforts to sell flake and nodular tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 10:

All documents concerning the market for nodular tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 11:

All documents concerning potential or actual substitutes for nodular tantalum.

Response:

-6-

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 12:

All documents concerning market surveys, market analysis, market definition, or marketing plans for or concerning the market for nodular tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 13:

All patents for or concerning nodular tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 14:

All documents concerning any other company, entity, or source for nodular tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, and impermissibly vague. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 15:

All documents concerning any other company, entity, or source for any product that is or could be a substitute for nodular tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, impermissibly vague, and seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 16:

All documents concerning the actual or potential uses for nodular tantalum.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, impermissibly vague, and seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 17:

All competitive or antitrust analyses of:

a)    Nodular tantalum;

b)    The market for nodular tantalum;

c)    Actual or potential substitutes for nodular tantalum; or

d)    Actual or potential suppliers for nodular tantalum.

-8-

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, impermissibly vague, and seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 18:

All documents concerning negotiations with any company or entity that purchased both flake tantalum and nodular tantalum from Cabot.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, impermissibly vague, and seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control concerning AVX's purchases of flake powder and nodular powder from Cabot that it deems reasonably responsive to this request.

Request No. 19:

All documents concerning:

a)     The factors Cabot takes into account in setting or negotiating prices for each type of powder it sells or has sold;

b)     The mechanism by which such prices are initially established or modified;

c)     The pricing of or each type of powder Cabot sells or has sold (note: this request does not call for all documents related to the prices actually charged, but rather the mechanism by which prices are established).

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, impermissibly vague, and seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has

-9-

produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

Request No. 20:

Document destruction inventories/logs/schedules used by Cabot and identify documents or classes of documents that were subject to schedule destruction and all disaster recovery plans.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome, impermissibly vague, and seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that it deems reasonably responsive to this Request.

CABOT CORPORATION

By its attorneys,

Robert S. Frank, Jr. (BBO No. 177240)
Brian A. Davis (BBO No. 546462)
Terrence M. Schwab (BBO No. 650793)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000

Date:    December 20, 2006

4157708.1

-10-

## CERTIFICATE OF SERVICE

I, Terrence M. Schwab, hereby certify that on this 20th day of December, 2006, I caused to be served a true and correct copy of the foregoing Cabot Corporation's Objections And Responses To Plaintiffs' First Request For Production Of Documents on the counsel of record for AVX Corporation and AVX Limited at the address and in the manner indicated below:

Joseph S.U. Bodoff, Esq.                [x] U.S. Mail
BODOFF & ASSOCIATES                     [x] Facsimile
225 Friend Street, 7th Floor            [ ] Overnight Delivery
Boston, MA  02114-1812                  [ ] Hand Delivery


_____
Terrence M. Schwab