# EXHIBIT

# D

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>    Plaintiffs,<br>v.<br><br>CABOT CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 04-10467-RGS |

**DEFENDANT CABOT CORPORATION'S
OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Cabot Corporation ("Cabot"), by and through its counsel, hereby responds to Plaintiffs AVX Corporation and AVX Limited's (collectively, "AVX") Second Request for Production of Documents (each a "Request," and, collectively, the "AVX Requests") pursuant to Fed. R. Civ. P. 26 and 34.

### General Objections

1. Cabot generally objects to the AVX Requests to the extent that they seek the disclosure of any documents or materials that are protected from disclosure by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege, protection or immunity. Cabot relies upon and hereby expressly asserts and insists on any such privilege, protection or immunity. To the extent that the AVX Requests seek such documents or materials, they are excluded from Cabot's responses.

2. Cabot generally objects to the scope of the AVX Requests to the extent that they do not incorporate reasonable date restrictions, including to the extent that they define the "Relevant Period" as the more than twelve-year period from January 1, 1996, to the present.

3. Cabot generally objects to the AVX Requests to the extent that they seek the production of documents or materials containing confidential or proprietary information. In particular, but without limitation, Cabot objects to the production of documents or materials containing confidential or proprietary information concerning Cabot's business dealings with AVX's competitors. Cabot will produce documents or materials containing confidential or

proprietary information, to the extent that their disclosure would not unduly harm Cabot's business interests or the interests of Cabot's other customers, pursuant to the Stipulated Protective Order entered in this action.

4. Cabot generally objects to the "Definitions" set forth in the Requests to the extent that those "Definitions" are overly broad, unduly burdensome, vague or ambiguous, and will give the terms used in the Requests their usual and normal meanings.

5. Cabot generally objects to the definition of "you," "your" and "Cabot" set forth in the AVX Requests to the extent that it includes operations or divisions of Cabot that did not exist, or were not under Cabot's control, as of the time when the allegedly wrongful conduct described in AVX's Amended Complaint purportedly took place. To the extent that the AVX Requests seek information concerning such operations or divisions of Cabot, it is excluded from Cabot's responses.

6. Cabot generally objects to the Requests to the extent that they seek to impose obligations on Cabot different from, or beyond those imposed by, the Federal Rules of Civil Procedure. Cabot will, and herein does, comply with its obligations under the Federal Rules of Civil Procedure and/or any other applicable rule, regulation and/or law.

7. Cabot objects to the AVX Requests to the extent they seek documents that are not within the possession, custody or control of Cabot, and that are unreasonably cumulative and/or duplicative. Cabot also objects to the AVX Requests to the extent they seek documents that already are within the possession of AVX or its counsel or other representatives.

8. Cabot objects to the AVX Requests to the extent they impose or purport to impose upon Cabot the duties, liabilities or obligations of third parties for which Cabot is not legally or otherwise responsible.

9. Cabot expressly reserves the right to redact material from any document or thing produced in response to the AVX Requests that is beyond the scope of permissible discovery in this matter. Documents that have been redacted by Cabot will be stamped with the word "Redacted."

10. By producing documents in response to the AVX Requests, Cabot does not waive, and hereby expressly reserves, all objections as to the relevancy, materiality or admissibility of the documents produced and the subject matter thereof.

11. Cabot hereby asserts that the provision of a specific response to any Request does not waive any General Objection made herein.

12. Any statement herein that Cabot will produce documents in response to the AVX Requests does not constitute a representation by Cabot that any such documents in fact exist or are within Cabot's possession, custody or control.

13. Cabot states that its objections and responses to the AVX Requests are based upon information and documentation presently available and specifically known to Cabot. Cabot therefore expressly reserves the right to amend, supplement or otherwise modify its objections

and responses to the AVX Requests as it believes to be necessary and appropriate in light of additional information, documents or materials that are discovered or disclosed in the course of these proceedings.

## Specific Responses And Objections

Subject to the foregoing General Objections, each of which is hereby incorporated by reference into each of the following responses, Cabot responds to the specific AVX Requests as follows:

Request No. 21:

All documents utilized, consulted or referenced by Cabot in answering AVX's second set of interrogatories.

Response:

Cabot objects to this Request on the grounds that it is overly broad and seeks information that is protected from disclosure by the attorney work product doctrine. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that are reasonably responsive to this Request.

Request No. 22:

All documents required to be identified in AVX's second set of interrogatories.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks the production of documents and things that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that are reasonably responsive to this Request.

Request No. 23:

All documents concerning for any portion of the Relevant Period (i) Cabot's study of the world wide supply of tantalum, (ii) Cabot's access to and/or purchase of a supply of tantalum, including without limitation, contracts, ventures or arrangements with Sons of Gwalia Ltd. and other mines including specifically, but without limitation, the Morrua Mine in Mozambique and (iii) information on changes in capacity, mine shutdowns, production strikes, and/or other factors affecting the production and availability of supply of tantalum worldwide.

Response:

    Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks the production of documents and things that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that are reasonably responsive to this Request.

Request No. 24:

    All documents concerning the interrelationship during the Relevant Period between and among Cabot Corporation on the one hand and Showa Denko K.K. concerning the 50-50 joint venture sometimes called Showa Cabot Supermetals K.K. and/or Showa Cabot Supermetals KK including without limitation all joint venture agreements, all agreements or understandings between Cabot Corporation on the one hand and Showa Cabot Supermetals KK and/or Showa Denko KK concerning (i) access to and/or supply of tantalum, (ii) licensing, cross licensing and/or use of patents and other intellectual property of any one or more of Cabot Corporation, Showa Cabot Supermetals KK and Showa Denko KK, (iii) Research and Development of flake and nodular tantalum, and (iv) marketing of flake and nodular tantalum.

Response:

    Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks the production of documents and things that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 25:

    For each year of the Relevant Period and/or for any part of the Relevant Period all documents containing information concerning or relating to all tantalum suppliers other than Cabot including without limitation for each other supplier, the types of tantalum sold, annual sales, market share, pricing and available capacity.

Response:

    Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks the production of documents and things that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that are reasonably responsive to this Request.

Request No. 26:

To the extent not subsumed within prior requests for each year in the Relevant Period and/or for any part of the Relevant Period all documents concerning communications to and from customers or potential customers concerning the uses, potential uses and/or pricing of flake and/or nodular tantalum products.

Response:

Cabot objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks the production of documents and things that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, and without waiving or in any way compromising the same, Cabot has produced or will produce non-privileged documents in its possession, custody or control that are reasonably responsive to this Request.

CABOT CORPORATION

By its attorneys,

Robert S. Frank, Jr. (BBO No. 177240)
Brian A. Davis (BBO No. 546462)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000

Date: March 16, 2007

4178416.1

-6-

## CERTIFICATE OF SERVICE

I, Julie C. Rising, hereby certify that on this 16th day of March, 2007, I caused to be served a true and correct copy of the foregoing Cabot Corporation's Objections and Responses to Plaintiffs' Second Request for Production of Documents on the counsel of record for AVX Corporation and AVX Limited at the address and in the manner indicated below:

Joseph S.U. Bodoff, Esq.   [x] U.S. Mail
Richard A. Goren, Esq.   [x] Facsimile
BODOFF & ASSOCIATES LLP   [ ] Overnight Delivery
225 Friend Street, 7th Floor   [ ] Hand Delivery
Boston, MA 02114-1812

_____
Julie C. Rising