**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| AVX CORPORATION and AVX LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 04-10467-RGS |
| CABOT CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**MOTION OF AVX CORPORATION AND AVX LIMITED**
**TO SUBSTITUTE EXPERT WITNESS AND FOR RELATED RELIEF**

The Plaintiffs, AVX Corporation and AVX Limited ("AVX"), move to substitute Steven Schwartz of National Economic Research Associates, Inc. ("NERA") as its designated expert for Lauren Stiroh, also of NERA. AVX's expert report is due on December 15, 2007 and Dr. Stiroh, initially designated by AVX, must undergo an unexpected surgical procedure that will prevent her from actively participating in the case in the required time frame for this 2004 case. AVX further seeks by this motion an order that Cabot be required to reimburse it its counsel fees and expenses in preparing, filing and prosecuting the motion. In support, AVX states as follows:

**Procedural Background**

1. On December 7, 2005, the parties filed a Joint Statement of Proposed Pretrial Schedule, which was approved by this Court and which, among other things, set August 31, 2006 as the deadline to complete fact discovery and provided for expert reports to be submitted in November 2006. The Joint Statement also provided that the

disclosure of the identity of experts would be governed by Rule 26(b) of the Federal Rules of Civil Procedure, which provides that the identity of experts be disclosed no later than 90 days before trial.

2.   On January 10, 2006, AVX served on Cabot Corporation ("Cabot") Interrogatories and Requests for Production of Documents.  The responses were due by February 9, 2006.  On March 27, 2006, Cabot filed a motion for judgment on the pleadings.  Even though the responses to AVX's discovery requests were at that time nearly seven weeks overdue, AVX agreed with Cabot that it would not require responses to the discovery requests until the Court ruled on the motion for judgment on the pleadings.  On July 21, 2006, this Court entered an order denying Cabot's motion for judgment on the pleadings.

3.   On October 5, 2006, the parties filed a joint motion to extend the discovery schedule by 120 days, which the Court granted, the result of which fact discovery was extended to December 31, 2006.

4.   Cabot had not responded to the discovery requests at the time the October 5th motion was filed and, in fact, would not respond for another three months.  With the new discovery deadline looming, counsel for AVX expressed concern that he would not receive Cabot's responses in time to complete discovery.  Cabot's counsel assured AVX's counsel that he would agree to extend the discovery deadline if AVX's counsel would agree to wait longer for Cabot's responses.

5.   When it came to the extension of the discovery deadline, counsel for Cabot added a requirement not contained in the parties' previously agreed-to and Court-approved schedule, i.e., that deadlines be set for AVX to disclose the identity of its expert

2

witness within the next month and for Cabot to disclose its experts within the month after that, a very radical change from the original agreement that the identities of the experts would be disclosed no later than 90 days before trial. Counsel for Cabot made it clear that, despite his earlier promises to agree to extend the discovery deadline caused by Cabot's failure to timely respond to discovery, that he would not agree to the extension otherwise. Because its expert had already been chosen, counsel for AVX reluctantly agreed to this new requirement. Both sides exchanged information about the identity of their expert witnesses in accordance with the new scheduling order.

6. The scheduling order has been further extended and, under the current order, fact discovery is to be completed by October 31, 2007 and AVX's expert witness report is due by December 15, 2007.

**Reasons for Substitution**

7. On September 10, 2007, counsel for AVX received a voice message from Dr. Stiroh that, due to recently diagnosed medical problems, she would be unable to continue as the expert witness in this case. She suggested that one of her colleagues at NERA substitute for her. More specifically, over the previous two weeks she had undergone tests that confirmed that within the near future she would need to undergo major surgery. The implications of this were that she would not be able to travel to AVX's manufacturing facility in Paignton, United Kingdom, which is a necessary component of her work as expert witness. In addition, her ability to devote time to the matter during the crucial last stages of discovery would be limited at best and nonexistent at worst. See affidavit of Lauren Stiroh filed contemporaneously herewith.

