UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-10467-RGS |

**PLAINTIFFS' REQUEST FOR STATUS CONFERENCE**

COME NOW, the Plaintiffs AVX CORPORATION and AVX LIMITED ("AVX") and respectfully request the Court to hold a status conference with respect to outstanding discovery and scheduling issues. In support of this request, AVX states:

1.  This is an action in which AVX alleges that the defendant Cabot Corporation ("Cabot") unlawfully conditioned AVX's purchase of "flake" tantalum powder on the purchase of "nodular" tantalum powder both at super competitive prices in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 14.

2.  The complex nature of this case and the enormous volume of information sought by both parties in discovery have spawned numerous discovery disputes and other challenges to the preparation of this matter for trial. The Court has twice set two final fact discovery deadlines which despite their best efforts the parties have been unable to meet.

3.  In striving to meet the Court's deadlines, the parties have been faced with a number of discovery disputes. Magistrate Bowler heard the parties

in late May and again on September 21st and issued bench rulings but no written orders. The parties' good faith efforts to resolve a number of questions on their own have been stymied in part by the lack of a transcript[1] of the September 21st hearing which was not docketed until October 31, 2007. The Parties communicate daily trying to resolve their disagreements but there likely will be further motion practice as to fact discovery.

    4.    The Parties also have had difficulty scheduling depositions. First the depositions should not be conducted until after both the resolution of the existing disputes and the consequent production of documents. Second the busy schedules of the executives and managers of both sides have made the process more difficult. Particularly challenging to scheduling examinations of AVX's witnesses are that a number of its managers best suited to answer Cabot's Rule 30(b)(6) subject areas are based out of AVX's facility in Paignton, England and that Cabot specifically seeks to depose one manager who is based in the Czech Republic.

    5.    A status conference before Judge Stearns would allow the parties to explain in more detail the progress of fact discovery and to discuss a reasonable schedule for getting this case trial ready.

WHEREFORE, AVX CORPORATION and AVX LIMITED respectfully request that this Court hold a status conference to assist the parties to expedite the balance of the pretrial litigation of the case.

---

[1] The Plaintiffs emailed a request for a transcript on October 6, 2007 but despite subsequent requests did not receive the transcript until October 30th.

                                          Respectfully Submitted,

                                          AVX CORPORATION and
                                          AVX LIMITED

Date:   November 2, 2007              By their attorneys,

                                          */s/ Richard A. Goren*
                                          Richard A. Goren (BBO No. 203700)
                                          Joseph S.U. Bodoff (BBO No. 549116)
                                          BODOFF & ASSOCIATES
                                          225 Friend Street
                                          Boston, Massachusetts 02114
                                          Tele: 617-742-7300
                                          Fax:  617-742-9969

## **LOCAL RULE 7.1(A)(2) CERTIFICATION**

       Pursuant to Local Rule 7.1(A)(2), I hereby certify that counsel for the plaintiffs, AVX CORPORATION and AVX LIMITED conferred with counsel for defendant Cabot Corporation regarding the foregoing Request.

                                          */s/ Richard A. Goren*

## **CERTIFICATE OF SERVICE**

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on November 2 , 2007.

                                          */s/ Richard A. Goren*