# EXHIBIT A

Case 1:04-cv-10467-RGS    Document 74-2    Filed 11/05/2007    Page 1 of 3

## Rising, Julie C.

| | |
|---|---|
| **From:** | Richard A. Goren [rgoren@bodofflaw.com] |
| **Sent:** | Friday, November 02, 2007 12:20 PM |
| **To:** | Davis, Brian |
| **Cc:** | Rising, Julie C. |
| **Subject:** | Discovery; Rule 37.1 conference; other |

Dear Brian and Julie,

First, as to discovery from Cabot, I herein supplement our AVX's LR 37.1 demands. If and to the extent I may not reference something previously discussed it is not intended to omit same as continuing to be disputed.

Cabot has not answered interrogatories 8 and 9. AVX is entitled to production of all written specifications for all flake and non-flake (nodular) tantalum powder products from 1996 to date. I understood you to have informed us that what you produced was limited to Boyertown and also limited to products sold to AVX. Julie's recent email now advises that what was produced is all products sold out of Boyertown from 1996 to date and presumably TO ALL CUSTOMERS. If so and subject to reconsideration of
Magistrate Bowler's denial of discovery from the Japanese facility (both as a joint venture and as a subsidiary), then Cabot must still produce the exact technical requirments of each customer submitted to Cabot for those
products. This was in lieu of identifying all known uses for each product.

Second while fully briefed Cabot's failure to answer 9 still has not been addressed. Cabot
must identify its nodular products which (according to Cabot) are substitutes for each of Cabot's flake products and identify all differences between each such purported substitute nodular product and each flake product.

Related to 8 and 9, Cabot's supplemental answers to interrogatories 12 and 13 are deficient and improper. First as to
the interchangeability aspect, as specified in court Cabot should assume what AVX asserts are the
unique characteristics of flake to be the desired characteristics of the capacitor and identify each and every product whether made by Cabot or anyone else that Cabot contends is interchangeable with
each of Cabot's flake products. Second Cabot must state the basis of its contention
and explain why in its view its flake products are not separate products and also must answer and
explain its contention that Cabot does not have market power in flake. And, Cabot must identify the specific documents that supports each of its two contentions. It is improper to point to more than 16,000 documents as supporting Cabot's contentions.

As previously referenced, Cabot must produce all dealings with Showa Cabot, provide an explanation of the sample sales of over 48,000 lbs missing from the Boyertown database ( at the hearing I gave you a schedule of the sample sales for just a few years), provide an explanation of why Cabot cannot produce electronically all sales from January 1996 through December 2006. The proferred affidavit does not after all even aver that the sales data base is complete for the period contained therein 1998 to March 2006. I have also told you we intend to seek reconsideration of the denial of the sales and cost accounting records of the Japanese facility both while it was a joint venture and as a subsidiary. Once reconsideration is secured, production in electronic format would be most appropriate.

Now to AVX's production of additional discovery, as to KTaf materials, we have produced additional documents and we are investigating whether there are additional responsive documents within the general previous production. If we locate any such materials we will notify you as soon as reasonably possible and hopefully within the next several business days. I previously asked you for a catalogue of bates number range of AVX documents that you have in your files; you responded that without investigation you believed you had such and such and that there was a gap; when I followed up, you told me you no longer were concerned. If in fact you are missing some bates ranges, it would be helpful if you would identify them to me.

Note as an aside regarding missing documents, I am unsure if we have all the Cabot bates numbered documents (over 16,000 !) that Cabot says support its contentions of the separate product and market power interrogatories. We may request some of these.

As to the TM1 database and the files/computers of the sales representatives and managers, AVX has searched and has no additional responsive documents. We have asked AVX to check again and hope to report to you in or within the next 10 days. Understand that you are not entitled to *all* sales and marketing documents, reports and customer correspondence. Only documents responsive to your discovery requests as clearly ordered by Magistrate Bowler are grist for your mill.

Now to depositions.

As to Cabot's designated witnesses, you have indicated Mr. Young is available on Tuesday the 20th just before the Thanksgiving holiday period, Mr. Cordeiro during the week following and Mr. Spotts on the 16th. When you match up the witnesses with the subjects, I can better determine schedule. It probably makes sense for you to get a range of additional dates for each of your designees.

As to AVX's Rule 30(b)(6) witnesses, AVX has tentatively--but only tentatively-- identified three potential witnesses but anticipate designating one or more other witnesses. We will make our designations and identify the areas as soon as reasonably possible. We anticipate that some of the designees may be available in Britain sooner than in the United States.

On October 30th you informed me that in addition to the Rule 30(b)(6) witnesses you intend to notice the depositions of Andy Conibear, Colin McCracken, Julie Shears and Stanislav Zednicek. We have asked AVX to inform us of the availability of each and where. Perhaps slipping through the cracks, I have not received any deposition notices.

If there is anything I have neglected to cover from your perspective please let me know.

There is much to do.

Have a nice day.

---

Richard A. Goren
Bodoff & Associates
225 Friend Street
Boston, MA 02114-1812

617.742.7300 ext. 203
617.742.9969 fax
rgoren@bodofflaw.com
www.bodofflaw.com

11/5/2007