UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVX CORPORATION and AVX LIMITED, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 04-10467-RGS ) |
| CABOT CORPORATION, | ) ) |
| Defendant. | ) ) |

## DEFENDANT CABOT CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

### Introduction

Defendant Cabot Corporation ("Cabot") hereby opposes plaintiffs AVX Corporation and AVX Limited's (collectively, "AVX") Motion for Reconsideration ("Motion"). This federal tying action was filed by AVX back in March 2004. Discovery deadlines were extended on multiple occasions, most recently at AVX's request in August 2007. At a hearing on September 21, 2007, the Honorable Marianne Bowler heard and resolved all of the parties' outstanding discovery disputes in a series of rulings issued directly from the bench. Now, almost eight (8) weeks after that hearing, AVX seeks reconsideration of various rulings by Magistrate Judge Bowler not because of any newly-discovered facts or change in circumstances, but simply because AVX disagrees with them.[1] AVX cites no legal authority to support its request for reconsideration because there is none to be had. For these reasons and others, which are

_____

[1] Under Fed. R. Civ. P. 72(a), a party has ten (10) days in which to file objections to a pretrial order entered by a magistrate judge, which will be set aside only if "clearly erroneous or [] contrary to law."

discussed more fully below, Cabot respectfully requests that the court deny AVX's Motion in its entirety.

**<u>Argument</u>**

I.    THE RELEVANT STANDARD FOR RECONSIDERATION.

Generally, reconsideration by the court is an extraordinary remedy, and only should be allowed if failure to reconsider the ruling would result in a "manifest injustice" to the moving party. *See, e.g.,* <u>Davis v. Lehane</u>, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (Young, J.), *citing* <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988). *See also* <u>U.S. v. Roberts</u>, 978 F.2d 17, 20 (1st Cir. 1992) (court must decide whether it is "in the interests of justice" to grant reconsideration of an interlocutory order). A motion for reconsideration should not be used by a party to rehash arguments made in the original motion papers or to give "an unhappy litigant an additional chance to sway the judge…" <u>Froudi v. U.S.</u>, 22 Cl. Ct. 290, 300 (1991). This court expressly has held that a motion for reconsideration "is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning." <u>Davis</u>, 89 F. Supp. at 147.

II.   AVX'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE AVX'S ARGUMENTS ALREADY HAVE BEEN HEARD AND REJECTED BY MAGISTRATE JUDGE BOWLER.

AVX has not come close to demonstrating that failure to reconsider Magistrate Judge Bowler's rulings would result in a "manifest injustice," nor has it even presented any argument to that effect. AVX does not cite a single legal authority to support reconsideration -- it cites only cases supporting arguments that it made in its original Motion to Compel. Motion at p. 4-5. In fact, AVX's entire Motion is simply a rehashing of arguments made in its Motion to Compel, its Supplemental Filing on Open Discovery Issues ("Supp. Filing") (Doc. No. 66), and the

September 21 hearing.  Magistrate Judge Bowler rejected each of those arguments when she
denied AVX's requests for certain discovery from Cabot, and AVX cannot use this Motion as a
pretext for getting another bite at the apple.  *See* <u>Froudi</u>, 22 Cl. Ct. at 300.

First, AVX seeks an order compelling Cabot to produce sales and cost data from Showa
Cabot Supermetals KK ("Showa Cabot"), a request unequivocally denied by Magistrate Judge
Bowler when she ruled that the affairs of Showa Cabot (both the joint venture and the subsidiary
subsequently acquired by Cabot) are "not to be produced."  Transcript of September 21, 2007
Hearing, at 13:10-14:8, Doc. No. 75-2.  AVX argues in the current Motion that the information
would somehow assist the Court in defining the market for the products at issue, including scope
of the market, Cabot's alleged power in that market, and the fair market value of the products.
Motion at 3.  Much of this argument is taken verbatim from AVX's Supplemental Filing, and
also was argued in its Motion to Compel and at the September 21 hearing.  *See* Doc. No. 66, p.4-
5; Hearing Tr. at pp. 8-10, Doc. No. 75-2 ("[S]ales of the former joint venture…are relevant to,
they'll help [] to assess whether flake is, the tying product, is a separate product from the
nodular, the definition and scope of the relevant markets, Cabot's power in each of these markets
and in alleged damage period the fair market value of the products sold.")

Second, AVX argues that transactions from the subsidiary company's facility in Aizu,
Japan are relevant because of their alleged "impact on commerce and to the determination of the
fair market prices of the alleged tying and tied products."  Motion at 8-9.  Again, this argument is
taken verbatim from AVX's Supplemental Filing, and the discovery sought was categorically
denied at the September 21 hearing.  *See* Suppl. Filing at 6, Doc. No. 66; Hearing Tr. at 14:6-8;
16:25-17:4, Doc. No. 75-2.  There can be no doubt that all the arguments on the relevance of
information from Showa Cabot (both when it was a joint venture up until 2002 and as a

subsidiary of Cabot from 2002-present) have been thoroughly presented by AVX and this Motion is merely an attempt to rehash issues on which it was previously denied discovery. For these reasons, AVX's Motion should be denied.

