UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVX CORPORATION<br>and AVX LIMITED, | )<br>)<br>)<br>) |  |
| Plaintiffs, | )<br>) | CIVIL ACTION NO.: 04-10467-RGS |
| v. | )<br>) |  |
| CABOT CORPORATION, | )<br>)<br>) |  |
| Defendant. | )<br>) |  |

## **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION**

Pursuant to leave granted by the Court on December 5, 2007 Plaintiffs AVX Corporation and AVX Limited (collectively "AVX") file this reply in support of AVX's November 14, 2007 Motion for Reconsideration.

A key factor in this Sherman Antitrust case is the control or influence wielded by the defendant Cabot Corporation ("Cabot") over the supply and demand for both its patented flake tantalum powder and the non-flake or nodular tantalum powder in the period from 1996 through 2006. In securing the Court's ruling that AVX should not discover the sales and cost data of the Showa Cabot facility in Japan, Cabot represented that all times this Japanese facility was a fifty-fifty joint venture that Cabot did not control.[1] More than a month after the hearing Cabot produced the operative joint venture agreement the terms of which suggest that while in name only a 50% partner, Cabot

---

[1] As we point out in our Motion for Reconsideration the sales and cost data are discoverable regardless of whether Cabot controlled the nominal joint venture from 1996 to February 2002 or thereafter what became its wholly owned subsidiary.

could limit the supply of raw material to the Japanese facility and hence impact the availability of tantalum powder to AVX and the other tantalum capacitor manufacturers. Under the operative joint venture agreement Cabot was to share its tantalum technology with the joint venture; and whether Cabot allowed or prevented the manufacture by the Showa Cabot facility of the patented flake tantalum for sale to AVX or others is obviously probative.

In its November 28, 2007 Opposition to AVX's Motion for Reconsideration, Cabot insisted that there "no basis in fact" for AVX's contention that Cabot exerted "'de facto' control over the joint venture." *See, e.g.,* Opposition at 5 n.3.

Contrary to Cabot's assertion, there is evidence which combined with the post-hearing production of the operative joint venture agreement suggests that in the year 2000 Cabot in fact exerted control or influence over Showa Cabot and that such control played a role in Cabot's strategy seeking a long term, fixed price, fixed quantities contract from AVX and others. There is evidence that Cabot limited the supply of raw material to Showa Cabot in part to impel AVX to look to Cabot for the KTaf, the semi-refined material[2] to replace the powder formerly furnished by Showa Cabot. *See, e.g.,* C(A) 030645 (in April 2000 Cabot factored into its "Pricing strategies" that AVX and other buyers will be impacted when Showa Cabot is informed it will not get "requested powder or KTaf volumes"). There is evidence suggesting that in 2000 while Cabot told AVX (and the other players) it needed a long term, fixed quantity, fixed price contract to fund expansion of its mining operations, in fact Cabot had determined to expand by buying out its venture partner. *See, e.g., id.*(pricing to Showa Cabot "affected by anticipated future relationship"); AVX 11600-11607 (according to Odle, Cabot's Board

---

[2] See Motion for Reconsideration at 7.

2

had decided to try to buy more of Showa Cabot). And, there is sworn testimony by Cabot suggesting that while Showa Cabot had a right to the flake technology under the technology exchange covenant of the joint venture agreement, Cabot kept the flake methodology to itself.[3]

AVX Corporation and AVX Limited respectfully request that the Court grant their November 14, 2007 Motion for Reconsideration.

> AVX CORPORATION
> and AVX LIMITED ,
>
> By their attorneys,
>
> */s/Richard A. Goren*
> Joseph S.U. Bodoff  (BBO No. 549116)
> Richard A. Goren (BBO No. 203700)
> Ryan D. Sullivan (BBO No. 660696)
> Bodoff & Associates
> 225 Friend Street
> Boston, MA 02114
> 617/742-7300

Dated: December 6, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on December 6 , 2007.

> */s/Richard A. Goren*

---

[3] "The joint venture agreement gave them [Showa Cabot] access to technology… [including] the flake powder paternt." Odle Depo 7-24-03, at  220:8-24, 221:1-10. But in fact prior to Cabot's closing of the purchase of the other half interest, Showa Cabot did not make any flake products. Fisher Depo 7-15-03 at 17:5-13.

3