UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>        Defendant. | Civil Action No. 04-10467-RGS |

**AVX'S MOTION TO AMEND SCHEDULING ORDER TO
ALLOW FOR EXPERT DISCOVERY CONSISTENT WITH THIS
COURT'S ORDER OF NOVEMBER 14, 2007 AND TO ALLOW FOR
THE RESOLUTION OF OUTSTANDING DISCOVERY DISPUTES**

Plaintiffs AVX Corporation and AVX Limited (collectively "AVX") hereby respectfully move, pursuant to Fed. R. Civ. P. 6 and L.R. 40.3, that the Court amend the current Scheduling Order in this action. As more fully set forth hereafter, the extension is being sought for two reasons. First, the extension is sought as to the submission of expert reports and other expert discovery consistent with this Court's order dated November 14, 2007 extending the fact discovery deadline. Second, the extension is sought in order to allow for the resolution of outstanding discovery disputes. In further support hereof, AVX states that:

1.  This is an action in which AVX alleges that the defendant Cabot Corporation ("Cabot") unlawfully conditioned AVX's purchase of flake tantalum powder on the purchase of nodular tantalum powder in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 14. The parties previously agreed to stay all discovery in this matter pending a decision by the Court on Cabot's Motion for Judgment on the Pleadings, in an

effort to avoid expending resources taking discovery in the event Cabot's motion was granted. On July 21, 2006, this Court issued its Order denying Cabot's motion.

2.      Then, on or about October 5, 2006, the parties filed a Joint Motion to Amend the Scheduling Order. On October 10, 2006 the Court granted the motion and extended the deadlines by 120 days.

3.      As a result of additional delays in discovery, on January 30, 2007 the parties filed a joint motion to amend the scheduling order. On January 31, 2007, the Court amended the scheduling order to provide for, among other things, the completion of all fact discovery by March 30, 2007, the completion of all expert discovery by July 16, 2007 and the filing of all dispositive motions by August 16, 2007.

4.      On March 1, 2007 AVX filed a motion to compel discovery. On April 13, 2007 Cabot filed its own motion to compel. Both motions were referred to Magistrate Judge Bowler and were heard on May 25, 2007 and again on September 21, 2007.

5.      On AVX's unopposed motion the Court, by order dated August 21, 2007, extended the Scheduling Order as follows:

| | |
|---|---|
| Deadline to Complete All Fact Discovery: | October 31, 2007 |
| Deadline for AVX to Submit Final Expert Report(s): | December 15, 2007 |
| Deadline for Cabot to Submit Final Expert Report(s): | January 15, 2008 |
| Deadline to Complete All Expert Discovery (including any depositions): | March 1, 2008 |
| Deadline for Filing of All Dispositive Motions: (with responses due 30 days thereafter). | March 31, 2008 |

6.      After the September 21st hearing before Magistrate Bowler the parties continued to disagree as to their respective obligations and have struggled to complete

fact discovery. Both parties timely served their respective Rule 30(b)(6) deposition notices. On October 18, 2007 the Court granted AVX's motion to substitute Dr. Steven Schwartz as its expert. On October 30th Cabot served answers to contention interrogatories and a list of products it contends without explanation are reasonable substitutes for the allegedly tied flake tantalum powder at the heart of this case. On November 2nd AVX filed a request for a status conference. By order dated November 14, 2007, this Court declined to hold a status conference but instead ordered that "outstanding discovery must be completed by December 15, 2007." The Court did not address any other discovery deadlines, including the fact that previous scheduling orders provided for AVX to submit its expert report 45 days after the close of fact discovery, and that other expert discovery deadlines and the date for submission of dispositive motions were likewise based on discrete intervals of time after the completion of fact discovery.

7. In November and early December, the parties conducted depositions, conferred about their continuing unresolved discovery disputes and Cabot's refusal, without seeking a protective order, to designate witnesses and provide testimony concerning three subjects specified in AVX's deposition notice. At two recent depositions, Cabot's counsel instructed Cabot's witnesses not to answer questions addressed to these three areas. The parties have conferred and on or before December 15th AVX will file motions for sanctions and to compel testimony on these three subjects, to complete required document discovery and to compel compliance with Magistrate Bowler's September 21st rulings. For its part, following an LR 7.1 conference, Cabot

recently informed AVX it too would move to compel further document production purportedly in compliance with Magistrate Bowler's September 21st rulings.

9. AVX's motion seeking reconsideration of Magistrate Bowler's September 21st orders precluding discovery of the sales and standard cost accounting of Cabot's Japanese tantalum facility is scheduled for hearing on January 11, 2008.

10. Expert Affidavits filed by AVX in early and mid 2007 aver that the disputed discovery sought by AVX is appropriate for an antitrust assessment. While Cabot has never filed any expert affidavit disputing the probative value of this information, Cabot now insists that AVX's expert report be served on December 15th concurrently with the Court's reset expiration of fact discovery and without this information.

11. AVX's expert report should be made only after review of all data and all transcripts from all depositions. AVX's final witness will be deposed on Tuesday December 12th on eight remaining areas of Cabot's examination on the antitrust issues. Moreover all transcripts from the depositions that have been completed are not yet available for the expert's review; and, in light of some of the questions the experts would benefit from further data from AVX which has been requested. Cabot's dilatory tactics and refusals to provide discovery should not succeed in impeding a fair presentation of expert reports in this Sherman Act antitrust case. Any report completed by December 15th will necessarily have to be supplemented.

11. Fairness dictates that the deadline for AVX's expert report be extended to the date 45 days following completion of the fact discovery remaining upon resolution of

the motions filed by December 15th and that the remaining deadlines be correspondingly extended as follows:

| | |
|---|---|
| Deadline to Complete Remaining Open Fact Discovery: | 45 days following the Court's resolution of motions filed by December 15, 2007 |
| Deadline for AVX to Submit Final Expert Report(s): | 45 days thereafter |
| Deadline for Cabot to Submit Final Expert Report(s): | 30 days thereafter |
| Deadline to Complete All Expert Discovery (including any depositions): | 45 days thereafter |
| Deadline for Filing of All Dispositive Motions: (with responses due 30 days thereafter). | 30 days thereafter |

WHEREFORE, AVX Corporation and AVX Limited respectfully request that this Court enter an Order allowing their Motion To Amend Scheduling Order in accordance with the schedule set forth in paragraph 11 hereof.

AVX CORPORATION and
AVX LIMITED

By their attorneys,

*/s/ Richard A. Goren*
Richard A. Goren (BBO No. 203700)
Joseph S.U. Bodoff (BBO No. 549116)
BODOFF & ASSOCIATES
225 Friend Street
Boston, Massachusetts 02114
Tele: 617-742-7300
Fax:  617-742-9969

Date:   December 7, 2007

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that counsel for the plaintiffs, AVX Corporation and AVX Limited conferred with counsel for defendant Cabot Corporation regarding the foregoing Motion To Amend Scheduling Order

*/s/ Richard A. Goren*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on December  , 2007.

*/s/ Richard A. Goren*