225 Friend Street
Boston, MA 02114-1812

# Bodoff & Associates
ATTORNEYS AT LAW

617.742.7300
617.742.9969 *fax*
www.bodofflaw.com

November 15, 2007

Brian A. Davis, Esq.
Choate, Hall & Stewart
Two International Place
Boston MA 02110

Re: AVX v Cabot; August 6, 2006 Cabot Privilege Log; LR 37.1 communication

Dear Brian:

I write prior to moving to compel production of a number of documents for which Cabot has claimed attorney client privilege on its August 6, 2006 Privilege Log[1] and to make my individual suggestion for expediting our discovery isssues.

This letter assumes, but AVX does not concede, that the in-house lawyers, Alexander, Szabla, Berube, Traficonte, Glynn, and Kim were, except as noted for Philip Szabla prior to April 2002, members of the Massachusetts bar.

Unless we can agree on some other mechanism I presume each of the documents that continue to be contested will have to be examined in camera by the Court for a determination of whether each is protected as Cabot has claimed. AVX will not assert that production of these materials to either the Court or some other agreed upon discovery master constitutes a waiver by Cabot.

In the interests of expediting this review as well as the remaining open discovery issues, query whether the parties should consider engaging a private lawyer as a discovery master. I make this suggestion without consultation with AVX.

There are different categories of documents which assuming no concession by Cabot will require a determination of privilege in whole or in part for a particular document.

The largest category encompasses communications between Cabot employees copied to one or more in-house lawyers. These include items numbered: 2, 6, 9, 24, 35, 39, 40, 41, 43, 47, 51, 62, 64, 72, 76, 80, 88, 89, 95, 102, 103, 104, 105, 110, 118, 130, 135, 139, 143, 144, 145, 160, 161, 165, 169, 172, 174, 184,

---

[1] References herein to numbered documents correspond to the numbers on that Privilege Log.



Brian A. Davis, Esq.
November 15, 2007
Page 2 of 3

187, 189, 201, 202, 221, 229, 232, 233, 236, 239, 245, 246, 247, 248, 311, 319, and 322.  None of these documents are represented to be communications between legal counsel and client.  For example the stated claim of privilege for #2, that the communication "reflects request for legal advice" does not standing alone state a basis for attorney client privilege.  Number 6 states that Mr. Odle is forwarding to Messrs. Young, Tyler, Fisher, Ms. Borick and attorney Alexander an email containing legal advice; but the prior purported legal advice email is not referenced.  As a general matter a corporation cannot insulate its files from discovery simply by sending a "cc" to in-house counsel.  Each of these documents must be examined to determine, *inter alia*, whether they contained communications intended to be confidential with a dominant purpose of seeking legal advice and/or whether the communication would have been sent regardless of whether the attorney was copied.

There are documents containing communications between solely Cabot employees.  These include # 5, 27, 28, 32, 71, 90, 91, 92, 98, 99, 100, 108, 109, 112, 138, 140, 142, 148, 150, 151, 152, 153, 154, 155, 157, 170, 208, 211, 218, 223, 224, 231, 237, 249, 250, 257, 258, 318, and 324.  The almost uniform stated bases for privilege seem to be "reflects request for legal advice" and "reflects legal advice."  These documents also must be examined on an individual basis.

Then there are documents that are not communications at all.  These include # 141 (spreadsheets), 166 (notes with attachment), 171 (undated Szabla spreadsheet), 193 (notes on slide presentation), 194 (undated Szabla chart purporting also to be Work Product), 195 (undated Szabla discussion outline purporting also to be Work Product),198 (undated Szabla notes purporting also to be Work Product), 200 (Szabla chart), 267, 277, 278, 285, 287, 290, 291, 292, 300, 305 (these nine are draft agreements with notes), 320 (spreadsheet) and 321 (spreadsheet).  By way of example and not limitation, that a spreadsheet may be calculated assuming a particular legal outcome does not make the document a privileged attorney client communication.

There is #175 a 1/16/02 memo prepared by Philip Szabla.  This cannot be privileged as according to the BBO website Mr. Szabla was not admitted to the Massachusetts Bar until the following April.

There are documents with attachments.  Attaching a document to a privileged communication does not transmogrify the former into a privileged communication.  To be examined are #1, 3, 4, 5, 6, 8, 9, 10, 101, 103, 167, 169, 172, 174, 177, 178, 179, 180, 181, 182, 184, 185, 187, 188, 192, 196, 197, 199,



Brian A. Davis, Esq.
November 15, 2007
Page 3 of 3

276, 279, 280, 281, 283, 284, 286, 288, 289, 293, 294, 296, 297, 298, 302, 303, 306, and 307.

There is some overlap between the category of attachments and the others.

I will call you to discuss the discovery issue and the possibility of using a master.

Sincerely

Richard A. Goren by L.S.

RAG: ls

cc: Joseph S. U. Bodoff, Esq.