UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVX CORPORATION <br> and AVX LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> CABOT CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. 04-10467-RGS |

**DEFENDANT CABOT CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**

Defendant Cabot Corporation ("Cabot") hereby opposes plaintiffs AVX Corporation and AVX Limited's (collectively, "AVX") Motion to Amend Scheduling Order to Allow for Expert Discovery Consistent With This Court's Order of November 14, 2007 (*sic*) and to Allow for the Resolution of Outstanding Discovery Disputes ("Motion to Amend") (Docket No. 81).[1] AVX's request to extend the Court's current Scheduling Order – AVX's *fifth* such request this year -- is based on its erroneous reading of the Court's Order of November 7, inaccurate assertions about the current state of fact discovery, and incorrect assumptions about Cabot's intentions as discussed more fully below.

Notwithstanding its protestations to the contrary, AVX actually was able to prepare and serve the report of its expert, Mr. Steven Schwartz, on December 18, 2007. This case now is ripe for dispositive motions, and no additional discovery is necessary. Although AVX has framed the

---

[1] The actual date of the Court Order referenced in AVX's Motion is November 7, 2007.

case as one for unlawful tying of tantalum products by Cabot in violation of Section 1 of the Sherman Antitrust Act, AVX's corporate witnesses have admitted under oath that Cabot's "coercive strategies," as alleged in AVX's Complaint and Jury Demand, are limited to Cabot's insistence during contract negotiations in 2000 on a binding, multi-year supply agreement calling for the purchase by AVX of minimum quantities of tantalum products in years beyond 2001. AVX already has fully litigated and lost the *same exact* coercion claim, however, in the Massachusetts state courts. *See* Cabot Corp. v. AVX Corp., 448 Mass. 629 (2007) (a copy of which is attached as Exhibit A). No additional acts of coercion that would support any liability on Cabot's part have been identified by AVX in discovery.

In an effort to avoid 'Judgment Day' in this action (both literally and figuratively), AVX wishes to reschedule deadlines, conduct additional discovery, revisit old discovery disputes, and generate new purported discovery disputes in perpetuity. More than enough time and resources already have been devoted to this litigation. Cabot respectfully submits that no further extension of the existing case deadlines should be granted, and that AVX's Motion to Amend should be denied.

**Argument**

I.  AVX'S MOTION TO AMEND EXISTING CASE DEADLINES SHOULD BE DENIED AS UNNECESSARY AND MOOT.

AVX claims "[f]airness dictates" that the current Scheduling Order in this action -- which was amended for the fourth time on August 21, 2007 at AVX's request -- must be amended yet again to further postpone all remaining case deadlines, including expert discovery deadlines. Motion to Amend at 4. AVX is wrong. The current Scheduling Order requires AVX to "Submit Final Expert Report(s)" on or before December 15, 2007. *See* AVX's Consented To Motion To Amend Scheduling Order, dated August 16, 2007 (Docket No. 64), allowed on August 21, 2007.

AVX has had ample opportunity to comply with that deadline (which it proved by submitting its report on December 18) and the other case deadlines, and its purported excuses for not doing so have been considered and rejected by the Court. For example, all of the parties' outstanding discovery disputes previously were heard and decided by Magistrate Judge Bowler on September 21, 2007. When AVX subsequently requested a status conference for the purpose of addressing various undisclosed "discovery and scheduling issues" (Plaintiffs' Request For Status Conference, dated November 2, 2007 (Docket No. 73) at 1), this Court would have none of it. In denying AVX's Request For Status Conference, the Court said, in relevant part:

> Magistrate Judge Bowler has issued intelligible and unqualified rulings on the outstanding discovery motions.... [O]utstanding discovery must be completed by December 15, 2007. Until dispositive motions, if any, are filed and heard and a trial date is set, the court anticipates no need for a status conference in this case.

Electronic Order, dated November 7, 2007.

Nothing of substance has changed. AVX has been able to schedule and conduct discovery of Cabot with full knowledge of the foregoing deadlines and orders. Fact discovery closed, as directed, on December 15, 2007. Despite its assertions in the Motion to Amend, AVX was able to produce and serve on Cabot a twenty-nine page report authored by its expert witness, Dr. Steven Schwartz, on December 18, 2007. Thus, there is no need at this time to further extend any case deadlines in this action. Cabot can and will prepare and serve the report of its expert, Prof. Joseph Kalt, on or before the existing deadline of January 15, 2008, and Cabot can and will prepare and file its planned motion for summary judgment on or before the existing deadline of March 31, 2008.

Accordingly, AVX's Motion to Amend should be denied as unnecessary and moot.

II.    AVX'S MOTION TO AMEND EXISTING CASE DEADLINES DUE TO AVX'S REQUEST FOR RECONSIDERATION OF THE COURT'S PRIOR DISCOVERY ORDERS AND AVX'S UNENDING LITANY OF NEW DISCOVERY DISPUTES SHOULD BE DENIED AS UNJUSTIFIED.

