# Exhibit B

Volume _____
Pages ___1 - 135___

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
AVX CORPORATION and
AVX LIMITED,

        Plaintiffs,

  - vs. -

CABOT CORPORATION,

        Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Civil Action No.
04-10467-RGS

DEPOSITION of AVX CORPORATION and AVX LIMITED, (Kurt P. Cummings), a witness called by and on behalf of the Defendant, pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, before Charles E. Janey, Jr., CVR, a Notary Public in and for the Commonwealth of Massachusetts, at the offices of Choate, Hall & Stewart, LLP, Two International Place, Boston, Massachusetts, 02110; on Wednesday, December 12, 2007, commencing at 10:10 a.m.

**JANEY ASSOCIATES**

P. O. Box 365355
Boston, MA 02136-0003
(617) 364-5555
Fax (617) 364-5550

P R O C E E D I N G S

KURT P. CUMMINGS, having duly affirmed that his testimony would be the truth, the whole truth, and nothing but the truth, testified as follows in answer to direct interrogatories:

BY MS. RISING:

Q. Good morning. Can you please state your full name and spell it for the record?

A. Kurt Cummings, K-u-r-t, C-u-m-m-i-n-g-s.

Q. What is your home address?

A. 4345 Hunters Wood Drive in Murrell's Inlet, South Carolina.

Q. Where are you currently employed?

A. AVX Corporation.

Q. And what is your business address?

A. 801 17th Avenue South, Myrtle Beach, South Carolina.

Q. And what is your current title at AVX Corporation?

A. Vice President, Chief Financial Officer, Secretary, and Treasurer.

Q. Can you briefly describe your education since high school?

JANEY ASSOCIATES

Case 1:04-cv-10467-RGS   Document 86-3   Filed 01/02/2008   Page 4 of 6

47

BY MS. RISING:

Q.   And what, if anything, was discussed regarding the appendix before it was signed?

A.   I'm not familiar with the details, but I believe the quantities and prices were discussed throughout the negotiation process.

Q.   Do you recall any specific discussions over quantities and price with regard to Appendix A?

A.   No.

Q.   Looking at Appendix A, do you think that the quantities listed represented AVX's needs at that time?

MR. BODOFF: Objection. They either reflected or did not.

THE WITNESS: I'll make two points. We could never have forecasted our needs throughout the entire five-year period and Cabot was not the only supplier of materials, so this is a population of materials we need, this is a subset of what we were agreeing with Cabot.

BY MS. RISING:

Q.   So there were other suppliers that you were getting materials from or could get materials from during the course of this five-year period?

JANEY ASSOCIATES

        MR. BODOFF: Are you saying materials, generally?

        MS. RISING: Yes.

        THE WITNESS: I think the answer would have to be yes. I'll qualify that. There were certain materials that we could only get from Cabot.

        BY MS. RISING:

Q.    What materials were those?

A.    We discussed them earlier. Nodular was a particular material we needed that had been qualified with certain customers. I believe the ability to get certain flake in Europe was particular to Cabot, and again, had been qualified for products that we made for customers. And I'm not as familiar with the KTAF requirement, but I believe certain levels of that were needed so that our other suppliers could provide the materials we needed to make particular products.

Q.    So in terms of the alleged coercion that you were discussing earlier, is it fair to say that the coercion AVX felt was because of the five-year period and the unknown of what you would need in the later years?

        JANEY ASSOCIATES

        MR. BODOFF: Objection.

        THE WITNESS: The coercion was as I mentioned earlier. The agreement that was in existence, we were told would not be honored, so we had no comfort that we would get the materials we needed and we were told that unless you sign a long-term supply agreement with us at fixed quantities and fixed prices, you will get no material.

        MR. BODOFF: Can we take a break right now, for a few minutes?

        MS. RISING: Sure. Off the record.

        (A brief recess was taken.)

        MS. RISING: Would you mark this.

        (The document above-referred to was marked Deposition Exhibit No. 5 for Identification.)

BY MS. RISING:

Q.   Mr. Cummings, you have been handed what has been marked as Exhibit 5. I ask you to take a moment, look it over, and then tell me if you recognize this document.

    (Pause.)

A.   I'm not sure if I have seen this document,

JANEY ASSOCIATES