*rescan*
*Set*
*[initials]*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVX CORPORATION and AVX LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> CABOT CORPORATION, <br><br> Defendant. | CIVIL ACTION NO.: 04-10467-RGS <br><br> Pursuant to Leave Granted January 10, 2008 |

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS

Plaintiffs AVX Corporation and AVX Limited (collectively "AVX") make two points in reply in support of their December 17, 2007 Motion for Sanctions. First, because the defendant Cabot Corporation ("Cabot") failed to designate any witness there is no testimony binding on Cabot on topics 2, 12 and 18. Second, Cabot continues to block discovery of its efforts to foreclose or limit competition by other sellers of non-flake tantalum products, including Showa Cabot, nominally a 50-50 joint venture competitor, to AVX and others.[1]

### I.   There is no Testimony by Cabot on Topics 2, 12 and 18.

The lack of testimony by any witness binding Cabot on areas 2, 12 and 18 is the wrong addressed by AVX's motion. *See Foster-Miller, Inc. v Babcock & Wilcox Can.*, 210 F. 3d 1, 17 (1st Cir. 2000) affirming this Court's sanctioning of the plaintiff for its refusal to designate a witness on 5 of 14 topics where the defendant had previously

---

[1] Cabot persists in arguing its contemplated summary judgment motion. *See* Cabot's Opposition to Plaintiffs' Motion for Sanctions ("Cabot's Opp.") at 1- 4, 11 – 12. We do not take that bait.

"deposed the employees [the plaintiff] regarded as most knowledgeable on those topics." That there is testimony in the record about portions of these topics is beside the point. *Id.*

Cabot informed AVX that absent a Court order it would not designate a witness to testify on areas 2, 12 and 18. And, on the deposition record Cabot stated that none of its three witnesses were designated, and none would provide testimony, on topics 2, 12 and 18. *See* Exhibits A and B hereto.

II.    **Deposition topics 2, 12 and 18 are Probative.**

Contrary to Cabot's argument,[2] a demonstration that there was a market for the tied non-flake tantalum and that AVX indeed wanted to purchase the allegedly tied non-flake tantalum products in part from other sellers, such as Showa Cabot or Starck, and in all instances on different, less onerous terms, is probative. *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors,* 850 F.2d 803, 815 (1st Cir.1988). Indeed it is essential AVX "make some minimal showing of real or potential foreclosed commerce [in the market for the non-flake tantalum] caused by the tie." *Id.* n. 11.[3]

Subject areas 12 and 18 also explore the extent of Cabot's control of, or influence over, both the worldwide tantalum ore supply and the semi-refined KTaf in the period 1996 to 2006. AVX "should be given 'ample opportunity for discovery' to establish the factual predicates of the interstate commerce element." *Wells Real Estate,* 850 F.2d at 812. Evidence that Cabot limited the ability of other suppliers, Starck, Ningxia and Showa Cabot, to acquire either tantalum ore or the semi-refined KTaf is probative of whether Cabot restricted competition in the non-flake market. *Id.* at 814-15.

---

[2] *See* Cabot's Opp. at 2-4, 11-12.

[3] "To affect a not insubstantial volume of commerce in the [non-flake] tied product market, a tying practice must foreclose the defendant's competitors from competing for sales of the tied [non-flake] product[s]." *Bafus/Dudley v. Aspen Realty, Inc.,* 2007 U.S. Dist. LEXIS 88228, *10 (D. Idaho November 30, 2007).

2

Case 1:04-cv-10467-RGS    Document 89    Filed 01/10/2008    Page 3 of 9

AVX Corporation and AVX Limited respectfully request that the Court grant their December 17, 2007 Motion for Sanctions.

> AVX CORPORATION
> and AVX LIMITED,
>
> By their attorneys,
>
> /s/Richard A. Goren
> Joseph S.U. Bodoff (BBO No. 549116)
> Richard A. Goren (BBO No. 203700)
> Ryan D. Sullivan (BBO No. 660696)
> Bodoff & Associates P.C.
> 225 Friend Street
> Boston, MA 02114
> 617/742-7300

Dated: January 10, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on January 10, 2008.

> /s/Richard A. Goren