**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| AVX CORPORATION and AVX LIMITED, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 04-10467-RGS ) |
| CABOT CORPORATION, | ) **Leave to File granted on January 17, 2008** ) |
| Defendant. | ) ) ) |

**REPLY OF AVX CORPORATION AND AVX LIMITED TO CABOT CORPORATION'S OPPOSITION TO PLAINTIFFS' DECEMBER 7, 2007 MOTION TO AMEND SCHEDULING ORDER**

Because Cabot Corporation ("Cabot") unreasonably refused to consent to an extension of the time for the plaintiffs AVX CORPORATION and AVX LIMITED ("AVX") to submit their expert report in this case and in the absence of a Court order extending the time prior to the deadline for submission of such a report, AVX, in an abundance of caution, served the report prior to the resolution of outstanding fact discovery disputes concerning Cabot's refusal to provide discovery important to AVX's expert and only five days after Cabot's final Rule 30(b)(6) deposition witness had been deposed. Cabot takes the position that AVX's motion is now moot. This cannot be further from the truth, if for no other reason than Cabot also takes the position that the report must be considered final and not subject to revision. For the reasons set forth herein, and taking into account AVX has already served its preliminary report, AVX requests the Court to grant its December 7, 2007 motion and in doing so (1) specify a

date for AVX's service of its final expert report, and (2) adjust other deadlines in the scheduling order accordingly.

    1.    Until December 5, 2007, counsel for AVX believed that this Court's order dated November 14, 2007 extending fact discovery until December 15, 2007 also intended to extend the deadline for submitting expert reports or, at a minimum, that Cabot would agree to the extension so that, as has been the case in this matter, AVX's expert report would be filed 45 days after the completion of fact discovery. On December 5th, Cabot's counsel first informed AVX's counsel that Cabot's consent would not be forthcoming.

    2.    On December 7, 2007, AVX filed its motion to revise the scheduling order so that its expert report would come due 45 days after the close of discovery including the unresolved disputes as to which the parties had conferred prior to the December 17th cutoff date.[1] Because under the Local Rules Cabot had until December 21, 2007 to file its response, the deadline for AVX to submit its expert report fell four days prior to Cabot's response deadline and, of course, prior to this Court's consideration of the motion.

    3.    Out of an abundance of caution, on December 17, 2007 AVX transmitted its expert report to Cabot. Both in the report and in the email transmitting the report, the expert and AVX's counsel, respectively, each stated that the report was preliminary and that the right to amend or supplement the report was preserved. Cabot's counsel responded, rejecting the suggestion that the report could be changed in any way.

---

[1] December 15th being a Saturday, the cutoff date under the Rules was Monday, December 17, 2007.

4. Because the report was drafted on short notice and without the benefit of, among other things, all deposition transcripts, it may be subject to some error, requiring amendment and/or supplementation. In addition, because the report was submitted prior to the resolution of pending discovery motions relating to Cabot's refusals to respond to discovery requests and also to comply with Magistrate Bowler's orders, the report may be based on incomplete information.[2]

5. Since AVX has served an expert report, AVX seeks the entry of an Order as follows:

    a. That AVX's December 17, 2007 expert report be considered a preliminary report;

    b. That AVX's final expert report shall be served 45 days after the later of (i) the last date on which the Court rules on AVX's pending discovery motions or (ii) the date by which Cabot shall timely serve the additional discovery ordered by the Court;

    c. That the deadlines for the parties to take expert depositions be extended until 45 days thereafter;

    d. That the deadline for the parties to file dispositive motions be extended until 30 days after the expert depositions are completed.

WHEREFORE, AVX Corporation and AVX Limited respectfully request that this Court enter an Order allowing their Motion To Amend Scheduling Order, as modified

---

[2] Cabot asserts that AVX's discovery motions are without merit. AVX disagrees. AVX will not rehash the arguments made in the motions. The time to judge the merits of those motions is not in connection with the instant motion to amend the scheduling order but in conjunction with the discovery motions themselves. Similarly, Cabot's arguments regarding the merits of the case should await its summary judgment motion, if it should choose to file one. They are inappropriate at this stage. Suffice it to say that not only does the quoted testimony of Peter Collis not support Cabot's position but that Cabot's reliance on that testimony is misplaced since Mr. Collis was designated to testify on technical issues, not the tying issue, upon which Cabot bases its argument.

herein, in accordance with the schedule set forth in paragraph 5 hereof.

                    AVX CORPORATION
                    and AVX LIMITED

                    By their attorneys,

                    */s/Richard A. Goren*
                    Richard A. Goren (BBO No. 203700)
                    Joseph S.U. Bodoff (BBO No. 549116)
                    BODOFF & ASSOCIATES
                    225 Friend Street
                    Boston, Massachusetts 02114
                    (617) 742-7300

Date:   January 17, 2008

## LOCAL RULE 7.1(A)(2) CERTIFICATION

      Pursuant to Local Rule 7.1(A)(2), I hereby certify that counsel for the plaintiffs, AVX Corporation and AVX Limited conferred with counsel for defendant Cabot Corporation regarding the foregoing Reply in Support of Motion To Amend Scheduling Order.

                    */s/ Richard A. Goren*


## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on January 17 2008.

                    */s/Richard A. Goren*