UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVX CORPORATION and AVX LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION NO.: 04-10467-RGS |
| v. | ) ) ) | |
| CABOT CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFFS' PROPOSED ORDER GRANTING THEIR
NOVEMBER 14, 2007 MOTION FOR RECONSIDERATION**

Pursuant to the bench ruling of the Court (Bowler, M., Magistrate Judge,

presiding) on January 11, 2008 Plaintiffs AVX Corporation and AVX Limited

(collectively "AVX") hereby file the accompanying proposed order on AVX's November

14, 2007 Motion for Reconsideration.

AVX CORPORATION
and AVX LIMITED ,

By their attorneys,

*/s/Richard A. Goren*
Joseph S.U. Bodoff  (BBO No. 549116)
Richard A. Goren (BBO No. 203700)
Ryan D. Sullivan (BBO No. 660696)
Bodoff & Associates
225 Friend Street
Boston, MA 02114
617/742-7300

Dated: January 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on January 18, 2008.

*/s/Richard A. Goren*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVX CORPORATION and AVX LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 04-10467-RGS |
| v. | ) ) | |
| CABOT CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] ORDER GRANTING MOTION FOR RECONSIDERATION**

The case came before the Court on the November 14, 2007 motion of the

plaintiffs' AVX Corporation and AVX Limited (collectively "AVX")  for reconsideration

of a portion of Magistrate Bowler's September 21st bench rulings denying discovery of

materials concerning or relating to  both the former joint venture Showa Cabot for the

period January 1996 through February 2002 in which the defendant Cabot Corporation

("Cabot") was nominally a 50% owner, and by the joint venture's successor, Cabot's

100% subsidiary Cabot Supermetals KK ("Cabot Supermetals KK") for the period March

2002 through December 2006.  Having considered the opposition of Cabot, AVX's reply,

and having heard the parties on January 11, 2008, it is ORDERED that the Motion of

AVX Corporation and AVX Limited dated November 14, 2007 (Document No. 75) is

GRANTED as follows:

For purposes of this Order the Relevant Period shall be January 1, 1996 through

December 31, 2006.  For purposes of this Order for the period from January 1, 1996

3

through February 2002, "Showa" shall mean and include the joint venture Showa Cabot,

and its constituent venturers, Showa Cabot Supermetals KK and any Cabot affiliate

involved in the manufacture, sale and/or distribution of tantalum products in connection

with or arising out of the Showa Cabot joint venture; and, for the period thereafter

"Showa" shall mean and include Cabot's subsidiary Cabot Supermetals KK and any other

entity controlled by Cabot (including without limitation Aizu Holdings KK, Showa Cabot

KK and said Cabot Supermetals KK) and involved in the manufacture, sale and/or

distribution of tantalum products out of or in connection with Cabot's facility in

Kawahigashi-machi, Fukushima-ken, or Aizu Japan.

It is further ORDERED that on or before the fourteenth day next following entry

of this Order, Cabot shall produce to AVX both electronically in database format to the

extent reasonably so available and in hard copy for each month, or if monthly data is not

so available for each year, in the Relevant Period the following documents:

1.      A record of each and every sale and/or transfer of tantalum ore, semi-
        refined KTaf and tantalum powder from either Cabot or from a third
        party at the direction of Cabot to Showa, including without limitation
        for each such transaction, the date, the specific item or product
        identification or other material, the quantity, price, invoice revenue, and
        any discounts or rebates;

2.      Information showing from whom, in what quantities and at what prices
        Showa secured raw material, ore and/or KTaf necessary to produce the
        tantalum  products sold by Showa;

3.      A record of Showa's sales to AVX, Kemet, Vishay, and for each year in

        the Relevant Period to each of Showa's ten largest purchasers of

        tantalum products, showing quantity sold, the product identification of

        the quantity so sold (including without limitation each nodular product

        or other non-flake product and each flake product), the total invoiced

        revenue for each such product so sold to each such customer, discounts

        and rebates, if any;

4.      Showa's annual standard cost accounting for each of its tantalum

        products;

5.      The product specifications of all the flake and non-flake tantalum

        powders manufactured and marketed by Showa;

6.      Correspondence, presentations, notes and other information concerning

        or relating to Cabot's provision of KTaf to Showa up to March 2002,

        including without limitation information concerning or relating to

        Showa's procurement or potential procurement of KTaf from any

        source or sources other than Cabot;

7.      Correspondence, presentations, notes and other information concerning

        Showa's analysis from time to time of tantalum powder and capacitor

        markets and industry trends;

8.      Correspondence, proposals, discussions and other information

        concerning the decision to acquire the other half of the Showa Cabot

        joint venture, the dealings leading up to or relating to Cabot's

        acquisition of the other half of the Showa Cabot joint venture and

Cabot's consideration from time to time of various reasons for possibly altering the relationship with Showa Denko including without limitation Cabot's assessments from time to time of Showa as a competitor; and

9.    Correspondence, proposals, discussions and other information concerning the technology exchange covenants in the Showa Cabot joint venture agreement, including without limitation the reasons prior to 2002 Cabot did or did not provide Showa with access to Cabot's flake technology and the reasons Showa did or did not manufacture flake products.

SO ORDERED this __ day of _____, 2008.

_____
Marianne B. Bowler, Magistrate Judge