

CHOATE HALL & STEWART LLP

January 25, 2008

Brian A. Davis
(617) 248-5056
bad@choate.com

BY ELECTRONIC FILING

The Honorable Marianne B. Bowler
UNITED STATES DISTRICT COURT
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 2300
Boston, Massachusetts 02110

Re:   AVX Corporation and AVX Limited
      v. Cabot Corporation
      Civil Action No. 04-10467 (RGS)

Dear Magistrate Judge Bowler:

I represent defendant Cabot Corporation ("Cabot") in this action by plaintiffs AVX Corporation and AVX Limited (collectively, "AVX"). I write, pursuant to Your Honor's instructions issued at the January 11, 2008 hearing on AVX's Motion for Reconsideration, to oppose the Proposed Order regarding that motion that AVX submitted on January 18, 2008, and to submit an alternative proposed order should the Court decide, over Cabot's opposition, to grant AVX's Motion for Reconsideration in whole or in part. Cabot respectfully incorporates by reference the arguments contained in its prior Opposition to AVX's Motion for Reconsideration, filed on November 28, 2007 (Docket No. 76), which I will not repeat here. The following additional arguments pertain specifically to AVX's Proposed Order.

Cabot opposes AVX's Proposed Order, in the first instance, because it is vastly overbroad. AVX's Motion for Reconsideration expressly seeks reconsideration with respect to only "two categories" of documents: (a) "sales and cost accounting records" for Showa Cabot, Cabot's former Japanese joint venture with Showa Denko and, since February 2002, Cabot's wholly-owned subsidiary; and (b) "Product Specifications" for Showa Cabot tantalum products produced "both while operated as a joint venture and as part of Cabot's Supermetals Division." AVX Motion for Reconsideration at 3, 9, 11. AVX's Proposed Order, however, would obligate Cabot to produce a wide range of documents and materials that do not reasonably fall within either of these categories, including, but not limited to:

Letter to the Hon. Marianne B. Bowler
UNITED STATES DISTRICT COURT
January 25, 2008
Page 2

- "Correspondence, presentations, notes and other information concerning or relating to Cabot's provision of KTaf to Showa up to March 2002" (Proposed Order, Category No. 6);

- "Correspondence, presentations, notes and other information concerning Showa's analysis from time to time of tantalum powder and capacitor markets and industry trends" (*id.*, Category No. 7); and

- "Correspondence, proposals, discussions and other information concerning [Cabot's] decision to acquire the other half of the Showa Cabot joint venture, the dealings leading up to or relating to Cabot's acquisition of the other half of the Showa Cabot joint venture and Cabot's consideration from time to time of various reasons for possibly altering the relationship with Showa Cabot including without limitation Cabot's assessments from time to time of Showa as a competitor" (*id.*, Category No. 8).

These additional categories of documents go well beyond the allegations of AVX's Complaint in this action, which is limited solely to the claim that, in the 2000-2001 timeframe, Cabot unlawfully "conditioned plaintiff's purchase of flake powders on its purchase of non-flake powders." Complaint And Jury Demand, ¶ 1 (Docket No. 1). AVX makes no claim in its Complaint that it ever was forced by Cabot to purchase "KTaf" (i.e., semi-refined tantalum ore), and makes no reference whatsoever to Showa Cabot anywhere in its Complaint.

Cabot further opposes AVX's Proposed Order as untimely and effectively moot. AVX's purported basis for filing its Motion for Reconsideration in November 2007 was to obtain "sales and cost information" from Showa Cabot that would enable its experts, *inter alia*, "'to compare pricing terms across different customers with different needs and requirements, and distinguish more accurately deviations in Cabot's pricing from costs for its range of tantalum products....'" AVX Motion for Reconsideration at 5 n.5 (quoting the Second Affidavit of Lauren Stiroh). AVX's antitrust expert, Dr. Steven Schwartz, however, has since been able to conduct his analysis and reach a conclusion on that very issue without the additional information that AVX now seeks. *See, e.g.*, Expert Report of Steven Schwartz, dated December 15, 2007 (a true copy of which is appended to this letter as <u>Exhibit A</u>), ¶¶ 43, 47 ("The price increase for Cabot's nodular powders between 2000 and 2001 was ... much greater than corresponding increases from other suppliers," and Cabot was "able to sustain higher margins as well on its flake and nodular products due to the fixed nature of its supply agreement with AVX"). Accordingly, the purported need for the relief requested in AVX's Motion for Reconsideration no longer exists.

Letter to the Hon. Marianne B. Bowler
UNITED STATES DISTRICT COURT
January 25, 2008
Page 3

AVX should not be permitted to utilize its pending Motion for Reconsideration as a mechanism to inject new claims into this action, or to broadly reopen fact discovery for unnecessary purposes. AVX's recent Motion to Amend the Scheduling Order in this case to do just that (Docket No. 81) was denied, in its entirety, by Judge Stearns on January 17, 2008. For these reasons, Cabot respectfully submits that Your Honor should deny AVX's Motion for Reconsideration outright.

If the Court is inclined, however, to grant AVX additional discovery in response to its Motion for Reconsideration, Cabot respectfully requests that such discovery be limited to the time period from January 1, 1996 through January 1, 2001 (*i.e.*, the effective date of the 2001 Supply Agreement between Cabot and AVX); that it be limited solely to the production of written documents specifically requested in AVX's Motion for Reconsideration (to the extent that such documents still exist and can be located by Cabot and its Japanese subsidiary), and that Cabot be granted a period of no less than thirty (30) days to collect and produce such documents, with leave to seek additional time from the Court if necessary. An alternative Proposed Order consistent with these terms is attached to this letter as Exhibit B. Cabot also requests that the Court conduct a further hearing on AVX's Motion for Reconsideration and permit Cabot to speak to these issues if Your Honor intends to grant AVX discovery beyond what is identified in Cabot's alternative Proposed Order.

Thank you for your consideration.

Very truly yours,

*[signature]*

Brian A. Davis


Enclosures

cc: Joseph S.U. Bodoff, Esq. (by ECF and regular mail)
    Richard A. Goren, Esq. (by ECF and regular mail)
    Julie C. Rising, Esq.

4294133.1