# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. 04-10467-RGS |

## ORDER

This matter having come before the Court on AVX's Motion for Reconsideration (Docket No. 75), the Court being fully advised, it is hereby ORDERED that AVX's Motion for Reconsideration is GRANTED, in part, on the following terms:

1. The relevant time period for any documents to be provided as described below shall be January 1, 1996 through January 1, 2001, only;

2. The additional documents to be produced by Cabot shall be limited to:

   (a) Records sufficient to show Showa Cabot's purchases of semi-refined tantalum ore (KTaF) for the purpose of producing tantalum powder during the relevant time period, including prices and quantities, to the extent that such records still exist and are reasonably accessible to Cabot;

   (b) Records sufficient to show Showa Cabot's sales of tantalum powder products (whether flake or nodular) to AVX, Kemet or Vishay during the

        relevant time period, including the transaction date, price, quantity, product name and product number, to the extent that such records still exist and are reasonably accessible to Cabot; and

    (c)    Records sufficient to show typical product specifications for the tantalum powder products (whether flake or nodular) actually sold by Showa Cabot to AVX, Kemet or Vishay during the relevant time period, to the extent that such records still exist and are reasonably accessible to Cabot;

3.    Cabot shall make a good faith effort to collect and produce copies of the foregoing documents within thirty (30) days of the date of this Order. In the event that Cabot believes additional time is necessary for such purposes, Cabot may apply to the Court for additional time;

4.    AVX shall not be permitted to conduct any additional discovery of Cabot with respect to any documents produced pursuant to this Order, or with respect to the issues raised in its Motion for Reconsideration or at any hearings thereon; and

5.    This Order shall not constitute grounds for AVX to seek a further extension of any deadlines contained in the current Scheduling Order for this action.

SO ORDERED this ____ day of _____, 2008.

                                                                                       _____
                                                                                       Marianne B. Bowler
                                                                                       United States Magistrate Judge