UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br>        Plaintiffs<br><br>v.<br><br>CABOT CORPORATION,<br>        Defendant | )<br>)<br>)<br>)<br>) Civil Action No. 04-10467-RGS<br>)<br>)<br>)<br>)<br>) |

**MOTION OF AVX CORPORATION AND AVX LIMITED
FOR LEAVE TO SUBMIT SUBSTITUTE EXPERT REPORT**

By this motion, AVX Corporation and AVX Limited ("AVX") hereby request leave to submit a substitute expert report.[1] The original expert report, although submitted timely, was submitted prior to the completion of fact discovery and, based on counsel's mistaken belief that the expert report deadline was extended to coincide with an extension of fact discovery, was prepared on short notice to AVX's expert. AVX hereby both seeks the entry of an order permitting the substitution of the expert report and for this Court to set a deadline for doing so after Cabot responds to certain discovery that is the subject of motions currently pending before Magistrate Bowler. In support of thereof, AVX states the following:

**Background**

1.  Without going into the history of the discovery schedules and changes in this case, this Court ultimately set a deadline of October 31, 2007 to complete fact discovery, December 15, 2007 and January 15, 2008 to submit expert reports of AVX

---

[1] Arguably, Fed. R. Civ. P. 26(e)(1) gives AVX the *right* to substitute – or at least supplement – its expert report. Cabot's counsel has taken the position that the report cannot be supplemented or amended.

1

and Cabot, respectively, and February 29, 2008 for the completion of expert discovery. This scheduling order was consistent with the earlier scheduling orders that had been entered in that it provided for AVX to submit its expert report 45 days after the completion of fact discovery, for Cabot to submit its expert report 30 days after that and for expert discovery to be completed 45 days after Cabot's expert report was due.

2.      As a result of difficulty in scheduling depositions of executives from both AVX and Cabot and ongoing discovery disputes between the parties, AVX filed a motion with this court requesting a status conference in order to explain the issues that had arisen in discovery that impacted on the discovery schedule. This Court did not schedule the status conference but instead, on November 7, 2007, entered an order extending fact discovery for 45 days – until December 15, 2007.

3.      With that extension, the last deposition was completed on December 12, 2007.[2]

4.      Counsel for AVX believed that when the Court entered the order extending fact discovery it also intended to extend the deadlines for submitting expert reports and for completion of expert discovery. It based this belief on the fact that AVX's report was always due 45 days after the completion of fact discovery and also on the basic concept that experts cannot submit meaningful reports until they have all of the facts made available during fact discovery. Counsel for AVX also believed that counsel for Cabot would also be of the same view.

5.      As it turned out, Cabot's counsel disagreed with the position of AVX's counsel and communicated that position to AVX's counsel on December 5, 2007, only 10

---

[2] The last deposition of Cabot's witnesses was on December 10th. The last deposition of AVX's witnesses was on December 12th.

days before the deadline for AVX's expert report as set by the August 21, 2007 scheduling order.[3]

6.  On December 6, 2007, counsel for AVX advised its expert witness for the first time that the report would in fact be due on December 15, 2007.

7.  While AVX's expert was able to put together a report in time to submit to Cabot's counsel, the report is incomplete and may contain errors. Among other things, while the report contains an extensive analysis of antitrust liability issues the analysis is incomplete and the report does not include a discussion of damages. Of course, the report does not include in its discussion any of the facts that Cabot still needs to disclose in discovery, which the expert has advised are important for his analysis.

**Pending Discovery Motions**

8.  On January 24, 2008, this Court referred AVX's three discovery motions to Magistrate Judge Bowler, to wit:

a.  Motion for Reconsideration filed by AVX relating to Magistrate Judge Bowler's September 2007 bench rulings (entered on the docket on October 31, 2007) that Cabot did not have to produce certain documents largely relating to Showa Cabot, the Japanese affiliate of Cabot[4] that sold tantalum products to AVX and others.

---

[3] On December 7, 2007, AVX also filed a motion to extend the time for it to submit its expert report. With the deadline to submit the report coming prior to the Court's ruling on the motion, AVX served the report on Cabot's counsel. Cabot opposed the motion and claimed that it was moot. On January 17, 2008, this Court entered an order denying the motion. To the extent appropriate, AVX requests hereby that the Court reconsider that order.

