# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION ) <br> and AVX LIMITED, ) <br>       Plaintiffs ) <br> ) <br> v. ) <br> ) <br> CABOT CORPORATION, ) <br>       Defendant ) | Civil Action No. 04-10467-RGS |

## EMERGENCY MOTION OF AVX CORPORATION AND AVX LIMITED TO STAY EXPERT DEPOSITIONS PENDING RESOLUTION OF OUTSTANDING DISCOVERY DISPUTES

AND NOW, come AVX Corporation and AVX Limited ("AVX") and request the Court issue an order staying the taking of expert depositions pending the resolution of outstanding discovery disputes currently being considered by Magistrate Bowler. Because the first of these depositions is currently scheduled for February 19, 2008 in White Plains, New York, AVX seeks this Court to consider the Motion on an emergency basis. In support hereof, AVX states as follows:

1. There is currently pending before Magistrate Judge Bowler the following three discovery motions:

    a. Motion for Reconsideration filed by AVX relating to Magistrate Judge Bowler's September 2007 bench rulings (entered on the docket on October 31, 2007) that Cabot did not have to produce certain documents largely relating to Showa Cabot, the Japanese affiliate of Cabot[1] that sold tantalum products to AVX and others. At a hearing on January 11, 2008, Magistrate Judge Bowler stated that she is inclined to

---

[1] Showa Cabot was a 50-50 joint venture of Cabot until February 2000 and was a wholly-owned subsidiary thereafter.

1

grant AVX part or all of its requested relief and invited both AVX and Cabot to submit proposed orders as to the scope of relief to be granted. She presently has the matter under advisement.

        b.      Motion for Sanctions filed by AVX for Cabot's failure and refusal to designate one or more witnesses under Rule 30(b)(6) on three deposition topics. Cabot's refusal to provide deposition testimony relied in part on Magistrate Judge Bowler's previous bench rulings, reconsideration of which Magistrate Bowler is presently considering.[2] While Magistrate Judge Bowler's prior ruling on document discovery is not determinative of – or even has any bearing on – the Motion for Sanctions, her grant of the Motion for Reconsideration undermines Cabot's sole defense to the Motion for Sanctions as to two of the three topics.

        c.      Motion filed by AVX to compel production of selected documents from Cabot's privilege log.

2.      On February 8, 2008, Magistrate Bowler held a final hearing on the Motion for Reconsideration and a hearing to consider for the first time AVX's two other motions. If she grants any of the motions – something which she has already indicated she will do in part – Cabot has stated that it will need up to 30 days to produce documents.

3.      Under the current scheduling order, expert depositions must be taken by February 29, 2008. In fact, the deposition of AVX's expert is already scheduled for

---

[2] Cabot's refusal to designate the Rule 30(b)(6) witnesses was not only wrong on a substantive level but a procedural level as well. If Cabot believed that the designated topic was beyond the scope of permissible discovery it should have sought a protective order rather than to take the unilateral action of refusing to designate a witness. *See* Fed. R. Civ. P. 26(c).

February 19, 2008 in White Plains, New York. The deposition of Cabot's expert is expected later in the month in Arizona.

    4.    While AVX is otherwise prepared to proceed with both depositions, should Magistrate Bowler grant any of the relief that AVX has requested in its discovery motions it is likely that it will affect at least one, if not both, of the opinions of the experts. In any event, because facts may be developed in that discovery that could bear on the expert's opinions, either party may want to question the experts about those facts at their depositions.

    5.    Should the depositions occur prior to Cabot's responding to any additional discovery ordered by Magistrate Bowler, the parties would be faced with re-noticing the depositions of the experts to cover these supplemental facts. Besides potentially running afoul of Rule 30(d)(2)'s limitation on the amount of time that a witness may be deposed, the parties would be required to undergo substantial additional expense to take these out-of-state depositions.

    5.    The orderly conduct of this litigation requires that the expert depositions be taken *after* all of the fact discovery is completed. *Janssen Pharmaceutica N.V v. Mylan Pharmaceuticals, Inc.*, 2007 U.S. Dist. LEXIS 20807, at **32-33 (D.N.J. 2007)

    6.    Fed. R. Civ. P. 16(b) authorizes the Court to modify its pretrial schedule upon a showing of good cause.

    7.    Good cause exists as Magistrate Judge Bowler's decision on the pending discovery motions directly impacts the course of expert discovery in this case.

    8.    Based on the representations of Cabot's counsel, it is expected that upon Magistrate Bowler's rulings document discovery will finally be completed 30 days

3

thereafter. AVX believes that an appropriate deadline to complete expert depositions would be 60 days after that.

WHEREFORE, AVX Corporation and AVX Limited respectfully request that this Court issue a stay of all expert depositions until after Cabot complies with Magistrate Bowler's discovery orders and to set a deadline for completing expert depositions at a date that 60 days after such time as the pending discovery motions are resolved, and that it grant such other and further relief as may be appropriate.

>     AVX CORPORATION and
>     AVX LIMITED
>
>     By their attorneys,
>
>      /s/ Richard A. Goren
>     Joseph S.U. Bodoff (BBO #549116)
>     Richard A. Goren (BBO #203700)
>     Ryan D. Sullivan (BBO #660696)
>     BODOFF & ASSOCIATES, P.C.
>     225 Friend Street
>     Boston, Massachusetts 02114
>     (617) 742-7300

Date:   February 8, 2008


**LOCAL RULE 7.1(A)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(A)(2), I hereby certify that counsel for the plaintiffs, AVX Corporation and AVX Limited has conferred with counsel for defendant Cabot Corporation regarding the foregoing Motion for leave to serve a substitute expert report.

>      /s/ Richard A. Goren

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on February 8, 2008.

               */s/ Richard A. Goren*