UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVX CORPORATION and AVX LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 04-10467-RGS |
| v. | ) ) | |
| CABOT CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT CABOT CORPORATION'S OPPOSITION TO PLAINTIFFS'
EMERGENCY MOTION TO STAY EXPERT DEPOSITIONS
PENDING RESOLUTION OF OUTSTANDING DISCOVERY DISPUTES**

Defendant Cabot Corporation ("Cabot") hereby opposes plaintiffs AVX Corporation and AVX Limited's (collectively, "AVX") Emergency Motion to Stay Expert Depositions Pending Resolution of Outstanding Discovery Disputes (the "Motion"). AVX's Motion represents its *sixth* request in the last year to extend discovery deadlines in this action. Although not described by AVX as such, AVX's Motion actually is a request for reconsideration of this Court's recent denial of AVX's "Motion to Amend Scheduling Order to Allow for Expert Discovery Consistent with this Court's Order of Nov. 14, 2007 (*sic*) and to Allow for the Resolution of Outstanding Discovery Disputes" (the "Motion to Amend"), dated December 7, 2007 (Docket No. 81), in which AVX also sought to postpone expert discovery until after the resolution of AVX's myriad of belated discovery motions.[1] AVX's present Motion, however, amazingly makes absolutely *no*

---

[1] The actual date of the Court Order referenced in AVX's Motion to Amend is November 7, 2007.

*reference at all* to the fact that AVX's request for the *very same relief* was denied by the Court less than one month ago.

Nothing -- other than AVX's steadfast refusal to take "no" for an answer from this Court -- has changed. AVX still wishes to reschedule case deadlines, conduct additional discovery, revisit old discovery disputes, and generate new purported discovery disputes in perpetuity. For these reasons and others, which are addressed more fully below, AVX's renewed request to extend discovery in this action (its *sixth* in the last year) should be denied.

### Argument

I. AVX'S REQUEST TO FURTHER POSTPONE EXPERT DISCOVERY IN THIS ACTION ALREADY HAS BEEN CONSIDERED AND DENIED BY THE COURT.

AVX previously requested, in part, in its recent Motion to Amend that the "Deadline to Complete All Expert Discovery (including any depositions)" be extended until "30 days" after the Court's "resolution of motions filed by December 15, 2007." Motion to Amend at 5. That request properly was denied by the Court on January 17, 2008. There is no basis to revisit or change that decision now. The current Scheduling Order required AVX to "Submit Final Expert Report(s)" on or before December 15, 2007, and for Cabot to "Submit Final Expert Report(s)" on or before January 15, 2008. *See* AVX's Consented To Motion to Amend Scheduling Order, dated August 16, 2007 (Docket No. 64), allowed on August 21, 2007. AVX had ample opportunity to comply with that deadline, which it proved by submitting the report of its expert, Dr. Steven Schwartz, on December 18, 2007. Notwithstanding any pending discovery disputes, Dr. Schwartz was able to conduct his analysis and reach a conclusion regarding Cabot's alleged anti-competitive conduct. Cabot, in turn, was able to serve AVX with the report of its expert, Dr. Joseph Kalt, as scheduled on January 15, 2008. Cabot has noticed the deposition of Dr. Schwartz for February 19, 2008, and Cabot has offered Dr. Kalt for deposition by AVX on

February 20, 2008. Cabot is preparing a Motion for Summary Judgment that it plans to file on or before the current March 31, 2008 for dispositive motions. As before, this case can and should proceed according to its current Schedule Order. Accordingly, AVX's Motion should be denied.

II.  AVX'S REQUEST TO FURTHER POSTPONE EXPERT DISCOVERY IN THIS ACTION BASED ON AVX'S UNENDING LITANY OF NEW PURPORTED DISCOVERY DISPUTES SHOULD BE DENIED AS UNJUSTIFIED.

AVX once again relies upon its self-generated smoke screen of additional arguments and events -- including its own recent Motion for Reconsideration of what this Court already has described as Magistrate Judge Bowler's "intelligible and unqualified rulings on the outstanding discovery motions" -- as grounds to further postpone expert discovery in this action. *See* Motion at 1-2; Electronic Order, dated November 7, 2007. AVX optimistically argues that its motions ultimately will be allowed by Magistrate Judge Bowler, and that additional facts thereafter "may be developed in discovery that could bear on the expert's opinions." Motion at 3. AVX is wrong on both counts. Cabot has opposed AVX's barrage of belated discovery motions, and Magistrate Judge Bowler gave no indication at the recent hearing on February 8, 2008 whether she will grant any of the relief requested by AVX. Even if she does, however, that relief (which is limited to documents and testimony concerning Cabot's current Japanese subsidiary and the mining of tantalum ore) provides no basis to further delay the completion of expert discovery in this action.

