```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


AVX CORPORATION
and AVX LIMITED,
     Plaintiffs,


         v.                              CIVIL ACTION NO.
                                         04-10467-RGS

CABOT CORPORATION,
     Defendant.
```

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCKET ENTRY # 75); MOTION FOR SANCTIONS FOR REFUSAL TO DESIGNATE ONE OR MORE WITNESSES UNDER RULE 30(b)(6) (DOCKET ENTRY # 82); AVX'S MOTION TO COMPEL DISCOVERY OF SELECTED DOCUMENTS FROM CABOT'S PRIVILEGE LOG**
<u>**(DOCKET ENTRY # 83)**</u>

**February 15, 2008**

**BOWLER, U.S.M.J.**

After conducting a hearing on February 8, 2008, on the above styled motions (Docket Entry ## 75, 82 & 83), this court took the motions under advisement. This ruling follows.

I.  <u>MOTION FOR SANCTIONS FOR REFUSAL TO DESIGNATE ONE OR MORE WITNESSES UNDER RULE 30(b)(6) (DOCKET ENTRY # 82)</u>

Plaintiffs AVX Corporation and AVX Limited ("AVX") move for sanctions under Rule 30(d)(3), Fed. R. Civ. P. ("Rule 30(d)(3)") due to the failure of defendant Cabot Corporation ("Cabot") to

designate a deponent under Rule 30(b)(6), Fed. R. Civ. P. ("Rule 30(b)(6)") to testify to the issues set forth in topics two, 12 and 18.

Without first seeking and obtaining a protective order or moving to quash the subpoenas, Cabot incorrectly failed to designate a Rule 30(b)(6) spokesperson on topics two, 12 and 18. See Foster-Miller, Inc. v. Babcock & Wilcox Canada, 210 F.3d 1, 17 (1st Cir. 2000); E.E.O.C. v. Thurston Motor Lines, Inc., 124 F.R.D. 110, 114 (M.D.N.C. 1989). AVX's reliance on Rule 30(d)(1), Fed. R. Civ. P., is misplaced. By its terms, the rule applies to questions raised "*during* a deposition"[1] as opposed to a complete failure to identify a spokesperson for designated topics under Rule 30(b)(6).[2]

Although the foregoing topics are broad as indicated by the rulings made in open court on September 21, 2007, that breadth does not give Cabot the unilateral ability to completely fail to

---

[1] The rule reads as follows:

> (1) Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).

Rule 30(d)(1), Fed. R. Civ. P.

[2] On the other hand, AVX's reliance on the argument it made in open court on September 21, 2007, seeking "to produce the joint venture agreement and its amendments and dealings" overlooks this court's the prior and unqualified ruling denying the request.

designate a spokesperson on topics two, 12 and 18. AVX properly seeks sanctions under Rule 30(d)(3) including the sanction of a further deposition on the designated topics, see, e.g., Tower Mfg. Corp. v. Shanghai Ele Mfg. Corp., 244 F.R.D. 125, 132 (D.R.I. Aug. 10, 2007), and "reasonable costs and attorney's fees." Rule 30(d)(3), Fed. R. Civ. P.

As a sanction, therefore, Cabot is ordered to designate a Rule 30(b)(6) deponent to address topics two, 12 and 18 as narrowed by AVX to cover a period no later than December 2003. AVX may conduct a further Rule 30(b)(6) deposition on these limited topics and shall serve Cabot with another deposition notice and subpoena in accordance with this ruling. The deposition shall take place forthwith and shall last no more than one half day. AVX may additionally recover the "reasonable costs and attorney's fees incurred," Rule 30(d)(3), Fed. R. Civ. P., in preparing the motion.

II.  PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCKET ENTRY # 75)

AXV fails to provide a proper basis for reconsideration of the September 21, 2007 rulings. See Ellis v. United States, 313 F.3d 636, 647-648 (1st Cir. 2002) (setting out circumstances under which reconsideration is proper). Cabot did not mislead this court at the September 21, 2007 hearing inasmuch as Cabot's counsel stated that, "Cabot did not acquire [Showa Cabot] until February '02 after this contract was signed." Cabot additionally

and accurately points out (Docket Entry # 76, ¶ II) that AVX raised similar arguments in a supplemental filing (Docket Entry # 66) prior to the September 21, 2007 hearing.

In light of Cabot's reasonable accommodation (Docket Entry # 93, p. 3), the motion is therefore denied except to the extent set forth in Cabot's proposed order (Docket Entry # 93, Ex. B) albeit without the inclusion of numerical paragraphs four and five.

III. AVX'S MOTION TO COMPEL DISCOVERY OF SELECTED DOCUMENTS FROM CABOT'S PRIVILEGE LOG (DOCKET ENTRY # 83)

AVX seeks to compel production of selected documents withheld by Cabot on the basis of attorney client and work product privileges.  On August 1, 2006, Cabot prepared a privilege log articulating the basis for withholding the documents.

First and foremost, the motion to compel is untimely.  After a number of extensions, fact discovery closed on October 31, 2007.  Like the planning order in Modern Continental/Obayashi v. Occupational Safety and Health Review Commission, 196 F.3d 274, 278 & 280 (1st Cir. 1999) (upholding administrative law judge's denial of motion to compel as untimely), the August 2007 scheduling order set October 31, 2007, as the deadline for completion of all fact discovery but did not set a specific date for the filing of discovery motions.  AVX filed the motion to

4

compel on December 21, 2007, after the close of fact discovery and during the time period for the submission of expert reports. The subject matter of the motion seeks to compel production of documents identified in a privilege log produced a year and half earlier on August 1, 2006. Accordingly, the motion to compel challenging the privileges asserted is not timely. See Id.; see also Corvello v. New England Gas Co., Inc., 243 F.R.D. 28, 34 (D.R.I. 2007).

In the alternative, the privilege log adequately describes the withheld documents. Having reviewed the log in its entirety, Cabot sufficiently identifies the nature of the privileges claimed with respect to each document, see LR. 34.1(e), and adequately describes the documents in a manner that enables AVX and this court to assess the applicability of the privileges. See Rule 26(b)(5)(A), Fed. R. Civ. P.; Corvello v. New England Gas Co., Inc., 243 F.R.D. at 33; see, e.g., In re Copper Market Antitrust Litigation, 200 F.R.D. 213, 223 (S.D.N.Y. 2001) (log containing "information concerning the date, type of document, author, addressees, a short description of each document and the privilege" asserted considered adequate); Vaughan v. Celanese Americas Corp., 2006 WL 3592538 at * 4 (W.D.N.C. Dec. 11, 2006) (log describing documents as "[e]mail string containing confidential communications with in-house counsel regarding analysis of pension issues" considered adequate). With respect to the documents AVX specifically challenges, they are not

subject to production for reasons stated by Cabot in the opposition (Docket Entry # 87, pp. 7-10).

## CONCLUSION

Accordingly, in light of the above discussion, the motion for sanctions (Docket Entry # 82) is **ALLOWED** in part and **DENIED** in part.  The motion for reconsideration (Docket Entry # 75) and the motion to compel (Docket Entry # 83) are **DENIED**.


　　　　　　　　　　　　　　　　　　/s/ Marianne B. Bowler
　　　　　　　　　　　　　　　　**MARIANNE B. BOWLER**
　　　　　　　　　　　　　　　　United States Magistrate Judge