UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| AVX CORPORATION <br> and AVX LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> CABOT CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 04-10467-RGS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS
FOR DEFENDANT'S FAILURE TO COMPLY WITH
DISCOVERY ORDER AND TO EXTEND DEADLINE
<u>FOR PLAINTIFF TO FILE DISPOSITIVE MOTIONS</u>**

Plaintiffs AVX Corporation and AVX Limited (collectively "AVX") hereby move on an emergency basis for (1) an order sanctioning Cabot Corporation ("Cabot") for failure to comply with this Court's discovery order, and (2) an extension of time for AVX to file its dispositive motions. In further support hereof, AVX states:

1. On January 15, 2008, Magistrate Bowler sanctioned Cabot for its refusal to designate and produce witnesses on three topics. The Magistrate Judge ordered Cabot to designate and produce witnesses for a deposition on the three topics; and the Court also ordered Cabot to produce documents by March 15, 2008 with the proviso proposed by Cabot that if "Cabot believes additional time is necessary … [for the document production] Cabot may apply to the Court for additional time." Cabot informed AVX it would produce the documents no later than March 15th.

2. The parties discussed taking the deposition after AVX had a chance to review Cabot's production. Anticipating documents by Friday March 14th, on February 21st AVX noticed the deposition for March 21st. The deposition was later[1] rescheduled to March 24th. Cabot has failed to designate its deposition witness(es).

3. The documents were not produced by March 14th as ordered by the Court and Cabot did not apply to the Court for additional time to produce them. On Monday March 17, 2008 AVX's counsel notified Cabot the documents were overdue. Cabot's counsel wrote back that they would be produced "later this week." Cabot's counsel would give no further details as to when the documents are to be produced. With only two days left in the week, AVX does not hold out any hope that it will receive the documents prior to Friday – the last business day before the March 24th deposition.

4. Delivery of the documents at such a late date – or even today – in response to this motion does not afford AVX's counsel sufficient time to prepare for a March 24th deposition. At the same time, if the deposition is delayed, counsel will have insufficient time to prepare a motion for summary judgment by the March 31st deadline. In this regard, the subject matter of the deposition is an important part of this case.

5. The failure of Cabot to produce the documents by the March 14th deadline not only constitutes a violation of this Court's order but is a calculated attempt by Cabot to put AVX at a disadvantage both in terms of discovery and the summary judgment deadline.[2]

---

[1] Cabot's counsel repeatedly insisted he was unavailable at any time prior to March 26th. Without any discussion whatsoever Cabot's counsel unilaterally rescheduled the deposition to March 24th.

[2] This is not the first time Cabot has delayed responding to discovery and then used the delays against AVX. Cabot initially delayed for more than a year responding to interrogatories and then, when it became necessary to ask this Court for an extension of the discovery deadline, it attached conditions to its willingness to consent to the extension. When this past October Cabot failed to timely respond to

6.      Cabot's conduct is sanctionable under Rule 37(b) (2).

WHEREFORE the plaintiffs AVX CORPORATION and AVX LIMITED request that this Court enter an Order (1) sanctioning Cabot for failure to produce documents timely, (2) requiring that the documents be produced forthwith, (3) award AVX its reasonable counsel fees in pursuing this motion, (4) require Cabot to designate its witnesses forthwith, (5) requiring Cabot to produce its witness(es) for the deposition not less than seven, and not more than fourteen days, after its document production, (6) extending the deadline for AVX to submit its dispositive motions to a date that is two weeks after the deposition, and (7) granting such other and further relief as may be appropriate.

<div style="margin-left: 40%">

AVX CORPORATION
and AVX LIMITED ,

By their attorneys,

 /s/ Richard A. Goren
Joseph S.U. Bodoff (BBO No. 549116)
Richard A. Goren (BBO No. 203700)
Ryan D. Sullivan (BBO No. 660696)
Bodoff & Associates
225 Friend Street
Boston, MA 02114
617/742-7300

</div>

Dated: March 19, 2008

---

discovery requests, forcing an extension of the fact discovery deadline, it refused to agree to an extension of the deadline for AVX's expert to file its report.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that counsel for the plaintiffs, AVX Corporation and AVX Limited has conferred with counsel for defendant Cabot Corporation regarding the foregoing Motion to extend the summary judgment deadline.

*/s/ Richard A. Goren*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on March 19, 2008.

*/s/ Richard A. Goren*