UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. 04-10467-RGS |

## DEFENDANT CABOT CORPORATION'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS AND RENEWED REQUEST TO EXTEND DEADLINE FOR FILING OF DISPOSITIVE MOTIONS

Defendant Cabot Corporation ("Cabot") hereby responds to plaintiffs AVX Corporation and AVX Limited's (collectively, "AVX") Emergency Motion for Sanctions and to Extend the deadline for Plaintiff to File Dispositive Motions, filed on March 19, 2008 (the "Emergncey Motion"). Despite its certification to the contrary, counsel for AVX did not confer with counsel for Cabot concerning the issues raised in AVX's Emergency Motion prior to filing as required under Local Rule 7.1(A)(2).[1] If AVX's counsel had done so, he would have learned

---

[1] The only prior notification that Cabot received of AVX's Emergency Motion was a brief telephone call from Richard Goren, Esq. to Julie Rising, Esq. at approximately 11:50 a.m. on March 19, 2008, announcing that AVX would be filing a motion for sanctions "within the hour," and a brief voicemail message from Attorney Goren to Brian Davis, Esq. at or around the same time delivering essentially the same message. The full text of Attorney Goren's voicemail message representing his purported good faith attempt to confer with Attorney Davis is as follows:

> Brian, it's Richard Goren. Excuse my voice, I've been sick for a couple of
> days. Contrary to your last note to me, we do feel the need to move for

that Cabot *does not* oppose granting AVX a reasonable amount of additional time beyond March 31, 2008, to submit any motion for summary judgment that it wishes to file in this action. It is not Cabot's intention or desire to permit any unanticipated delay in the production of documents from its Japanese subsidiary to impair AVX's ability to complete its discovery or to pursue summary judgment in its favor. Cabot, conversely, still intends to file its own motion for summary judgment -- which motion is not predicated on any evidence from, or any activities of, Cabot's Japanese subsidiary -- on or before the current deadline of March 31, 2008. Cabot also will produce a witness to further testify as directed by the Court no later than seven days, and no longer than fourteen days, after the completion of its production of documents from its Japanese facility this week as requested by AVX.

Cabot does, however, strenuously oppose AVX's request for sanctions, fees or costs based on Cabot's alleged failure to collect and produce documents from its Japanese subsidiary in a timely manner as unjustified because:

(1)   The Court's Order of February 15, 2008, expressly contemplates that obtaining responsive documents from Cabot's Japanese subsidiary might take longer than thirty (30) days, and grants Cabot the right to request additional time to make that production, if necessary;

---

sanctions for your non-production of documents. We'll also be moving for an extension of time in which for us to file dispositive motions and I'm going to be filing that this afternoon. I'll speak to Julie Rising as well. Have a nice day. Good luck with your other trial.

Subsequent efforts by Cabot's counsel to reach Attorney Goren by telephone to actually confer regarding the issues raised in AVX's Emergency Motion were unsuccessful. Those calls still have not been returned by Mr. Goren or any of AVX's other counsel of record in this action.

(2) Cabot, in fact, has worked diligently and in good faith since February 15, 2008, as directed by the Court, to collect and produce copies of those documents from Japan;

(3) As a result of its efforts, Cabot first received copies of potentially responsive documents from Japan less than one week ago on Friday, March 14, 2008 (*i.e.*, 28 days after issuance of the Court's February 15 Order, and the same day on which Cabot's counsel, Brian Davis, Esq., completed a two-week federal court trial proceeding before The Honorable Douglas P. Woodlock);

(4) Cabot, through Attorney Davis, expressly informed AVX on Monday, March 17, 2008, both in writing and by voicemail, that "[d]ocuments from Japan just arrived on Friday," March 14, 2008, and that copies of any responsive documents would be produced to AVX sometime this week (*see, e.g.*, E-mail message from Brian Davis to Richard Goren, dated March 17, 2008, a true copy of which is appended to this Response as Exhibit A);

(5) Cabot, through Attorney Davis, simultaneously invited AVX's counsel on March 17, 2008, to notify Cabot if AVX "believe[d] that we need to bother Magistrate Judge Bowler for a further order extending the response deadline" for the few additional days necessary to complete Cabot's production, noting at the same time that Cabot "would prefer not to take up the Court's time on that issue unnecessarily" (*Id.*);[2]

(6) Counsel for AVX did not respond in any way on Monday, March 17, or any time on Tuesday, March 18, to Cabot's request for notification if AVX believed

---

[2] Cabot's request in this regard is not referenced anywhere in AVX's Emergency Motion.

that a formal order of the Court extending the response deadline for the production of documents from Cabot's Japanese subsidiary for a few additional days was necessary;

(7) Cabot first learned that AVX would demand a formal order of the Court extending the response deadline for the production of documents from Cabot's Japanese subsidiary by means of Attorney Goren's brief telephone calls mid-day on Wednesday, March 19, 2008, and the present Emergency Motion that AVX filed immediately thereafter; and

(8) Upon learning for the first time that AVX would demand a formal order of the Court extending the response deadline for the production of documents from Cabot's Japanese subsidiary, Cabot promptly prepared and filed on Wednesday, March 19, 2008, a Motion to Extend Time to Produce Documents (Docket No. 106) requesting just such an order. Cabot's Motion to Extend Time currently is pending.

Cabot's conduct, as accurately described above, is not sanctionable. Rather, Cabot's conduct reflects a good faith effort to comply with the Court's February 15, 2008 Order, and as well as a further good faith effort by Cabot's counsel to avoid unnecessary motion practice over an unanticipated production delay of only a few days. Rather than respond to Cabot's proposals or confer with Cabot's counsel in an attempt to resolve or narrow any resulting issues between the parties as required under Local Rule 7.1(A)(2), AVX chose to immediately prepare and file its present Emergency Motion. That Emergency Motion was unnecessary and should be denied to the extent that it seeks sanctions, fees or costs from Cabot. The interests

of the parties, of the Court, and of justice itself are not served by further eminently-avoidable motion practice.

## Conclusion

For the foregoing reasons, Cabot does not oppose AVX's Emergency Motion to the extent that it seeks an order granting AVX a reasonable amount of time beyond March 31, 2008, to submit any motion for summary judgment that AVX wishes to file in this action. Cabot does, however, oppose, and respectfully asks the Court to deny, AVX's Emergency Motion to the extent that it seeks any other relief, including the imposition of any sanctions, fees or costs on Cabot in the circumstances.

CABOT CORPORATION

By its attorneys,

*/s/ Brian A. Davis*
Robert S. Frank, Jr. (BBO No. 177240)
   (rfrank@choate.com)
Brian A. Davis (BBO No. 546462)
   (bdavis@choate.com)
Julie C. Rising (BBO No. 666950)
   (jrising@choate.com)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:  March 20, 2008

4313104.1

-6-

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on March 20, 2008.

/s/ *Brian A. Davis*

4313104.1