UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION <br> and AVX LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> CABOT CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-10467-RGS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CABOT CORPORATION'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Cabot Corporation ("Cabot") hereby moves for the entry of summary judgment in its favor on the Complaint and Jury Demand ("Complaint") of plaintiffs AVX Corporation and AVX Limited (collectively, "AVX") pursuant to Fed. R. Civ. P. 56. This case is one of a series of actions commenced by AVX against Cabot arising out a written, multi-year Supply Agreement that the parties entered into in January 2001 (the "2001 Supply Agreement"). In the 2001 Supply Agreement, AVX committed to purchase certain minimum quantities of various tantalum products -- including "flake" and "non-flake" or "nodular" tantalum powders -- from Cabot over a five-year period. The only claim asserted by AVX in its Complaint in this case is that flake tantalum powder and non-flake tantalum powder purportedly constitute "separate products," and that, in negotiating the 2001 Supply Agreement, Cabot allegedly tied or "conditioned plaintiff's purchase of flake [tantalum] powders on its purchase of non-flake

[tantalum] powders" in violation of Section 1 of the Sherman Act, 15 U.S.C. §§ 1 and 14. Complaint, ¶¶ 1, 33-41.  No other wrongdoing or misconduct by Cabot is alleged.

Discovery between the parties has established, however, that AVX's tying claim against Cabot is fatally flawed both factually and legally.  The undisputed evidence, obtained primarily from AVX's own witnesses and contemporaneous documents, establishes that:

(1) Contrary to the allegations of its Complaint, AVX's claim in this case *is not* that Cabot conditioned AVX's purchases of Cabot's flake tantalum powder to its purchase of Cabot's non-flake or nodular powder.  When questioned at length on this topic at their depositions, AVX's designated corporate representatives made no such assertion.  Rather, according to the sworn testimony of AVX's designated representatives, AVX's true claim in this case is that Cabot allegedly "coerced" AVX into signing a binding, multi-year contract for the purchase of *any* tantalum products, whether flake or non-flake, in years extending beyond the parties' pre-existing "letters of intent" (*i.e.*, effectively beyond 2001).  As is clear from controlling authority and as admitted by AVX's own economic expert, however, such conduct on Cabot's part, even if true (which it is not), simply does not constitute the tying of "separate" or "distinct" products in violation of Section 1 of the Sherman Act;

(2) AVX's claim that it was improperly coerced by Cabot into signing a multi-year contract for the sale of tantalum products in years extending beyond the parties' pre-existing letters of intent also is barred by the doctrine of claim preclusion or *res judicata* because it is *exactly the same claim* that AVX previously litigated against Cabot, and lost, in the Massachusetts state courts (*see* Cabot Corp. v. AVX Corp., 448 Mass. 629 (2007);

(3)  Regardless of the true nature of its claim in this action, AVX cannot prove that Cabot in fact tied or conditioned AVX's purchase of flake tantalum powder to its purchase of non-flake or nodular powder. To the contrary, AVX's President and Chief Executive Officer, who was directly involved in the negotiation of the Supply Agreement in the summer and fall of 2000, has testified under oath that AVX actually desired to purchase *more*, not less, nodular powder from Cabot at the time the parties entered into that Agreement, and AVX's desire for more nodular powder is confirmed in the Agreement itself; and

(4)  Regardless of the true nature of its claim in this action, AVX cannot prove that it suffered actual injury as a result of Cabot's purported violation of federal antitrust laws. In fact, AVX has produced no evidence that it suffered *any* harm whatsoever on account of Cabot's alleged misconduct.

For the foregoing reasons, each of which is addressed more fully in Cabot's accompanying motion papers, Cabot's Motion for Summary Judgment should be allowed. In support of this motion, Cabot relies upon its Statement of Material Facts, the accompanying Affidavit of Julie C. Rising, and its Memorandum in Support, all of which are filed in conjunction herewith.

WHEREFORE, Cabot respectfully requests that this Court enter summary judgment in Cabot's favor on AVX's Complaint and Jury Demand in this action.

**Request for Oral Argument**

Cabot respectfully requests oral argument on this Motion for Summary Judgment.

        CABOT CORPORATION

        By its attorneys,

        */s/ Brian A. Davis*
        Robert S. Frank, Jr. (BBO No. 177240)
            (rfrank@choate.com)
        Brian A. Davis (BBO No. 546462)
            (bad@choate.com)
        Julie C. Rising (BBO No. 666950)
            (jrising@choate.com)
        CHOATE, HALL & STEWART LLP
        Two International Place
        Boston, Massachusetts 02110
        Tele: 617-248-5000
        Fax: 617-248-4000

Date:   March 31, 2008

4315998.1

-5-

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on March 31, 2008.

                                                              */s/ Julie C. Rising*