# TAB #18

Volume _____

Pages ___1 - 135___

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * *
                                 *
AVX CORPORATION and              *
AVX LIMITED,                     *
                                 *
            Plaintiffs,           *
                                 * Civil Action No.
    - vs. -                      * 04-10467-RGS
                                 *
CABOT CORPORATION,               *
                                 *
            Defendant.           *
                                 *
* * * * * * * * * * * * * * * * *
```

DEPOSITION of AVX CORPORATION and AVX LIMITED, (Kurt P. Cummings), a witness called by and on behalf of the Defendant, pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, before Charles E. Janey, Jr., CVR, a Notary Public in and for the Commonwealth of Massachusetts, at the offices of Choate, Hall & Stewart, LLP, Two International Place, Boston, Massachusetts, 02110; on Wednesday, December 12, 2007, commencing at 10:10 a.m.

**JANEY ASSOCIATES**

P. O. Box 365355
Boston, MA 02136-0003
(617) 364-5555
Fax (617) 364-5550

A.    Okay.

    MS. RISING:  Would you mark this.

    (The document above-referred to was marked Deposition Exhibit No. 3 for Identification.)

BY MS. RISING:

Q.    I am handing you what has been marked as Exhibit 3, which is the complaint filed by AVX in this case. Have you seen this document before today?

A.    No.

Q.    I would like to turn to Paragraph 30 of the complaint, which is on Page 7. Paragraph 30 states, "AVX was not the only company subjected to Cabot's coercive strategies," correct?

A.    Yes.

Q.    And what were Cabot's coercive strategies, to your understanding?

A.    I believe they surrounded the conditions under which the supply agreement was negotiated.

Q.    They surrounded? Is that the word you just used?

A.    Um-hum.

Q.    Surrounded with what?

JANEY ASSOCIATES

A.   Two issues. One, we had an existing supply agreement which Cabot indicated they would not honor.

Q.   You are referring to the letter of intent?

A.   Yes. And we were told that we would not get material unless we entered into a long-term supply agreement.

Q.   And that is the coercive strategies you believe this is referring to?

A.   Yes.

Q.   What other coercive strategies are you aware of that Cabot engaged in during the negotiation of the 2001 supply agreement?

A.   I think that covers it.

Q.   So, just the fact that they would not honor the prior letter of intent?

     MR. BODOFF: Objection. That does not clearly characterize his testimony.

     THE WITNESS: I said there were two things, that being one.

     MS. RISING: Okay.

     THE WITNESS: The second being, we will not supply you with the materials you need unless you enter into a long-term supply agreement.

JANEY ASSOCIATES