# TAB #19

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
-------------------------------------------------x

AVX CORPORATION and AVX LIMITED,

                Plaintiffs,

    - against -    Civil Action
                      No. 04-10467-RGS

CABOT CORPORATION,

                Defendant.

-------------------------------------------------x

                February 19, 2008
                10:50 a.m.


Videotaped Deposition of DR. STEVEN SCHWARTZ, an expert witness on behalf of the Plaintiffs herein, and held at the offices of Robinson & Cole, 120 Bloomingdale Road, White Plains, New York, before April Pearl Schirm, a Court Reporter and Notary Public of the State of New York.

Dr. Stephen Schwartz                              AVX Corporation and AVX Limited v. Cabot Corporation

Page 168

1              DR. STEVEN SCHWARTZ
2    on that. AVX can certainly try and, you know, put
3    evidence on on those issues. I have nothing to
4    say about them. My focus is on the European
5    nodular.
6              If -- can I imagine a set of facts
7    that would create the tie that is alleged by
8    Mr. Collis, yes. But I haven't done an analysis
9    to determine if that set of facts exist. My focus
10   has been on looking at the conditions surrounding
11   the market power attendant to the flake products
12   and whether there was evidence of economic
13   conditioning with respect to European nodular.
14   And that is the extent of the opinion that I have.
15             Now, I don't know if that answers your
16   question. If it doesn't, I apologize. It means I
17   just really don't understand what you are asking.
18        Q.   You know enough about antitrust law
19   and antitrust law involving tying to recognize
20   that in order to have a tie for antitrust purposes
21   that you need to have separate products, correct?
22        A.   Yes.
23        Q.   That's part of the reason why, in your
24   analysis, you analyze whether flake tantalum
25   powder and nodular tantalum powder are separate

Page 169

1            DR. STEVEN SCHWARTZ

2    products, correct?

3         A.    Yes.

4         Q.    And you came to the conclusion that

5    they are?

6         A.    Yes.

7         Q.    You would agree with me, however, that

8    if AVX's claim in this case is that it agreed to

9    buy certain products in 2001 from Cabot but then

10   Cabot forced AVX to buy the same products in 2002,

11   2003, 2004 and 2005, that those would not, by

12   definition, be separate products, correct?

13        A.    Okay.  Again, just to be sure I

14   understand, you are talking about conditioning the

15   availability of products in years two, three -- of

16   a product in year two, three, four and five on the

17   purchase of that same product in year one?

18        Q.    Yes.  I'm talking about conditioning

19   purchases of products in subsequent years on AVX's

20   purchase of products in year one.

21        A.    My understanding of the law and my

22   understanding of the economics is that would not

23   be a tie.  I would note that I'm an expert in

24   economics, and whatever I say about the law is

25   certainly not dispositive on anybody.

Dr. Stephen Schwartz                              AVX Corporation and AVX Limited v. Cabot Corporation

Page 201

1              DR. STEVEN SCHWARTZ
2    yesterday with Mr. Goren.
3         Q.   Yesterday afternoon?
4         A.   Yes.
5         Q.   Did you do anything else?
6         A.   Generally, that is what I did.
7         Q.   Since you issued your expert report in
8    this matter on December 15, 2007, have you been
9    asked to undertake additional expert work for AVX?
10              MR. GOREN:   Expert work or
11        opinions?
12              MR. DAVIS:   Expert work.
13        A.   Yes.
14        Q.   And what have you been asked to do
15    since December 15, 2007?
16        A.   I've looked at the report submitted by
17    Dr. Kalt, and I have consulted with counsel on
18    some issues involving damage questions.
19        Q.   When did you first consult with
20    counsel on issues involving damage questions,
21    before or after you saw Dr. Kalt's report?
22        A.   I don't recall.
23        Q.   You have reviewed Dr. Kalt's report?
24        A.   I have.
25        Q.   Have you actually done any work on

Dr. Stephen Schwartz                             AVX Corporation and AVX Limited v. Cabot Corporation

Page 202

1                DR. STEVEN SCHWARTZ
2    damage issues in this case?
3         A.   I've done some things in connection
4    with requests for counsel.
5         Q.   But you didn't issue any opinions
6    regarding damages in the expert report that you
7    submitted back in December, correct?
8         A.   That is correct.
9         Q.   And you hadn't been asked to at that
10   point in time, correct?
11        A.   That is correct.
12             MR. DAVIS:  Let's mark this,
13        please, as the next exhibit.
14
15             (Schwartz Exhibit 18, DOCUMENT
16             ENTITLED DECLARATION OF JOSEPH P.
17             KALT, DATED 1/15/08, marked for
18             identification.)
19
20             MR. GOREN:  I would like to
21        indicate on the record that I hope that you
22        will be appropriately circumspect with your
23        examination of this witness regarding the
24        Kalt report as of this day.
25             MR. DAVIS:  I have no idea what