UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION<br>and AVX LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>CABOT CORPORATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 04-10467-RGS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CABOT CORPORATION'S MOTION TO STRIKE
AVX'S FURTHER SUPPLEMENTAL RESPONSES TO CABOT
CORPORATION'S FIRST SET OF INTERROGATORIES**

    Defendant Cabot Corporation ("Cabot") hereby moves, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, for an Order (1) striking plaintiffs AVX Corporation and AVX Limited's (collectively, "AVX") untimely Further Supplemental Responses To Cabot's First Set Of Interrogatories (Doc. No. 121-2) ("Further Supplemental Interrogatory Responses"), and (2) precluding AVX from relying on the alleged facts stated in AVX's Further Supplemental Interrogatory Responses in connection with its Opposition To Cabot's Motion For Summary Judgment or at trial.

    AVX's Further Supplemental Interrogatory Responses were served on April 14, 2008 along with AVX's Opposition To Cabot's Motion For Summary Judgment. The Responses were provided sixteen months after the relevant interrogatory was propounded and four months after discovery closed. They present AVX's damage claim for the first time. The claim exceeds

$100,000,000 and is based upon facts which have not been the subject of discovery. Cabot will be severely prejudiced if AVX is permitted to advance this enormous and grossly untimely damage claim.

In support of this Motion, Cabot states as follows:

I.   **PROCEDURAL HISTORY.**

1.   This case was filed on March 8, 2004. It is one of a series of actions commenced by AVX against Cabot relating to a written, five-year Supply Agreement that the parties entered into in January 2001 (the "2001 Supply Agreement"). In the 2001 Supply Agreement, AVX committed to purchase from Cabot certain minimum annual quantities of various tantalum products -- including "flake" and "nodular" tantalum powders. In this case, AVX alleges that Cabot tied or "conditioned plaintiff's purchase of flake [tantalum] powders on its purchase of non-flake [*i.e.*, nodular tantalum] powders," in violation of Section 1 of the Sherman Act. Complaint, ¶¶ 1, 33-41.

2.   On August 21, 2007, this Court ordered, *inter alia*, (a) that all fact discovery be completed by October 31, 2007, (b) that AVX submit its final expert reports by December 15, 2007, (c) that all expert discovery be completed by March 1, 2008, and (d) that dispositive motions be filed by March 31, 2008. *See* Electronic Orders entered August 21 and 29, 2007. On November 7, 2007, this Court extended the deadline for fact discovery to December 15, 2007. *See* Electronic Order entered November 7, 2007.

3.   On December 7, 2007, for the fifth time in 2007, AVX asked this Court to amend its Scheduling Order. *See* AVX's Motion To Amend Scheduling Order (Doc. No. 81). AVX requested, among other things, another extension of the deadline for fact discovery and additional time to submit its final expert report. *Id.*, p. 5. The Court denied AVX's Motion. *See* Electronic Order entered January 17, 2008.

4. AVX served its expert report on December 15, 2007. The report contained no discussion of damages.

5. In accordance with the Court's Scheduling Order, Cabot served its responsive expert report on January 15, 2008. Cabot's expert's report noted the fact that AVX had not provided any expert analysis of issues relating to damages.

6. On February 8, 2008, AVX moved for leave to submit a "substitute" expert report. AVX stated, in part, that the report that it had provided was "incomplete," "may contain errors" and "[did] not include a discussion of damages." *See* Motion Of AVX For Leave To Submit Substitute Expert Report, ¶ 7 (Doc. No. 97). On the same day, AVX filed a motion to stay expert discovery (Doc. No. 98).

7. On February 15, 2008, the Court denied AVX's motion to stay expert discovery. On February 21, 2008, the Court denied AVX's Motion seeking leave to provide a substitute expert report. It said that "[t]his motion is the latest effort by plaintiffs AVX Corporation and AVX Limited to circumvent the discovery schedule ordered by the court." Order On Plaintiffs' Motion For Leave To File Substitute Expert Report, p. 1 (Doc. No. 104). The Court further noted that permitting AVX to submit a substitute report "would be highly prejudicial to Cabot." *Id.*, p. 2.

8. The deadline for expert discovery expired on March 1, 2008.

9. On March 31, 2008, Cabot submitted its Motion For Summary Judgment (Doc. Nos. 109 to 112). On April 14, 2008, four months after the deadline for expert reports, six weeks after the close of expert discovery, and two weeks after the deadline for dispositive motions, AVX provided its Further Supplemental Interrogatory Responses as an exhibit to AVX's Response To Cabot's Statement Of Material Facts In Support Of Cabot's Motion For Summary

Judgment (Doc. No. 121). This "supplemental" interrogatory answer was AVX's first and only disclosure of its damage claim.

