# TAB A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10467-RGS

AVX CORPORATION and AVX LIMITED

v.

CABOT CORPORATION

ORDER ON PLAINTIFFS' MOTION FOR
LEAVE TO FILE SUBSTITUTE EXPERT REPORT

February 21, 2008

STEARNS, D.J.

This motion is the latest effort by plaintiffs AVX Corporation and AVX Limited to circumvent the discovery schedule ordered by the court. On December 17, 2007, plaintiffs provided defendant Cabot Corporation (Cabot) with the expert report of Dr. Steven Schwartz, dated December 15, 2007, in conformity with the deadline set out in the court's revised August 21, 2007 Scheduling Order.[1] As the order required, Cabot served plaintiffs on January 15, 2008, with the responsive expert report of Professor Joseph Kalt. On February 8, 2008, plaintiffs filed a motion requesting leave to substitute a new expert report prepared by Dr. Schwartz replacing the report he had signed on December 15, 2007. Not surprisingly, Cabot strenuously opposes the motion.

Plaintiffs assert that they submitted the December version of Dr. Schwartz's report "in an abundance of caution." Plaintiffs state that they believed that the expert report

---

[1] The court had allowed plaintiffs' September 28, 2007 motion to designate Dr. Schwartz as a replacement for an earlier designated expert witness, Lauren Stiroh, who because of medical issues was unable to travel to view AVX's manufacturing facility in Paignton, United Kingdom and to "devote her time to the matter during the crucial last stages of discovery."

deadline had been extended "automatically" by the court when it earlier allowed a motion (filed by plaintiffs) fact discovery to December 15, 2007. Plaintiffs wish to substitute the new report because Dr. Schwartz's December report "is incomplete and may contain errors." To grant plaintiffs' request would be highly prejudicial to Cabot. It would in effect permit plaintiffs to file a sur-rebuttal to the report of Professor Kaltz. The motion will therefore be <u>DENIED</u>. However, in light of Magistrate Judge Bowler's February 15, 2008 order permitting some further discovery,[2] the court will permit Dr. Schwartz to file an addendum (not a substitute) to his December 15, 2007 report, limited to the issues raised by the additional discovery authorized by Judge Bowler, namely sales and cost information and product specifications from Cabot's former joint venture and current subsidiary in Japan.[3] Any addendum is due twenty-one (21) days after the additional discovery is provided by Cabot.

## ORDER

For the foregoing reasons, plaintiffs' Motion to Substitute Expert Report is <u>DENIED</u>.

SO ORDERED.

---

[2] This is consistent with Dr. Schwartz's own understanding. In the section of his report entitled "Summary of Opinions," he states as follows: "My work in this matter is continuing and I understand that additional materials and discovery may be forthcoming after submission of this report. Accordingly, I anticipate receiving additional information that I will consider in the course of my analysis and I reserve the right to supplement these opinions, if warranted, based upon my review of additional relevant information."

[3] Plaintiffs' statement that they filed Dr. Schwartz's report in an "abundance of caution" is at odds with their purported belief that the filing deadline had been extended. The "abundantly cautious" approach would have been to file a motion with the court seeking a clarification of the scheduling order (which had been amended at their request).

2

s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE