UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AVX CORPORATION and AVX LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 04-10467-RGS |
| v. | ) ) | |
| CABOT CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT CABOT CORPORATION'S RESPONSE TO PLAINTIFFS' RULE 72(a) OBJECTION TO MEMORANDUM OF DECISION

Defendant Cabot Corporation ("Cabot") submits this response to plaintiffs AVX Corporation and AVX Limited's (collectively, "AVX") Rule 72(a) Objection (AVX's "Objection") to Magistrate Judge Bowler's Memorandum and Order, dated June 18, 2008 (the "Order").[1] The Order granted, in part, Cabot's Motion to Strike AVX's Further Supplemental Responses to Cabot's First Set of Interrogatories.

Magistrate Judge Bowler found, and AVX does not dispute, (1) that AVX's Rule 26 Initial Disclosures setting forth AVX's calculation of damages were due no later than May 1, *2006*, and (2) that Cabot propounded an interrogatory that required AVX to detail its calculation of damages in December, *2006*. During the fact discovery period, Cabot took a Rule 30(b)(6) deposition of AVX on the subject of damages. AVX's designated witness testified that all work relating to the

---

[1] The Advisory Committee Note (1983) to Fed. Civ. P. 72(a) states: "[A] party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling."

calculation of damages was being done by AVX's expert. Fact discovery closed. AVX's expert then served his report. It was silent on the subject of damages. AVX's expert later testified that he had never been asked to provide a damage analysis. Expert discovery closed. Thereafter, Cabot filed a motion for summary judgment on the ground, *inter alia*, that AVX had failed to articulate any damage claim. Finally, on April 14, **2008**, at the same time that it filed its opposition to Cabot's motion for summary judgment, AVX provided an interrogatory answer that, for the first time, disclosed its calculation of damages. AVX told Cabot for the first time that it was claiming over $100,000,000 in damages.

In her twenty-seven page Memorandum and Order issued on June 18, 2008 (Docket No. 136), Magistrate Judge Bowler ruled that AVX's Supplemental Interrogatory Responses, in their present form, should be stricken on the ground that they were not timely served, and that permitting an untimely response would prejudice Cabot. *See* Order at 16, 19-20. AVX now objects to that Order.

For the reasons stated below, AVX's Objection to the Order should be overruled. The Order is entirely consistent with the Court's own prior rulings in this action, many of which expressly considered, and rejected, the same excuses that AVX presses yet again in its Objection.[2] AVX could have provided its interrogatory answer during the fact discovery period or the expert

---

[2] AVX's Objection is based upon, and accompanied by, affidavits and other evidence that AVX did not provide to the Magistrate Judge before she issued her Order (*e.g.*, the Affidavit of Joseph S.U. Bodoff, filed on June 30, 2008 (Docket No. 141), and the Affidavit of Dr. Steven Schwartz, filed on June 30, 2008 (Docket No. 140)). However, the Court must assess AVX's Objection without regard to these submissions. A Magistrate Judge's rulings must be reviewed on the record that was before the Magistrate Judge. *See* Holmes Prods. Corp. v. Dana Lighting, Inc., 926 F. Supp. 264, 266 (D. Mass. 1996) (In reviewing magistrate judge's decision, the district court "is not permitted to receive further evidence," *quoting* Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992)); Tafas v. Dudas, 530 F. Supp. 2d 786, 796 n.3 (E.D. Va. 2008) ("[A] District Court must assess whether a Magistrate Judge's decision was 'clearly erroneous or contrary to law' only based on the facts actually before the Magistrate Judge."). AVX's reliance on the affidavits that it has now filed, and their absence from the record considered by Judge Bowler, is an unintended acknowledgement of the weakness of AVX's position on the record that was considered by Judge Bowler, and a further ground for overruling AVX's Objection.

discovery period. AVX's failure to provide that answer at a time when Cabot could have conducted responsive discovery and developed a responsive expert opinion was a flagrant violation of the Rules of Civil Procedure. Its grossly late response will severely prejudice Cabot.

