# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVX CORPORATION <br> and AVX LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> CABOT CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-10467-RGS <br> ) <br> ) *Leave to file granted on _____, 2008* <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY BRIEF IN SUPPORT OF OBJECTION
OF AVX CORPORATION AND AVX LIMITED TO
<u>MEMORANDUM AND ORDER OF MAGISTRATE BOWLER</u>**

In her decision striking the supplemental answer to interrogatories on the damage issue, Magistrate Bowler has effectively foreclosed AVX Corporation and AVX Limited ("AVX") from recovery in this case. Cabot Corporation ("Cabot") takes the position that the decision was not clearly erroneous and not contrary to law and that, as such, it must be sustained. Cabot is wrong. As more fully set forth in AVX's initial brief and as reiterated herein, Magistrate Bowler made a number of errors in her decision, which were ignored in Cabot's response to AVX's objection.

A. *The Decision Is Clearly Erroneous*

Where a decision of a magistrate is not dispositive, the decision is subject to the clearly erroneous standard of review. Application of that standard, however, does not mean, as Cabot would have this Court believe, that the magistrate's decision must be upheld simply if there is evidence to support it. The Supreme Court instructs that "[a] finding is 'clearly erroneous' when

{00028232.1}

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746, 766 (1948). *Accord*, *Benedict v. Zimmer, Inc.*, 232 F.R.D. 305 (N.D. Iowa 2005); *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418 (C.D. Cal. 1999); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100 (E.D.N.Y. 2004); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1 (D.R.I. 2004).

Nor does the fact that this was a discovery motion change the standard. While there are courts that have held that in discovery matters the Court should apply an "abuse of discretion" standard, such a standard appears nowhere in either the Magistrates Act or Rule 72 of the Federal Rules of Civil Procedure and is inconsistent with the statutory language. *DelCampo v. American Corrective Counseling Services*, 2007 U.S. Dist. LEXIS 12387 (N.D. Cal. Feb. 8, 2007).

Somewhat puzzling in Cabot's opposition is its statement on page 3 that "[n]one of [AVX's] arguments challenge the Magistrate Judge's findings." This statement is patently incorrect. In its brief, AVX pointed out a number of errors in the decision, all of which Cabot ignored. As a result, its entire argument fails. A discussion of the more prominent errors follows.[1]

1. *Magistrate Bowler Erred in Concluding that AVX Had Not Previously Engaged Its Expert to Calculate Damages*

Magistrate Bowler relied on two facts in concluding that AVX did not intend to have its expert calculate damages.[2] She pointed to Dr. Steven Schwartz's deposition testimony that he

---

[1] The discussion in this reply brief is not intended to limit the arguments made by AVX in its initial brief.

[2] Magistrate Bowler appears to have based her conclusion that AVX violated Rule 26 because its expert did not include a damage calculation in his report. In essence, because AVX ultimately was backed into the position of having to submit its damage evidence through non-expert testimony, the argument is that it should have disclosed the calculation earlier. In its opposition, Cabot does not argue with AVX's contention that but for the failure to include the damage analysis in the expert report there would be no Rule 26 violation. Magistrate Bowler's

2

had not been previously asked to calculate damages. She also pointed to AVX's response to Cabot's statement of material facts in support of its summary judgment motion.[3] In making that decision, she ignored the facts that Dr. Stiroh had already submitted an affidavit in this case stating that she would be calculating damages and that Peter Collis testified before the expert report was due that AVX had not calculated damages because it was relying on Dr. Schwartz to do so.[4] She also ignored the fact that Dr. Schwartz was the successor to Dr. Stiroh (as a result of Dr. Stiroh needing to withdraw from the assignment)[5] and failed to consider the possibility that the failure of Dr. Schwartz to know that he was supposed to calculate damages did not mean that AVX had not asked his predecessor at NERA[6] to do so.

### 2. *Magistrate Bowler Erred in Inferring That AVX Did Not Believe That the Expert Report Deadline Was December 17, 2008*

Magistrate Bowler inferred that AVX's counsel did not believe that the expert report was due at the same time fact discovery closed. In making this inference, she did not make an independent determination, but instead relied on this Court's footnote 3 to its order denying AVX's motion to submit a substitute expert report. That footnote simply questioned counsel's statement that it had proceeded under an abundance of caution in submitting its expert's report

---

conclusion that such failure was a violation was either clearly erroneous or contrary to law. AVX relies on the arguments made in its initial brief with regard to this point.

