UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10467-RGS

AVX CORPORATION and AVX LIMITED

v.

CABOT CORPORATION

ORDER FOR FURTHER BRIEFING
ON ISSUE OF DAMAGES

September 12, 2008

STEARNS, D.J.

In order to prevail on the tying claim against defendant Cabot Corporation, plaintiffs AVX Corporation and AVX Limited (AVX) must prove that they have suffered "injury in business or property by reason of anything forbidden in the antitrust laws." Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors, 850 F.2d 803, 816 (1st Cir. 1988) (damages allegedly suffered by a real estate broker because of real estate boards' policy of not allowing nonmembers to use boards' multiple listing services were too speculative to support an award). The First Circuit has held that

> it is proper to indulge private antitrust plaintiffs only to the extent that there is evidence on the record from which a trier of fact could make a "just and reasonable inference" regarding the amount of damages. If the plaintiff's proffered evidence permits no more than "pure speculation and guesswork," then the damage evidence is insufficient as a matter of law.

Id., quoting Home Placement Serv., Inc. v. Providence Journal Co., 819 F.2d 1199, 1205 (1st Cir. 1987).

Cabot argued in its summary judgment motion that plaintiffs cannot prove that they suffered actual injury as a result of Cabot's purported antitrust violations. In light of

Magistrate Judge Bowler's Memorandum and Order striking AVX's untimely supplemental interrogatory response, and this court's Order overruling AVX's objection to Magistrate Judge Bowler's Order, it appears that plaintiffs may be unable to prove any "injury in business or property."  See AVX Corp. v. Cabot Corp., 2008 WL 2944683 (D. Mass. August 1, 2008).  The court invites the parties, within fourteen (14) days of the date of this Order, to submit further briefing on the issue, if they believe that it would assist the court in deciding summary judgment.

        SO ORDERED.

        s/ Richard G. Stearns
        _____
        UNITED STATES DISTRICT JUDGE