8.      On September 14, 2007, counsel for AVX selected Steven Schwartz as the person at NERA that would substitute for Dr. Stiroh.  By email dated that same day, counsel for AVX informed counsel for Cabot of the problem and requested that Cabot agree to the substitution.  Counsel for Cabot informed counsel for AVX that he would need to first talk to his client.

9.      On September 21, 2007 counsel for Cabot informed counsel for AVX that it would consent to the substitution of Dr. Schwartz for Dr. Stiroh *only if* AVX would agree that Dr. Schwartz would "be bound by Ms. Stiroh's testimony to date," presumably the three affidavits that she had previously submitted in connection with discovery motions.

10.     Not knowing what Cabot's counsel meant by the requirement that Dr. Schwartz "be bound by" Dr. Stiroh's testimony, counsel for AVX sought to clarify it by asking counsel for Cabot to state what objections he wanted AVX to waive with regard to the use of the affidavits.  Counsel for Cabot refused to answer, stating:

> I have stated Cabot's position.  …  As I see it, it's not really a matter of "objections," but simply an agreement that Mr. Schwartz will be bound by Ms. Stiroh's testimony to date."

See emails between Richard Goren and Brian Davis dated September 25 and 26, 2007, attached hereto as Exhibit A.

11.     The insistence by Cabot that Dr. Schwartz be bound by Dr. Stiroh's testimony is particularly problematic.  Is counsel stating that Dr. Schwartz cannot state anything contrary to what Dr. Stiroh already testified to?  Is he stating that Dr. Schwartz can be asked to explain on cross-examination statements made by his colleague, Dr. Stiroh? With Cabot's counsel's clear

4

statements that he was not going to bend on his demand that Dr. Schwartz be bound by Dr. Stiroh's testimony, without further clarification, AVX is left with no choice but to ask for this Court's intervention.

### Grounds for Relief

12.  There is no basis for Cabot to attach the conditions that it has attached to its consent to substitute experts. It certainly cannot claim that the change in experts was done for strategic reasons. Nor can it claim that it is prejudiced by the substitution. Expert discovery has not yet begun. Moreover, this Court's original scheduling order, proposed jointly by the parties, never contemplated that the identity of experts would have by now been disclosed. In contradistinction to the complete lack of prejudice to be suffered by Cabot if AVX is permitted to substitute another person from NERA as its expert witness, AVX will be severely prejudiced if it cannot make the substitution.

13.  The actions by Cabot can be viewed as nothing more than an unjustified attempt to obtain an unfair advantage as a result of the unfortunate circumstances caused by Dr. Stiroh's medical condition.

14.  The failure by Cabot to articulate the import of its demand that Dr. Schwartz be bound by Dr. Stiroh's testimony or to be willing to even discuss the matter is evidence of their effort to obtain this unfair advantage and of their bad faith.

15.  The actions by Cabot and its counsel in failing to consent to the substitution and to provide a reasonable explanation for its demands have unreasonably and vexatiously multiplied these proceedings, causing AVX to incur considerable expense in preparing and filing this motion, for which Cabot should be held accountable. *See* 28 U.S.C. § 1927.

WHEREFORE the Plaintiffs, AVX Corporation and AVX Limited request the Court to enter an order allowing the substituted designation of Steven Schwartz by the Plaintiffs "as a person who may be used at trial" as an expert witness, that it award AVX its counsel fees and costs in preparing and filing this Motion, and that it grant such other and further relief as may be appropriate.

> Respectfully Submitted,
>
> AVX CORPORATION and
> AVX LIMITED
>
> By their attorneys,
>
>
> */s/ Joseph S.U. Bodoff*
> Joseph S.U. Bodoff (BBO # 549116)
> Richard A. Goren (BBO # 203700)
> BODOFF & ASSOCIATES
> 225 Friend Street
> Boston, Massachusetts 02114
> Tele: 617-742-7300
> Fax:  617-742-9969

Date:   September 28, 2007


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on September 28, 2007.

> */s/ Joseph S.U. Bodoff*