III.    AVX'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE AVX'S ONLY APPARENT BASIS FOR RECONSIDERATION OF MAGISTRATE JUDGE BOWLER'S RULINGS IS BASED ON A FALSE READING OF THE RECORD.

Because no legal authority is cited in its Motion, the basis for AVX's request that this Court reconsider Magistrate Judge Bowler's previous rulings is not entirely clear. It appears, however, that AVX is trying to create the impression that Cabot has changed its position on the relevance of Showa Cabot's sales and cost information, and that Magistrate Judge Bowler's rulings somehow were based on false information. *See* Motion, at 2, and 6-7. These arguments are entirely false. AVX offers no valid support for its argument, miscites the record, and fails to provide a single legal authority in support of its position.

First, AVX claims that Cabot's production of a list of potential substitute products for its flake powder implies that Cabot now deems the Japanese venture to be "probative" of the issues in this case. Motion at 6, 10. Cabot does not. At the September 21 hearing, Magistrate Judge Bowler ordered Cabot to provide a list of reasonable substitutes for Cabot's flake Tantalum powder (including products from Cabot's competitors such as Showa Cabot) and Cabot has done so. *See* Doc. No. 75-2 at 41. Cabot's compliance with the court's directive in no way changes Cabot's position on the relevance of sales data and other "dealings" concerning Showa Cabot, and AVX has provided no authority that supports such a notion.

Second, AVX claims that Cabot "inaccurately described the 100% subsidiary as a joint venture" during the September 21 hearing, and therefore the rulings were allegedly based on false information. Motion at 6. This is not true. To the contrary, Cabot clearly stated that "the

Japanese subsidiary, was a joint venture that Cabot did not acquire until February '02 after this contract was signed…[AVX's] tying claim turns on what happened back in 2000, 2001, not the events subsequent cause [sic] there was either a tie when that agreement was signed or not." *See* Hearing Tr. at 10:18-22, Doc. No. 75-2.  As stated above, Magistrate Judge Bowler agreed, ruling that the affairs of Showa Cabot (both the joint venture and the subsequently acquired subsidiary) are "not to be produced." Id. at 14:6-8.  Despite this unequivocal ruling[2], AVX continued to attempt to get information regarding both the joint venture and the subsidiary, and Magistrate Judge Bowler reiterated the ruling two additional times. Id. at 15:13-17; 16:25-17:4.[3]

Lastly, AVX alleges that Cabot "misled" the Court regarding its production of standard cost accounting information.  Motion at p. 8, n.14.  AVX again misstates the record.  At the September 21 hearing, AVX was requesting the detailed data that supported the cost accounting data previously produced by Cabot.  *See* Hearing Tr. at 15:8-24, Doc. No. 75-2.  As Cabot had explained to AVX's counsel on several occasions, and during the hearing, Cabot no longer has such data.  Id.  AVX nonetheless tried, yet again, to get information related to Showa Cabot, but its request was denied by Magistrate Judge Bowler.  Id.

Cabot has not misled the Court and never has changed its position on any of the issues addressed during the September 21 hearing.  AVX has wholly failed to show that reconsideration of Magistrate Judge Bowler's rulings would do anything to serve the interests of justice, and has done nothing to justify such an extraordinary remedy but provide misstatements and arguments

---

[2] As this Court previously has stated, "Magistrate Judge Bowler has issued intelligible and unqualified rulings on the outstanding discovery motions."  November 7, 2007 Electronic Order.

[3] Despite the fact that AVX had never requested it before the hearing, Cabot agreed to provide AVX with the joint venture agreement to verify its assertion that Cabot had no control over the joint venture, but was merely a 50% stakeholder.  Transcript at 14:11-22.  Production of the agreement indeed confirmed Cabot's claims, yet inexplicably AVX asserts in its Motion that Cabot had "de facto" control over the joint venture.  This has no basis in fact, and AVX pointed to no part of the agreement to support this baseless claim.  Motion at 2.

already presented to the Court.

WHEREFORE, Cabot respectfully requests that the Court deny AVX's Motion in its entirety and issue sanctions against AVX for bringing this unnecessary and unjustified Motion in the form of reimbursement to Cabot for its fees incurred in responding to the same.

CABOT CORPORATION

By its attorneys,

*/s/ Brian A. Davis*
Robert S. Frank, Jr. (BBO No. 130950)
Brian A. Davis (BBO No. 546462)
Julie C. Rising (BBO No. 666950)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:   November 28, 2007

4268118.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on November 28, 2007.

*/s/ Julie C. Rising*

4273981v1