AVX raises a smoke screen of additional arguments and events -- including its own recent Motion for Reconsideration of what this Court already has described as Magistrate Judge Bowler's "intelligible and unqualified rulings on the outstanding discovery motions" -- as grounds to further postpone the remaining case deadlines in this action. *See* Motion to Amend at 2-5; Electronic Order, dated November 7, 2007. The parties and the Court have tread this ground before. Most, if not all, of the discovery disputes that AVX cites as grounds for its Motion to Amend are either identical to, or directly arise from, the issues that Magistrate Bowler ruled upon on September 21, 2007. There is no reason to further delay the resolution of this action simply because AVX continues to disagree with the Court's rulings and has filed an untimely request for reconsideration of the same. *See generally* Defendant Cabot Corporation's Opposition To Plaintiffs' Motion For Reconsideration, dated November 28, 2007 (Doc. No. 76).

The motive behind AVX's repeated foot-dragging becomes clear if the Court examines the recent deposition testimony of AVX's Fed. R. Civ. P. 30(b)(6) witnesses concerning the purported basis for AVX's tying claim in this case. Although AVX alleges in its Complaint that Cabot violated Section 1 of the Sherman Antitrust Act by unlawfully "condition[ing] plaintiff's purchase of flake powders on its purchase of non-flake powders" back in 2000 (*see, e.g.*, Complaint, ¶ 1), AVX personnel now acknowledge that AVX's grievance in this case is not that Cabot tied sales of flake powder to non-flake powder. Rather, AVX's grievance is that Cabot purportedly used a temporary shortage of tantalum in 2000 to coerce AVX into signing a binding, long-term contract that obligated AVX to purchase *any* tantalum products -- be they flake or non-flake -- in years beyond 2001. *See, e.g.*, Transcript of Deposition of Peter W.

Collis, dated December 5, 2007 (the "Collis Depo.," relevant excerpts of which are attached hereto as Exhibit B), at 10-15.[2] AVX knows full well that it cannot prevail on that coercion claim in this case, however, because AVX previously litigated and lost the *same exact* claim in the Massachusetts state courts. *See* Ex. A, Cabot Corp. v. AVX Corp., 448 Mass. at 636 and 646 (discussing and rejecting AVX's claim that Cabot wrongfully "took advantage of its market position in the face of a tantalum shortage which it knew was only temporary to coerce AVX into executing" a binding, long-term supply contract for tantalum products (internal quotations

---

[2] Mr. Collis is Vice President of AVX's worldwide tantalum operations. He was designated by AVX, pursuant to Rule 30(b)(6), to testify on AVX's behalf with respect to, *inter alia*, the "products or terms that AVX alleges it was forced to accept on account of 'Cabot's coercive strategies' as referenced in Paragraph 30 of the Complaint" in this action. *See* Collis Depo. at 8-9. When questioned on this topic at his recent deposition, Mr. Collis testified, in part, as follows:

> Q.  Which of the products that are listed [in the Supply Agreement] Mr. Collis, are the products that AVX claims in this litigation it did not wish to purchase from Cabot, but was forced to do so?
>
> MR. GOREN: Objection. You may answer.
>
> THE WITNESS: The – the basic premise was we were coerced into a five year agreement which we didn't want to get into.
>
> \*\*\*\*\*\*\*\*\*\*
>
> Q.  I can try to short circuit some of this Mr. Collis to see if I understand AVX's position. Is it fair to say that it's AVX's position that its complaint in this case is that it was forced by Cabot to sign a contract for years beyond 2001?
>
> MR. GOREN: Objection. You may answer.
>
> THE WITNESS: Yes.
>
> BY MR. DAVIS:
>
> Q.  Is there more to AVX's complaint in this action other than it was forced by Cabot, allegedly, to sign a contract or a binding contract for delivery of products beyond the calendar year 2001?
>
> A.  No.

Collis Depo. at 10, 14-15.

omitted)). Cabot is preparing and will file a motion for summary judgment on this basis, among others, in accordance with the current Scheduling Order.

By requesting a further postponement of the remaining procedural deadlines in this action, AVX simply seeks to buy itself time to continue to grind its ax against Cabot for old perceived wrongs that already have been fully considered and rejected by the courts. There is no legitimate basis to prolong AVX's campaign of retribution. AVX's Motion to Amend should be denied.

## Conclusion

For the foregoing reasons, Cabot respectfully requests that the Court deny AVX's Motion to Amend Scheduling Order in its entirety.

CABOT CORPORATION

By its attorneys,

/s/ Brian A. Davis
Robert S. Frank, Jr. (BBO No. 130950)
Brian A. Davis (BBO No. 546462)
Julie C. Rising (BBO No. 666950)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:   December 21, 2007

4280575.1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on December 21, 2007.

/s/ Julie C. Rising