[4] Showa Cabot was a 50-50 joint venture of Cabot until February 2000 and was a wholly-owned subsidiary thereafter.

At a hearing on January 11, 2008,[5] Magistrate Judge Bowler stated that she is inclined to grant AVX part or all of its requested relief and invited both AVX and Cabot to submit proposed orders as to the scope of relief to be granted. She presently has the matter under advisement.

        b.      Motion for Sanctions filed by AVX for Cabot's failure and refusal to designate one or more witnesses under Rule 30(b)(6) on three deposition topics.[6] Cabot's refusal to provide deposition testimony relied in part on Magistrate Judge Bowler's previous bench rulings, reconsideration of which Magistrate Bowler is presently considering. While Magistrate Judge Bowler's prior ruling on document discovery is not determinative of – or even has any bearing on – the Motion for Sanctions, her grant of the Motion for Reconsideration undermines Cabot's sole defense to the Motion for Sanctions as to two of the three topics.

        c.      Motion filed by AVX to compel production of selected documents from Cabot's privilege log.

        9.      On February 8, 2008, Magistrate Bowler held a final hearing on the Motion for Reconsideration and an initial hearing on AVX's two other motions.[7] She has reserved decision on all motions and has promised to make rulings on them by February 13, 2008.

---

[5] Although this Court's January 24th order referred the motion for reconsideration to Magistrate Bowler, she had already held a hearing on the motion 13 days earlier.

[6] Cabot's refusal to designate the Rule 30(b)(6) witnesses was not only wrong on a substantive level but a procedural level as well. If Cabot believed that the designated topic was beyond the scope of permissible discovery it should have sought a protective order rather than to take the unilateral action of refusing to designate a witness. *See* Fed. R. Civ. P. 26(c).

[7] Magistrate Bowler originally scheduled the hearing for January 30th but rescheduled it due to a conflict with Cabot's counsel's schedule.

10. As stated previously, Magistrate Bowler has already indicated she intends to order Cabot to produce at least some, if not all, of what AVX seeks concerning Cabot's Japanese Showa facility. In its proposed order Cabot suggested it would produce documents from Showa within 30 days from the date of entry. It is unlikely that AVX will have received the Showa documents, and/or any other documents and, should Magistrate Bowler rule favorably on the Motion for Sanctions, have taken the Rule 30(b)(6) depositions much before mid to late March.

**Argument**

11. The deadline for concluding fact discovery in this case expired on the very same day that AVX's expert report was due. This fact, alone, made it impossible for AVX's expert to submit a complete report, even if he (and counsel) had understood well in advance that this Court did not, by its November 7th order, intend to extend the deadline for him to submit his report.

12. The course of litigation follows a critical path, not unlike that of a construction project. From the conclusion of fact discovery, to the production of Plaintiff's expert report, to the production of Defendant's expert report, to the conduct of expert discovery, the timing of each event is dependent on the completion of the event that precedes it. Just as a painter cannot paint a wall until it is plastered, an expert cannot provide a thorough report until fact discovery is completed.

13. The sequence of submitting expert reports *after* a reasonable period of time from the conclusion of fact discovery is so engrained in federal practice that one court has labeled counsel's argument to the contrary as "incredulous", stating:

> Counsel for [Plaintiff] are experienced attorneys and well familiar with federal practice. Typically a very specific

5

> deadline is set for the close of fact discovery and for expert
> discovery … There were no expert deadlines set in this
> case until months after the close of fact discovery.
> ***Certainly, counsel for Janssen could not have believed
> that this Court would have imposed an expert deadline
> that coincided or even shortly followed the fact discovery
> end date.***

*Janssen Pharmaceutica N.V v. Mylan Pharmaceuticals, Inc.*, 2007 U.S. Dist. LEXIS 20807, at **32-33 (D.N.J. 2007).

14. There are a number of reasons why the submission of AVX's expert report by December 15th made it impossible for the expert to submit a complete and error-free report,[8] including:

   a. The report was required to be submitted only five days after the last of the depositions of Cabot's witnesses was completed.

   b. At the time the report was submitted not all of the deposition transcripts had been transcribed.

   c. As stated previously, there are a number of outstanding discovery disputes, whose resolution will likely result in Cabot producing additional discovery responses.