The motive behind AVX's infinitely repeated efforts to extend discovery and delay dispositive motion practice becomes clear if the Court examines the recent deposition testimony of AVX's Fed. R. Civ. P. 30(b)(6) witnesses concerning the purported basis for AVX's tying claim in this case. Although AVX alleges in its Complaint that Cabot violated Section 1 of the Sherman Antitrust Act by unlawfully "condition[ing] plaintiff's purchase of flake powders on its

-3-

purchase of non-flake powders" back in 2000 (*see, e.g.,* Complaint, ¶ 1), AVX personnel now acknowledge that AVX's grievance in this case is not that Cabot tied sales of flake powder to non-flake powder. Rather, AVX's sole grievance is that Cabot purportedly used a temporary shortage of tantalum in 2000 to coerce AVX into signing a binding, long-term contract that obligated AVX to purchase *any* tantalum products -- be they flake or non-flake -- in years beyond 2001. *See, e.g.,* Transcript of Deposition of Peter W. Collis, dated December 5, 2007 (the "Collis Depo.," relevant excerpts of which are attached hereto as <u>Exhibit A</u>), at 10-15.[2] AVX knows full well that it cannot prevail on that coercion claim in this case, however, because

---

[2] Mr. Collis is Vice President of AVX's worldwide tantalum operations. He was designated by AVX, pursuant to Rule 30(b)(6), to testify on AVX's behalf with respect to, *inter alia*, the "products or terms that AVX alleges it was forced to accept on account of 'Cabot's coercive strategies' as referenced in Paragraph 30 of the Complaint" in this action. *See* Collis Depo. at 8-9. When questioned on this topic at his recent deposition, Mr. Collis testified, in part, as follows:

> Q. Which of the products that are listed [in the Supply Agreement] Mr. Collis, are the products that AVX claims in this litigation it did not wish to purchase from Cabot, but was forced to do so?
>
> MR. GOREN: Objection. You may answer.
>
> THE WITNESS: The - the basic premise was we were coerced into a five year agreement which we didn't want to get into.
>
> \*\*\*\*\*\*\*\*\*\*\*
>
> Q. I can try to short circuit some of this Mr. Collis to see if I understand AVX's position. Is it fair to say that it's AVX's position that its complaint in this case is that it was forced by Cabot to sign a contract for years beyond 2001?
>
> MR. GOREN: Objection. You may answer.
>
> THE WITNESS: Yes.
>
> BY MR. DAVIS:
>
> Q. Is there more to AVX's complaint in this action other than it was forced by Cabot, allegedly, to sign a contract or a binding contract for delivery of products beyond the calendar year 2001?
>
> A. No.

Collis Depo. at 10, 14-15.

AVX previously litigated and lost the *same exact* claim in the Massachusetts state courts.  *See* Cabot Corp. v. AVX Corp., 448 Mass. 629, 636, 646 (2007) (discussing and rejecting AVX's claim that Cabot wrongfully "took advantage of its market position in the face of a tantalum shortage which it knew was only temporary to coerce AVX into executing" a binding, long-term supply contract for tantalum products (internal quotations omitted)).  Cabot is preparing and will file, on or before the current March 31, 2008 deadline, a motion for summary judgment on this basis, among others.

By once again seeking to postpone expert discovery in this action, AVX simply hopes to buy itself time to continue to grind its ax against Cabot for old perceived wrongs that already have been fully considered and rejected by the courts.  There is no legitimate basis to prolong AVX's campaign of retribution.  Accordingly, AVX's Motion should be denied.

## Conclusion

For the foregoing reasons, Cabot respectfully requests that the Court deny AVX's Emergency Motion to Postpone Expert Depositions in its entirety.

        CABOT CORPORATION

        By its attorneys,

        */s/ Brian A. Davis*
        Robert S. Frank, Jr. (BBO No. 177240)
        (rfrank@choate.com)
        Brian A. Davis (BBO No. 546462)
        (bdavis@choate.com)
        Julie C. Rising (BBO No. 666950)
        (jrising@choate.com)
        CHOATE, HALL & STEWART LLP
        Two International Place
        Boston, Massachusetts 02110
        Tel: 617-248-5000
        Fax: 617-248-4000

Date:   February 13, 2008

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on February 13, 2008.

                                            */s/ Julie C. Rising*

4299850v2