II. **AVX FAILED TO TIMELY AMEND ITS RESPONSES TO CABOT'S FIRST SET OF INTERROGATORIES BY SUPPLEMENTING ITS RESPONSES FOUR MONTHS AFTER THE CLOSE OF DISCOVERY IN VIOLATION OF RULE 26(e)(1)(A).**

10. Under Fed. R. Civ. P. 26(e)(1)(A), a party that has responded to an interrogatory "must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Such supplementation "should be made at appropriate intervals *during the discovery period*, and with special promptness as the trial date approaches." Fed. R. Civ. P. 26(e) Advisory Committee's Note (1993) (emphasis added).

11. Cabot has repeatedly requested discovery relating to AVX's damage claim. Until April 14, 2008, AVX doggedly refused to provide such discovery.

   a. On December 29, 2006, Cabot served its First Set of Interrogatories to AVX, asking AVX to "state all of the damages that AVX claims to have sustained" as a result of Cabot's alleged misconduct, disclose the types or elements of its claimed damages, state the amount of claimed damages, and provide the "precise method by which AVX calculates its damages."

   b. On February 28, 2007, AVX responded that it "ha[d] not yet calculated its damages." Responses To Cabot's First Set Of Interrogatories, Int. No. 20, dated February 28, 2007 (a true copy of which is appended at Ex. 1).

   c. On April 13, 2007, Cabot moved to compel further, more substantive responses to its First Set of Interrogatories, including, specifically, the damage interrogatory described above. *See* Doc. Nos. 56 and 57. On

April 27, 2007, AVX filed its Opposition to Cabot's Motion to Compel, stating:

> AVX stands by its response that it has not yet calculated its damages. It is premature for AVX to assert "all" of its damages. AVX has been damaged by the excess of the amounts paid under the January 2001 Supply Agreement over the term of that agreement over the fair market prices of those products over the term of that agreement. AVX intends to prove its damages at trial. These calculations cannot be made at this preliminary stage of this litigation.

AVX's Opposition To Cabot's Motion To Compel Discovery (Doc. No. 59), pp. 9-10. AVX added that it "is mindful of its obligations under FRCP 26(e) regarding supplementation of answers to interrogatories." *Id.*, p. 10.

d.  On December 5, 2007 -- nearly one year after Cabot propounded its damage interrogatory -- AVX produced Peter Collis, Vice President of AVX's worldwide tantalum operations, to testify on AVX's behalf under Rule 30(b)(6) with respect to, *inter alia*:

> Any damages that AVX claims to have sustained on account of the conduct alleged in the Complaint, including but not limited to the complete nature and amount of such damages, and the precise means by which AVX calculated such damages.

Cabot Notices of Deposition, Topic 17 (true copies of which are appended at Ex. 2). When questioned on the topic of AVX's alleged damages, Mr. Collis testified, in relevant part, as follows:

> Q. What damages has AVX sustained as a result of the conduct of Cabot that is alleged in the Complaint in this matter?
>
> A. That is being calculated by our outside expert.
>
> Q. Has AVX sustained damages?

-5-

>       A.      Yes.
>
>       Q.      Do you have any understanding right now of the monetary value of those damages?
>
>       A.      We have monitored the market price of material and compared that with what we ended up paying in the contract when we used the material as against what the market price was at the time, and passed that to our expert.
>
>       Q.      How would you go about calculating AVX's damages in this matter?
>
>       A.      How would I go about calculating.
>
>       MR. GOREN: Objection. You may answer.
>
>       THE WITNESS: Basically, we've left that with our expert to come up with that calculation.

Collis Deposition, dated December 5, 2007, pp. 117-118 (relevant portions of which are appended at Ex. 3).

e.  On December 15, 2007, AVX served the report of AVX's expert, Dr. Steven Schwartz. (A true copy of Dr. Schwartz's expert report, which was designated "Privileged and Highly Confidential" by AVX, was filed under seal in conjunction with Cabot's Opposition To AVX's Motion For Leave To File Substitute Expert Report, dated February 19, 2008 (Doc. No. 102)). Dr. Schwartz's report contains no information, opinions, or other description of any anticipated expert testimony concerning damages. *Id.*; *see also* AVX's Response To Cabot's Statement Of Material Facts, ¶ 42 (Doc. No. 121) (admitting that "Dr. Schwartz is not offering any opinions in this case as to the amounts [*sic*] of damages suffered by AVX in this case").

f.  Dr. Schwartz was deposed on February 19, 2008. He testified, in part, that he "hadn't been asked" by AVX to render an opinion on AVX's alleged

>damages prior to issuing that report. Schwartz Deposition, dated February 19, 2008, pp. 201-202 (relevant portions of which are appended at Ex. 4).