### Argument

I.    THE RELEVANT STANDARD OF REVIEW.

In order to prevail on its Objection, AVX must establish that Magistrate Judge Bowler's Order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); D. Mass. Magistrate Rule 2(b). A District Judge should not overturn a Magistrate Judge's factual findings unless the District Judge is left with the "strong, unyielding belief that a mistake has been made." Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (*quoting* Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990)); *see also* Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (same).

Further, Magistrate Judges "are afforded broad discretion in resolving discovery disputes." Reversal is appropriate "only if their discretion is abused." This is a "highly deferential standard of review." Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (*quoting* Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co., No. 01 CV 7677, 2002 WL 31309232, at *1 (S.D.N.Y. Oct. 15, 2002)); *see also* Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 6 (1st Cir. 2005) (stating that "review of … discovery sanctions is only for abuse of discretion") (*quoting* United States v. Soto-Beniquez, 356 F.3d 1, 30 (1st Cir. 2003)).

AVX's Objection ignores this standard of review. None of its arguments challenge the Magistrate Judge's findings, and none even address the abuse of discretion standard.

II.    AVX'S OBJECTION TO THE JUNE 18, 2008 ORDER SHOULD BE OVERRULED
       BECAUSE THE ORDER IS NOT CLEARLY ERRONEOUS, CONTRARY TO LAW,
       OR AN ABUSE OF DISCRETION.

AVX has not met (and cannot meet) its heavy burden of demonstrating that anything in

Magistrate Judge Bowler's June 18, 2008 Order is "clearly erroneous," "contrary to law," or an

"abuse of discretion." *See* Botta, 475 F. Supp. 2d at 185. Rather, the record establishes that all

of her findings are amply supported by the record and her conclusions are well reasoned and

consistent with relevant precedent.

The Magistrate Judge properly determined that, except for any damage calculations based

solely on information that AVX obtained from Cabot in March and April 2008, AVX's

Supplemental Interrogatory Responses were untimely under Fed. R. Civ. P. 26(a). Order at 12-

13.  Magistrate Judge Bowler correctly noted that "Rule 26(a)(1)(A)(iii) provides that 'a party

must, without awaiting a discovery request, provide to the other parties ... a computation of each

category of damages claimed by the disclosing party.'"  *Id.*  She further observed that "[t]he

deadline for [AVX's] Rule 26(a)(1)(A) disclosures expired no later than 120 days after

December 15, 2005."[3] *Id.* at 12.

Judge Bowler found that Cabot's relevant interrogatory was served in December, 2006.

*Id.* at 9.  The Magistrate Judge found that AVX did not provide a substantive interrogatory answer

and "did not disclose a Rule 26(a) computation of damages [to Cabot] until April 14, 2008,"

which was (a) over *two years* after the deadline for making initial disclosures; (b) over *sixteen*

*months* after Cabot propounded its relevant interrogatory for that information in discovery; (c)

over *four months* after the final December 15, 2007 deadline for the completion of fact discovery;

---

[3]  AVX and Cabot's Joint Statement of Proposed Pre-Trial Schedule (Docket No. 25), which was approved by the
Court on December 7, 2005, actually provides that "[t]he parties will exchange the required initial disclosure
information by December 31, 2005." *Id.* at 4.  AVX's Initial Disclosures with respect to damages stated only that
"AVX has not yet completed its damages calculation but will seasonably supplement these disclosures."

(d) over *six weeks* after the deadline for the completion of all expert discovery; and (e) only after

both parties had filed dispositive motions. *Id.* at 15. These findings are not merely supported by

the record, they are undisputed.