[3] Magistrate Bowler stated at pages 8 and 9 of her opinion:
> [AVX's expert, Steven Schwartz] testified that he had consulted with AVX's counsel "on some issues involving damages questions" but had not been asked to issue an opinion. … AVX likewise acknowledges that "Schwartz is not offering any opinions in this case as to the amounts of damages suffered by AVX in this case."

[4] Both of these facts were of record in this case at the time Magistrate Bowler made her decision. To that extent, this Court need not rely on the Affidavit of Joseph S.U. Bodoff in concluding that Magistrate Bowler committed error. With limited exception, that affidavit aggregates matters already of record or puts in affidavit form assertions made by counsel in their briefs.

[5] While this fact is mentioned in the opinion it nowhere appears in Magistrate Bowler's analysis.

[6] Both Dr. Stiroh and Dr. Schwartz are employed at National Economic Research Associates.

3

by the December 17th deadline. This Court noted that the cautious thing to do would have been to file a motion for clarification. It did not conclude that counsel actually believed that the expert report deadline was December 17th.

The position taken by counsel throughout has been that it was mistaken about the effect of this Court's order extending the fact discovery deadline, the details of which will not be repeated here. Suffice it to say that the record is uncontradicted that on December 5, 2007 – at the conclusion of the deposition of Peter Collis, where he testified that the expert would be calculating damages – AVX's counsel spoke to Cabot's counsel to confirm his understanding of the deadline and that AVX's counsel learned for the first time that his interpretation may not have been correct. There is nothing in the record to suggest that prior to that time counsel believed otherwise.[7] The fact that counsel was able, with the cooperation of Dr. Schwartz and his associates, to serve a report by December 17th does not detract from those facts nor does it demonstrate that counsel believed that the deadline was on December 17th. It was error for Magistrate Bowler to conclude otherwise.

### 3. *Magistrate Bowler Misconstrued the History of the Litigation*

In fashioning a remedy, Magistrate Bowler referred to the history of the litigation, concluding that "the history of this litigation does not weigh in AVX's favor." Opinion, p. 22. As pointed out in AVX's initial brief, in coming to this conclusion, Magistrate Bowler relies on two misplaced facts – (1) that AVX received multiple extensions to complete discovery, and (2) that AVX sought permission to submit a substitute expert report to include the damage analysis, the denial of which caused AVX to resort to calculating its damages internally. As pointed out in the initial brief, Magistrate Bowler totally ignored the reasons for the discovery extension, which

---

[7] The affidavit of Steven Schwartz PhD corroborates this fact but the affidavit is not necessary to conclude that Magistrate Bowler erred in her determination that counsel did not believe that the report was to be filed later.

4

were based on the failure of Cabot to respond to discovery requests and on the untimely death of Richard Goren's mother.  As stated in AVX's initial brief, Magistrate Bowler's rationale effectively faults AVX for trying to get itself out of the very jam that it is in right now, a result that certainly could not have been intended by the First Circuit when it stated that the Court should view the litigation history in deciding whether to impose sanctions.[8]  *Thibeault v. Square D Company*, *supra* at 246.  Moreover, while she makes reference at the beginning of her opinion to the numerous discovery disputes in this case and the companion case pending in the Suffolk Superior Court, as well as the sanctions imposed upon Cabot in the state court litigation relating to its late disclosure of a new defense, nowhere do those facts appear in her analysis.

### 4. *Magistrate Bowler Erred in Assessing the Prejudice to Cabot*

In her decision, Magistrate Bowler emphasized that the supplemental answers to interrogatories were served after Cabot had filed its motion for summary judgment, suggesting that Cabot was somehow prejudiced by that timing.  Her analysis, however, fails to properly assess what Cabot's summary judgment motion was about.  Leaving aside that the summary judgment motion covered more than the issues impacted by the supplemental interrogatory answers, Cabot's argument on this point simply was that (1) because AVX had not submitted adequate discovery responses on the damages issue it should be precluded from introducing evidence of damages at trial, and (2) without damages the entire antitrust claim fails.  That argument covered three pages of Cabot's 20-page brief.