15. For the reasons stated above, good cause exists pursuant to Fed. R. Civ. P. 16(b) for allowing the substitution of the expert report.[9]

---

[8] It should be noted that Cabot's expert did not face the same problems. First, his report was not due until 30 days after AVX's expert's report. Second, it is Cabot's failure to properly respond to discovery that has caused AVX's problem. Cabot, which has not filed any discovery motions, apparently has obtained all of the information from AVX that its expert needs.

[9] To the extent that counsel's error contributed to the need of AVX to submit a substitute expert report, AVX also seeks relief under Fed. R. Civ. P. 60(b) on the ground that such error constitutes excusable neglect. That error resulted from counsel's mistaken belief that the Court intended to extend the deadline for submitting expert reports when it extended the fact discovery deadline by its November 7th order. *See Janssen Pharmaceutica N.V v. Mylan Pharmaceuticals, Inc.*, supra.

6

16. In *National Railroad Passenger Corporation v. Expresstrak, LLC*, 2006 U.S. Dist. LEXIS 67642 (D. DC 2006), the Court considered a motion by plaintiff for leave to file a substitute a report submitted by one expert for a report submitted by another expert. As grounds, the plaintiff argued that the credibility of the expert that submitted its prior report had been severely damaged by the expert's failure to reveal that he had been terminated from a prior position when asked at deposition and therefore a new expert was desired. Despite the fact that the proceedings in *Expresstrak* had progressed beyond the stage of the instant litigation, the Court granted the plaintiff leave to submit a substitute report, reasoning that the damage to its expert's credibility would have a severe negative impact on its case so as to cause substantial prejudice. Unlike *Expresstrak*, AVX is not seeking hereby to submit a report from a ***new*** expert, but simply to submit a report that adds to and, perhaps corrects, the report that its expert hurriedly submitted in this case. As with *Expresstrak*, there is both cause for submitting a substitute report and extreme prejudice to AVX if it is not permitted to do so.

17. Cabot will not be prejudiced by the grant of leave to AVX to submit a substitute expert report. First, Cabot was made aware, both prior to and subsequent to the submission of AVX's expert report, that the report is incomplete and would likely have to be revised. Second, other than the exchange of expert reports, there has been no expert discovery. Third, whatever delay that might be attendant to the submission of an expert report will have minimal, if any, impact on Cabot since Cabot's counsel has already

represented that, because of other trial commitments, he is unavailable until the end of March.[10]

18.     Because of the discovery motions pending before Magistrate Bowler, AVX requests that the Court set a date that is 30 days after the date set by Magistrate Bowler for Cabot to comply with the discovery orders or, in the unlikely event that Magistrate Bowler outright denies the motions,[11] then within 30 days after the entry of her order.

WHEREFORE, AVX Corporation and AVX Limited respectfully request that this Court grant leave to submit a substitute expert report within the time period set forth in paragraph 18 hereof, and that it grant such other and further relief as may be appropriate.

> AVX CORPORATION and
> AVX LIMITED
>
> By their attorneys,
>
>  /s/ Richard A. Goren
> Joseph S.U. Bodoff (BBO #549116)
> Richard A. Goren (BBO #203700)
> Ryan D. Sullivan (BBO #660696)
> BODOFF & ASSOCIATES, P.C.
> 225 Friend Street
> Boston, Massachusetts 02114
> (617) 742-7300

Date:   February 8, 2008

---

[10] Magistrate Bowler originally scheduled the three motions for hearing on January 30, 2008. Based on its counsel's unavailability Cabot requested the three motions be heard "during the weeks of March 24 and March 31."

[11] As stated previously, Magistrate Bowler has already indicated that she would grant at least a portion of the relief requested in the motion for reconsideration.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that counsel for the plaintiffs, AVX Corporation and AVX Limited has conferred with counsel for defendant Cabot Corporation regarding the foregoing Motion for leave to serve a substitute expert report.

/s/ Richard A. Goren

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on February 8, 2008.

/s/ Richard A. Goren