In sum, Cabot propounded its damage interrogatory in December, 2006. No substantive response was provided during the discovery period. AVX's Rule 30(b)(6) witness testified that AVX's expert would address damages. AVX's expert testified that he had not considered questions relating to damages. The deadlines for fact discovery passed; the deadlines for expert discovery expired; the deadline for dispositive motions came and went. Throughout, AVX did not supplement its answer to Cabot's damages interrogatory and did not provide any other information, in any context, relating to its damage claim. *See* AVX's Response To Cabot's Statement Of Material Facts, ¶ 38 (Doc. No. 121) (conceding that, "as of March 31, 2008 [AVX] had not served a supplemental response to Interrogatory No. 20").

12.   On March 31, 2008, Cabot filed its Motion For Summary Judgment. Among the grounds for this motion was AVX's failure to provide in its expert reports (or otherwise) any evidence that Cabot's conduct had resulted in injury or damage to AVX. *See* Defendant Cabot Corporation's Memorandum in Support of Its Motion for Summary Judgment (Doc. No. 110), at pp. 17-20. Only then, in connection with its Opposition to Cabot's summary judgment motion, did AVX provide a disclosure of its damage claim.

13.   Nothing prevented AVX from stating its damage claim in accordance with the deadlines established by the Court. The supposed "tying" conduct alleged by AVX occurred in 2000, seven and one-half years ago. The contract about which AVX complains expired at the end of 2005. AVX's damage calculation is based upon the difference between (a) the prices that AVX paid under its contract with Cabot (facts known to AVX long ago), and (b) what AVX says

were the lower prices at which AVX could have purchased tantalum products, that AVX now says were comparable to Cabot's products, and that AVX now says were available in the market during the period 2001-2005. These alleged market prices have been known or available to AVX since 2001-2005.

**III.    AVX SHOULD BE PRECLUDED FROM RELYING ON FACTS STATED FOR THE FIRST TIME IN ITS FURTHER SUPPLEMENTAL INTERROGATORY RESPONSES.**

14.    An Order precluding AVX from presenting this evidence of damages in opposition to Cabot's summary judgment motion and at trial is warranted. Rule 37(c)(1) states that, "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

15.    AVX's failure to comply with Rule 26(a) and (e) and the Court's discovery deadlines was not "justified." All of the facts and documents necessary for AVX to make a damages assessment were available to AVX years ago. AVX simply ignored and evaded its discovery obligations. See Woltersdorf v. Desrochers, No. 05-107-P-S, 2006 WL 344762, at *5 (D. Me. Feb. 14, 2006) (striking supplemental disclosures made seven months after the discovery deadline where "all of the documentation necessary to generate the numbers now presented by the plaintiffs was provided to the defendants long ago" because this fact leads to the reasonable "inference that some evasion or concealment was taking place").

16.    AVX's conduct is (a) an egregious violation of the discovery rules, (b) flatly inconsistent with AVX's representation that it was "mindful" of its obligations under Rule 26(e), and (c) at odds with the sworn testimony of its Rule 30(b)(6) witness that AVX's expert witness was responsible for (and presumably would) "calculate damages." See Net 2 Press, Inc. v. 58 Dix Avenue Corp., 266 F. Supp. 2d 146, 160-161 (D. Me 2003) (striking portions of the

plaintiff's initial declaration alleging specific damages submitted one month after the discovery deadline where the plaintiff failed to fulfill promises to have its expert assess damages during the discovery period); s*ee also* Thibeault v. Square D Co., 960 F.2d 239, 247 (1st Cir. 1992) (holding that the district court properly applied a preclusionary sanction where, among other things, "the interrogatories [that were supplemented] were almost two and one-half years old, the case was fast approaching its third birthday, and the [incident at issue] was nearing its sixth anniversary"). As in Thibeault, AVX has not (and cannot) identify any unusual or extraordinary circumstances that prevented it from preparing its case in a timely fashion. *See* Thibeault, 960 F.2d at 247.[1]