Magistrate Judge Bowler correctly held that AVX's Supplemental Interrogatory Responses

were untimely. Order at 16-17. She properly noted that "Rule 26(e) requires AVX to supplement

an initial disclosure under Rule 26(a) 'in a timely manner if [AVX] learns' that the disclosure is

incomplete or incorrect." *Id.* at 15. She correctly ruled that the same obligation applies with

respect to interrogatory responses that are later found to be "incomplete or incorrect." *Id.* at 15-

16. Judge Bowler determined that "[s]upplementing [its] computation of damages or providing

the calculation for the first time after the close of fact and expert discovery and after Cabot's

expert had noted the deficiency is not timely." *Id.* at 15. She said that

> AVX could have responded in a timely manner to [Cabot's]
> damages interrogatory and could have made a computation of
> damages as required under Rule 26(a)(1)(A) prior to the close of
> discovery with the information AVX had at the time.

*Id.* at 20.

Magistrate Judge Bowler was clearly correct. AVX now admits that it could have

provided seasonable Rule 26 disclosures and interrogatory answers when they were due under the

Rules. AVX Objection at 13. The measure of damages, AVX asserts, is the difference between

what AVX paid Cabot under the parties' five-year Supply Agreement and the actual market price

of tantalum products during that five-year contract period (2001-2005). *Id.* at 5, 12. As of the

end of 2005, AVX knew all of the facts that allegedly support its damage claim. The Supply

Agreement expired by its terms on December 31, 2005. AVX knew the prices that it paid under

that contract. AVX also knew what it says were the market prices for tantalum products during

the relevant period. AVX's Rule 30(b)(6) witness testified that AVX monitored the market price

for tantalum products on an ongoing basis. *See id.* at 14. AVX's belated interrogatory answer merely subtracts one (the contract price) from the other (the "market price").

The Magistrate Judge also found that AVX's failure to provide a damage calculation based on the information it possessed prior to the close of discovery was prejudicial to Cabot. June 18, 2008 Order at 19-20. The claim, as articulated for the first time after the close of all discovery, totals in excess of $100,000,000. She stated,

> [t]he late disclosure after the close of discovery leaves Cabot without the means to explore and challenge the basis of [AVX's] recent calculations. Both fact and expert discovery are closed thereby leaving Cabot in the prejudicial position of having to defend against the calculations without the opportunity to explore and challenge the basis for the calculations. Moreover, the Advisory Committee Notes to the 1993 Amendments to Rule 37(c) "suggest a fairly limited concept of 'harmless.'" The circumstances of this case do not fall within the scope of that limited concept.

*Id.* at 20 (citation omitted).

This finding is the same as this Court's determination when it denied AVX's February 8, 2008 Motion for Leave to Submit Substitute Expert Report addressing the issue of damages (Docket No. 97). The Court denied that motion on the ground, in part, that "grant[ing] plaintiffs' request would be highly prejudicial to Cabot." Order on Plaintiffs' Motion for Leave to File Substitute Expert Report, dated February 21, 2008 (Docket No. 104) (the "February 21, 2008 Order") at 2.

The Magistrate Judge properly applied the provisions of Fed. R. Civ. P. 37(c). She correctly noted that "the 1993 amendments to Rule 37(c)(1) gave teeth to a significantly broadened duty to comply with case management orders." She accurately observed that, since the 1993 amendments, the First Circuit repeatedly has held that the "required sanction in the ordinary case is mandatory preclusion." Order at 20-21 (*citing, inter alia,* <u>Primus v. U.S.</u>, 389 F.3d 231 (1ˢᵗ

Cir. 2004)) (quotations omitted). She correctly described AVX's reliance on older, contrary case

law that interpreted Fed. R. Civ. P. 37(c) prior to the 1993 amendment, including <u>Johnson v.</u>

<u>H.K. Webster</u>, 775 F.2d 1 (1ˢᵗ Cir. 1985), as "misplaced." *Id.* at 25. She noted that the First

Circuit specifically warned litigants against relying on the out-dated holding in <u>H.K. Webster</u>.[4]

<u>See</u> <u>Klonoski v. Mahlab</u>, 156 F.3d 255, 269 n.5 (1ˢᵗ Cir. 1998). Consistent with controlling legal

precedent, the Magistrate Judge "carefully balance[d] 'fairness to the parties with the need to

manage crowded dockets'" (quoting <u>Macauley v. Anas</u>, 321 F.3d 45, 51 (1ˢᵗ Cir. 2003)) and

concluded that, in the circumstances, it was appropriate to "strike [AVX's] supplemental answer

except for the portion that relies on information recently produced by Cabot." *Id.* at 22, 26.