Because there is plenty of time for Cabot to obtain discovery on damages prior to trial, there is nothing magical about the fact that AVX's supplemental answers to interrogatories were

---

[8] Certainly, Magistrate Bowler could not be saying that if AVX had not filed its motion to submit a substitute expert report she would have been more inclined to deny the motion to strike the supplemental interrogatories.

served with AVX's opposition to Cabot's summary judgment motion.[9] As pointed out in the initial brief, in the three months that have passed since AVX served its supplemental answers to interrogatories all of the discovery that Cabot might have needed could have been completed. *Compare Thibeault v. Square D. Company*, 960 F. 2d 239 (1st Cir. 1992) (expert identified only four days before trial); *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1 (1st Cir. 1985) (expert identified only one week before trial).

Because each of these errors is key to the Magistrate's decision, the conclusion cannot be escaped, to use the words of the Supreme Court, that "a mistake has been committed."

### *B. Rulings by This Court Upon Which the Decision Was Based May Be Reconsidered*

In her decision, Magistrate Bowler relied, either explicitly or implicitly, on decisions by this Court that are interlocutory and, as such, still subject to reconsideration or further review by this Court or the Court of Appeals. AVX will not repeat the arguments made in prior pleadings, but notes that these decisions include (1) the extension of the fact discovery deadline without also extending the expert report deadline, (2) requiring that AVX submit its expert report on the date that fact discovery closed while permitting Cabot to submit its report a month later, (3) refusing to allow AVX an extension to submit its expert report when it became apparent that counsel for AVX had misinterpreted this Court's *sua sponte* order extending discovery, and (4) refusing AVX's request to submit a substitute expert report. Because these decisions are interlocutory, even if this Court were to conclude (which it should not) that Magistrate Bowler's decision was not clearly erroneous, it could still decide to sustain AVX's objection if it were to

---

[9] To the extent that Cabot incurred additional attorneys' fees in preparing that three-page section of its summary judgment brief, a conceivable sanction (if one were to be imposed at all) would be to compensate Cabot for these additional costs, not to preclude the evidence altogether.

conclude that Magistrate Bowler's decision is based on a ruling or statement that this Court that, upon reflection, deems appropriate to clarify or reconsider.

### C. *This Court May Review the Decision De Novo*

While a review of the decision demonstrates that mistakes were made, should this Court conclude that the decision was not clearly erroneous, it should nevertheless sustain AVX's objection under the *de novo* standard of review, which is applicable to dispositive motions.

While Magistrate Bowler's decision does not, on its face, result in the dismissal of AVX's case, it may, in fact, have achieved that result. In its motion for summary judgment, Cabot has argued that Magistrate Bowler's order makes it impossible for AVX to prove damages[10] and that without that ability AVX's entire antitrust case falls. AVX has argued that it still has an antitrust claim, although its damages might be limited to $3.00[11] and the recovery of counsel fees. In either case, barring AVX from putting on evidence of its compensatory damages – estimated at $100 million – is functionally the equivalent of a dismissal of its case.

28 U.S.C. § 636 (b)(1)(A) lists those motions that are deemed dispositive and, therefore, subject to *de novo* review. While discovery motions are not on the list, the First Circuit has made it clear that that list is not exhaustive.

> This "enumeration informs the classification of other motions as dispositive or nondispositive," although the court recognizes that "this does not mean . . . that dispositive motions are those excepted motions specifically enumerated in section 636(b)(1)(A), and no others."

---

[10] Magistrate Bowler's order permits AVX to seek leave to submit supplemental responses based on discovery obtained in March and April 2008. Those discovery responses were necessary in order for AVX to complete its damage analysis, either by adding to the information that AVX already had or by confirming that its information was complete. As it turned out, the discovery responses fell into the latter category, making the carve-out from the order meaningless.

[11] $1.00 trebled.

7

*Phinney v. Wentworth Douglas Hospital*, 199 F.3d 1, 5-6 (1st Cir. 1999). *Accord*, *Office of the Child Advocate v. Lindgren*, 296 F. Supp. 2d 178 (D.R.I. 2004). There is a good reason for this. Because the U.S. Constitution requires that Article III judges exercise final decisionmaking authority, those decisions that have the effect of finally deciding a case cannot be made by magistrates, who are not Article III judges. *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982); *United States v. Raddatz*, 447 U.S. 667, 100 S. Ct. 2406, 65 L. Ed. 424 (1980); *Ocelot Oil Corporation v. Sparrow Industries*, 847 F.2d 1458 (10th Cir. 1988).