17. In April, 2008, AVX finally provided a response to an interrogatory that had been pending since December, 2006 *after* Cabot filed its Motion For Summary Judgment. AVX should not be allowed to avoid summary judgment by "placing the necessary information in" a supplemental interrogatory response "submitted in opposition to [Cabot's] motion for summary judgment." Net 2 Press, Inc., 266 F. Supp. 2d at 161. "While supplementation of interrogatory answers may be allowed under some circumstances, it should not be allowed after the filing of dispositive motions and on the eve of trial in the absence of extraordinary circumstances…." *Id*.; *see also* Thibeault, 960 F.2d at 247; Eisenstadt v. Allen, No. 95-16255, 1997 WL 211313, at *16 (9th Cir. Apr. 28, 1997) (unpub. table decision) (district court properly struck plaintiffs' amended interrogatory responses because allowing such responses would unduly prejudice the defendants; the amended answers were, among other things, served after the court closed discovery and after the defendants filed a "very prodigious summary judgment motion");

---

[1] Though additional court-ordered discovery was only recently provided to AVX relating to sales from Cabot's former joint venture partner (and current subsidiary company) in Aizu, Japan, AVX's Supplemental Responses make no mention of any of that material.

Contech Stormwater Solutions, Inc. v. Baysaver Techs., Inc., 534 F. Supp. 2d 616, 622-626 (D. Md. 2008).

18.   In essence, AVX's Supplemental Responses are yet another attempt, despite this Court's repeated rulings, to reopen fact and expert discovery and to delay a decision on the parties' dispositive motions. AVX's Supplemental Responses include three charts of newly-disclosed "evidence" and provide a calculation of more than $100,000,000 in damages. If this submission is allowed to stand, Cabot would be entitled to the production of all documents that support or relate to this calculation, to take the deposition of whomever devised this calculation, to conduct discovery of the third-party sources from which, AVX now claims, it could have purchased less expensive alternative products, and to have its expert review and provide a report analyzing AVX's damage presentation. Any such expert report would, of course, lead to a request from AVX for leave to file a responsive expert report and would set off a new round of expert depositions. AVX is certainly aware of all this. It is using its Supplemental Responses as a procedural hook to have this Court extend the discovery deadline for a period of many months -- *i.e.*, to achieve what it failed to accomplish on numerous past occasions.

19.   AVX's violation of Rules 26(a) and (e) and this Court's discovery deadlines was not "harmless." AVX is proposing to advance a $100,000,000 damage claim for the first time after all discovery has closed. Cabot will either have no discovery relating to this claim, or -- if the Court were to allow new discovery despite its prior orders -- Cabot will have to incur the cost and delay of the type described above. This Court concluded that granting AVX's February 2008 request to file a substitute expert report (after Cabot had filed its expert report) would be "highly prejudicial to Cabot." February 21, 2008 Order, p. 2 (Doc. No. 104). *A fortiori*, two months later -- after the fact discovery deadline has expired, after expert depositions have been

conducted, and after the filing of dispositive motions -- the presentation of a $100,000,000 damage claim based on facts that AVX could have disclosed long ago will be extremely prejudicial to Cabot.

20.   There is no justification for AVX's conduct.  The assertion of a damage claim long after the close of discovery will prejudice Cabot.  A preclusionary order would be appropriate in view of the nature of this violation.  *See* Thibeault, 960 F.2d at 244-248.

## CONCLUSION

For the reasons set forth above, Cabot respectfully requests that this Court grant Cabot's Motion To Strike AVX's Further Supplemental Responses To Cabot's First Set Of Interrogatories and Order that AVX is precluded from presenting the evidence stated in that Response in opposition to Cabot's Motion For Summary Judgment or at trial.

Respectfully Submitted,

CABOT CORPORATION

By its attorneys,

*/s/ Brian A. Davis*
Robert S. Frank, Jr. (BBO No. 177240)
    (rfrank@choate.com)
Brian A. Davis (BBO No. 546462)
    (bad@choate.com)
Julie C. Rising (BBO No. 666950)
    (jrising@choate.com)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000

Date:   April 23, 2008

4321691.1

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that, in compliance with Local Rule 7.1(A)(2), counsel for the defendant Cabot Corporation has conferred with counsel for plaintiffs, AVX Corporation and AVX Limited, in a good faith effort to resolve or narrow the issues presented in Cabot Corporation's Motion To Strike AVX'S Further Supplemental Responses To Cabot Corporation's First Set Of Interrogatories.  Opposing counsel informed me that AVX will not assent to this motion.


                                          */s/ Julie C. Rising*
                                          Julie C. Rising

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on April 23, 2008.

                                        */s/ Julie C. Rising*
                                        Julie C. Rising

4321691.1