 This ruling was not based on an error of law and it was not an abuse of discretion. AVX

simply failed to comply with its disclosure obligations under both Fed. R. Civ. P. 26(a) and 26(e),

its obligation to provide a timely and responsive interrogatory answer, and its obligation to

provide meaningful responses at the deposition of its Rule 30(b)(6) witness. The First Circuit has

held that, in normal circumstances, the "required sanction" for misconduct of this type is

"mandatory preclusion" of the information that was withheld. <u>Klonoski</u>, 156 F.3d at 269. The

Magistrate Judge imposed the "required sanction," but tempered her ruling by also permitting

AVX to seek leave to submit a revised damage calculation "based only on the information recently

obtained from Cabot in March and April 2008." Order at 27. It bears noting that another month

has passed since Magistrate Judge Bowler's ruling. AVX has neither requested such leave nor

provided a proposed revised interrogatory answer.

---

[4] In these circumstances, it is remarkable that, in its Objection, AVX cites and quotes the *same language* in <u>H.K.</u> <u>Webster</u>. *Compare* Opposition to Motion of Cabot Corporation to Strike AVX's Supplemental Answers to Interrogatories, dated May 7, 2008 (Docket No. 125), at 10, to AVX Objection at 16-17 and 19. AVX's continued reliance on that out-dated decision bespeaks the weakness of its position.

The fact that other courts in other fact situations have exercised their discretion to impose different sanctions (*see* AVX Objection at 20-21) does not establish that Magistrate Judge Bowler committed an error of law or that her ruling was an abuse of her "broad discretion" to resolve discovery disputes within the parameters established by the Federal Rules of Civil Procedure. Botta, 475 F. Supp. 2d at 185. Accordingly, the Court should overrule AVX's Objection to Magistrate Judge Bowler's June 18, 2008 Order.

III.    AVX'S OBJECTION TO THE JUNE 18, 2008 ORDER SHOULD BE OVERRULED BECAUSE AVX'S FAILURE TO COMPLY WITH ITS DISCLOSURE OBLIGATIONS WAS NOT SUBSTANTIALLY JUSTIFIED, ITS "CONFUSION" EXCUSE ALREADY HAS BEEN REJECTED BY THE COURT AND IS IMPLAUSIBLE, AND AVX'S OBJECTION IS FUTILE.

AVX argues that Magistrate Judge Bowler erred by failing to find that AVX's violations of its disclosure obligations to Cabot were "substantially justified." AVX states that it believed that the Court's November 7, 2007 Electronic Order denying AVX's request for a status conference and directing that "outstanding discovery must be completed by December 15, 2007," implicitly extended the deadline for AVX to submit expert reports by at least 30 days. AVX Objection at 17-18.

The Magistrate Judge correctly dismissed AVX's "confusion" excuse as "not well taken." Order at 19. An order extending one deadline does not ordinarily, or automatically, extend some other unmentioned deadline. This Court rejected the same excuse in its February 21, 2008 Order denying AVX's Motion for Leave to Submit a Substitute Expert Report and characterized the Motion as "AVX's latest effort ... to circumvent the discovery schedule ordered