Not all discovery motions are nondispositive motions subject to the clearly erronerous standard of review. Discovery orders that have the effect of dismissing an action, for example, are subject to *de novo* review. *Ocelot Oil Corporation v. Sparrow Industries*, *supra*. According to the Tenth Circuit in *Ocelot Oil*:

> The striking of Ocelot's pleadings with prejudice means that Ocelot can no longer sue the Browns. This sanction has the effect of dismissing Ocelot's action, contrary to Ocelot's wishes, and operates as res judicata. We conclude that the order constitutes the involuntary dismissal of Ocelot's action within *section 636(b)(1)(A)*, and is thus beyond the power of a magistrate to order. *See Zises v. Department of Social Services, 112 F.R.D. 223, 226 (E.D.N.Y. 1986)*. The fact that the striking of the pleadings was ordered as a discovery sanction does not change its effect. See 7 J. Moore, Moore's Federal Practice para. 72.04 [2.-4] at 72-51 (1987) ("Sanctions may be either dispositive or non-dispositive, and hence the treatment of them by the magistrate and the district judge varies with the severity of the penalty being considered.").
>
> We find support for our reading of subsection (A) in *Rule 72 of the Federal Rules of Civil Procedure*. *Rule 72* specifies the procedures to be used by magistrates with regard to pretrial matters. The Rule reflects the division in section 636(b) between matters as to which magistrates may issue orders and matters as to which magistrates may make only proposed findings of fact and recommendations. Significantly, the Rule does not list the specific motions which fall into each category, but simply refers to matters as either "dispositive" or "not dispositive" of a claim or defense. *Fed. R. Civ. P. 72*. As to any dispositive matter, magistrate authority is limited and the district court must use the de novo standard of review. *Id.* 72(b). The notes to *Rule 72* explicitly tie the two

8

>   categories used in *Rule 72* to referrals under either subsection (A) or subsection
>   (B) of *section 636*.  See *Fed. R. Civ. P. 72* advisory committee note.  Because
>   Rule 72 became law subsequent to the relevant amendment to section 636, we
>   read the notes as confirming our interpretation of the section: motions not
>   designated on their face as one of those excepted in subsection (A) are
>   nevertheless to be treated as such a motion when they have an identical effect.
>   See *Zises*, *112 F.R.D. at 226*.

*Id.* at 1462.  *Accord*, *Yang v. Brown University*, 149 F.R.D. 440 (D.R.I. 1993).

The *de novo* review standard requires the district court judge not just to re-examine the magistrate's decision, but to render an independent adjudication.

>   When conducting a de novo review, the district court "may accept, reject, or
>   modify the recommended decision, receive further evidence, or recommit the
>   matter to the magistrate judge with instructions." *Fed. R. Civ. P. 72(b)*; see also
>   *28 U.S.C. § 636(b)(1)*.  The district court must actually review and weigh the
>   evidence presented to the magistrate judge, and not merely rely on the magistrate
>   judge's report and recommendation.  …  The discretion that Article III requires
>   regarding dispositive matters allows the district judge to decide the issues in any
>   way he or she deems proper and to reject or pay no attention to the magistrate
>   judge's findings. Wright, et al., supra, § 3070.2, at 378.

*Office of the Child Advocate v. Lindgren*, *supra* at 183.  In undertaking a *de novo* review, the district court judge is free to take additional evidence.  *Freeman v. County of Bexar*, 142 F.3d 848 (5th Cir. 1998); *Lyons v. Commissioner of Social Security*, 351 F. Supp. 2d 659 (E.D. Mich. 2004).

Upon review of the entire record, this Court must rule that the order striking the supplemental answers to interrogatories cannot stand.

Respectfully submitted,

AVX CORPORATION
and AVX LIMITED

By their attorneys,


 */s/ Joseph S.U. Bodoff*
Joseph S.U. Bodoff (BBO # 549116)
Richard A. Goren (BBO # 203700)
Ryan D. Sullivan (BBO # 660696)
Bodoff & Associates, P.C.
225 Friend Street
Boston, MA  02114-1812
(617) 742-7300

Dated: _____, 2008