by the Court."[5] February 21, 2008 Order at 1-2.    Indeed, AVX has asserted the same "confusion" excuse on at least three prior occasions in this litigation, and each time it has been rejected by the Court. *See* AVX's Motion to Amend Scheduling Order to Allow Expert Discovery Consistent With This Court's Order of November 14, 2007 (*sic*) and to Allow for Resolution of Outstanding Discovery Disputes, dated December 7, 2007 (Docket No. 81) at ¶¶ 10-11 (denied by the Court on January 17, 2008); AVX's Motion For Leave to Submit Substitute Expert Report, dated February 8, 2008 (Docket No. 97) at ¶¶ 2-7 (denied by the Court on February 21, 2008); AVX's Opposition to Motion of Cabot Corporation to Strike AVX's Supplemental Answers to Interrogatories, dated May 7, 2008 (Docket No. 125) at 4-5 (allowed by the Magistrate Judge in her June 18, 2008 Order).

Moreover, AVX's alleged confusion does not explain AVX's conduct.    It is irrelevant whether AVX thought that the deadline for expert reports was December 15, 2007 or January 15, 2008. AVX's expert testified on February 19, 2008 that he was not asked, *at any time*, to address the subject of damages.    Deposition of Dr. Steven Schwartz, dated February 19, 2008, pp. 201-202 (Docket No. 124-5).

AVX makes the remarkable response that it asked its predecessor expert, Dr. Lauren Stiroh, for a damage analysis prior to February 20, 2007, and that "through no fault of AVX's counsel, the message may not have been passed on to" AVX's successor expert, Dr. Steven Schwartz.    AVX Objection at 12.    In order to credit this statement, the Court would have to conclude that from the time that Dr. Schwartz was inserted as a substitute expert (on October 18,

---

[5]    The Court expressly rejected AVX's "confusion" excuse in its February 21, 2008 Order on the ground that,

> Plaintiffs' statement that they filed Dr. Schwartz's report [dated December 15, 2007] in an "abundance of caution" is at odds with their purported belief that the deadline had been extended. The "abundantly cautious" approach would have been to file a motion with the court seeking a clarification of the scheduling order (which had been amended at their request).

February 21, 2008 Order at 2 n.3.

2007) until the time of his deposition on February 19, 2008: (1) AVX's counsel never bothered to ask Dr. Schwartz about the progress of his damage analysis, and (2) that when AVX's counsel read drafts of Dr. Schwartz's actual expert report, they never noticed the absence of a damage analysis or spoke to Dr. Schwartz about it.

Finally, AVX's Objection should be denied because the filing of an interrogatory answer of the type which AVX now proposes would be futile. AVX's belatedly-stated damage theory is erroneous as a matter of law. AVX states (AVX Objection at 5, 12) that the measure of its damages is the difference between (1) the price under the AVX/Cabot Supply Agreement and (2) the fair market price for *flake and non-flake products* over the term of the AVX/Cabot Supply Agreement. Thus, AVX is again asserting that Cabot's insistence on a binding multi-year contract for all products was a tying violation. As demonstrated in Cabot's memoranda in support of its Motion For Summary Judgment, a defendant's assertion, in a time of short supply, that it will allocate product to those customers who are willing to enter binding multi-year contracts does not violate the antitrust laws. A seller does not violate the antitrust laws by "tying" the sale of a product -- *e.g.*, flake powder -- in one year to the sale of the same product -- *e.g.*, flake powder -- in the next following year.

## Conclusion

For the reasons set forth above, Cabot respectfully requests that this Court overrule AVX's

Objection to Magistrate Judge Bowler's June 18, 2008 Order.

CABOT CORPORATION

By its attorneys,

/s/ Brian A. Davis
Robert S. Frank, Jr. (BBO No. 177240)
    (rfrank@choate.com)
Brian A. Davis (BBO No. 546462)
    (bad@choate.com)
Julie C. Rising (BBO No. 666950)
    (jrising@choate.com)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000
Fax:  617-248-4000

Date:  July 15, 2008

4350357v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on July 15, 2008.

/s/ Julie C. Rising
Julie C. Rising

4350357v1